WILMER CUTLER PICKERING
  HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
950 Page Mill Road
Palo Alto, California 94304
Telephone:   (650) 858-6000
Facsimile:    (650) 858-6100

OMAR A. KHAN (*pro hac vice*)
Omar.Khan@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:   (212) 230-8800
Facsimile:    (212) 230 8888

JOSEPH TAYLOR GOOCH (SBN 294282)
Taylor.Gooch@wilmerhale.com
JOSHUA D. FURMAN (SBN 312641)
Josh.Furman@wilmerhale.com
1 Front Street, Suite 3500
San Francisco, California 94111
Telephone:   (628) 235-1000
Facsimile:    (628) 235-1001

Attorneys for Defendant
*IONpath, Inc*.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| FLUIDIGM CORPORATION, A DELAWARE CORPORATION; AND FLUIDIGM CANADA INC., A FOREIGN CORPORATION,<br><br>                  Plaintiffs,<br><br>  v.<br><br>IONPATH, INC., A DELAWARE CORPORATION,<br><br>                  Defendant. | Case No. 3:19-cv-05639-WHA<br><br>**REPLY IN SUPPORT OF DEFENDANT IONPATH, INC.'S PARTIAL MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date:     January 23, 2020<br>Time:    8:00 AM<br>Before:  Judge William Alsup<br>Courtroom:  12 |

# TABLE OF CONTENTS

                                                                                                                                  **Page**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT .........................................................................................................................1

    A. Fluidigm's Claim for Tortious Interference Should be Dismissed ...............................1

        1. Fluidigm Must Allege an Actual Breach of Contract ........................................1

        2. Fluidigm Does Not Allege an Actual Breach of Contract ................................2

    B. Fluidigm's Claims for Indirect Infringement Should Be Dismissed ............................4

        1. Fluidigm Does Not Adequately Plead Knowledge of the Asserted Patents or Knowledge of Infringement ...............................................................4

            a) Fluidigm Does Not Meaningfully Dispute That There Is No Pre-Suit Knowledge of the '389 and '698 Patents .......................................4

            b) Fluidigm Has Not Adequately Pleaded Knowledge of Infringement For Any of the Three Patents-in-Suit Required For A Claim of Induced or Contributory Infringement ....................................................5

        2. Fluidigm Fails to Plead Facts Supporting A Specific Intent to Induce Required For Induced Infringement ..................................................................6

        3. Fluidigm Fails to Plead Facts Supporting Substantial Non-Infringing Use Required For Contributory Infringement ..........................................................7

    C. Fluidigm's Willfulness Claim Should Be Dismissed ....................................................9

III. CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Adidas Am., Inc. v. Skechers USA, Inc.*,
   No. 3:16-cv-1400-SI, 2017 WL 2543811 (D. Or. June 12, 2017) ........................................... 9

*Advanced Risk Managers, LLC v. Equinox Mgmt. Grp, Inc.*,
   No. 19-cv-03532-DMR, 2019 WL 6716292 (N.D. Cal. Dec. 10, 2019) .................................. 3

*AlterG, Inc. v. Boost Treadmills LLC*,
   388 F. Supp. 3d 1133 (N.D. Cal. 2019) ............................................................................. 1, 2

*Arbmetrics, LLC v. Dexcom Inc.*,
   No. 18-cv-00134-JLS-KSC, ECF No. 47 (S.D. Cal. Feb. 19, 2019) ...................................... 9

*Aurora World, Inc. v. Ty Inc.*,
   No. CV 09-08463 MMM (Ex), 2010 WL 11506546 (C.D. Cal. Aug. 24, 2010) ................ 3, 4

*Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.*,
   No. C 11-04049 JW, 2012 WL 2343163 (N.D. Cal. June 5, 2012) ........................................ 7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) .......................................................................................... 8, 9

*Calsoft Labs, Inc. v. Panchumarthi*,
   No. 19-cv-04398-NC, 2019 WL 5811300 (N.D. Cal. Nov. 7, 2019) ...................................... 1

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015) ............................................................................................................ 4

*Craigslist, Inc. v. Naturemarket, Inc.*,
   No. 4:08-cv-5065-PJH, ECF No. 54 (N.D. Cal. Jan. 28, 2010) .............................................. 2

*Craigslist, Inc. v. Naturemarket, Inc.*,
   694 F. Supp. 2d 1039 (N.D. Cal. 2010) .................................................................................. 2

*Finjan, Inc. v. Cisco Sys. Inc.*,
   No. 17-cv-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ................................... 10

*Finjan, Inc. v. Juniper Networks, Inc.*,
   No. 3:17-cv-05659-WHA, ECF No. 30 (N.D. Cal. Feb. 14, 2018) ......................................... 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) .......................................................................................................... 10

*Hitachi Kokusai Elec. Inc. v. ASM Int'l, N.V.*,
   No. 17-cv-06880-BLF, 2018 WL 3537166 (N.D. Cal. July 23, 2018) ............................... 6, 8

*HZNP Medicines LLC v. Actavis Labs. UT, Inc.*,
  940 F.3d 680 (Fed. Cir. 2019) ..................................................................................................7

*Intellectual Ventures I LLC v. Bank of Am., Corp.*,
  No. 13-cv-358, 2014 WL 868713 (W.D.N.C. Mar. 5, 2014) .....................................................7

*Memory Integrity, LLC v. Intel Corp.*,
  No. 3:15-cv-00262-SI, 2015 WL 4251026 (D. Or. July 13, 2015) ............................................5

*Nalco Co. v. Chem–Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018) ..................................................................................................8

*Nanosys, Inc. v. QD Vision, Inc.*,
  No. 16-cv-01957-YGR, 2016 WL 4943006 (N.D. Cal. Sept. 16, 2016) .............................5, 6, 7

*NetFuel, Inc. v. Cisco Sys. Inc.*,
  No. 5:18-cv-02352-EJD, 2018 WL 4510737 (N.D. Cal. Sept. 18, 2018) ..................................9

*RealPage, Inc. v. Yardi Sys., Inc.*,
  852 F. Supp. 2d 1215 (C.D. Cal. 2012) .................................................................................1, 2

*Software Research, Inc. v. Dynatrace LLC*,
  316 F. Supp. 3d 1112 (N.D. Cal. 2018) .....................................................................................8

*Straight Path IP Grp., Inc. v. Apple Inc.*,
  No. C 16-03582 WHA, 2016 WL 8729942 (N.D. Cal. Oct. 21, 2016) ...............................4, 10

*Straight Path IP Grp., Inc. v. Apple Inc.*,
  No. C 16-03582 WHA, 2017 WL 3967864 (N.D. Cal. Sept. 9, 2017) ....................................10

*Swingless Golf Club Corp. v. Taylor*,
  No. C 08-05574-WHA, 2009 WL 2031768 (N.D. Cal. July 7, 2009) ...................................3, 4

*Symantec Corp. v. Veeam Software Corp.*,
  No. C 12-00700 SI, 2012 WL 1965832 (N.D. Cal. May 31, 2012) ...........................................5

*Uniloc USA, Inc. v. Apple Inc.*,
  No. C 18-00359 WHA, 2018 WL 2047553 (N.D. Cal. May 2, 2018) .......................................6

*Unisone Strategic IP, Inc. v. Life Techs. Corp.*,
  No. 13-cv-1278, 2013 WL 5729487 (S.D. Cal. Oct. 22, 2013) .................................................7

**State Cases**

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*,
  50 Cal. 3d 1118 (1990) ..........................................................................................................1, 2

## I. INTRODUCTION

The central shortcoming of Fluidigm's First Amended Complaint ("FAC") is that Fluidigm has failed to plead *facts* that support a plausible inference in support of its legal conclusions. In its opposition, Fluidigm pays lip service to the adequacy of its pleading, while simultaneously asking the Court to help it prop up its anemic allegations with facts that appear nowhere in the pleading itself. Each of Fluidigm's attempts to bolster its FAC—implying breach of the Ts&Cs while making no direct allegation of a third-party breach; limiting indirect infringement to post-suit infringement for the '386 and '698 patents (Opp'n at 6); and referencing events that occurred after the filing of the FAC to support its willfulness claim (Opp'n at 10)—only highlight the central shortcomings of its FAC.[1] The Court should grant IONpath's motion to dismiss in its entirety.

## II. ARGUMENT

### A. Fluidigm's Claim for Tortious Interference Should be Dismissed

#### 1. Fluidigm Must Allege an Actual Breach of Contract

IONpath's opening brief sets forth the requirements for a claim for tortious interference. While Fluidigm agrees on the elements necessary to prove such a claim, Opp'n at 3, Fluidigm essentially denies that it must plead "a valid contract between plaintiff and a third party" and "actual breach or disruption of the contractual relationship." *AlterG, Inc. v. Boost Treadmills LLC*, 388 F. Supp. 3d 1133, 1149 (N.D. Cal. 2019); *see also* Mot. at 5; *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990). The law is clear that Fluidigm must allege an *actual* breach of contract or disruption of contract, including the identity of the contracting parties. *See AlterG*, 388 F. Supp 3d at 1149–50 (plaintiff must identify the vendors, suppliers, or customers whose contracts were interfered with); *RealPage, Inc. v. Yardi Sys., Inc.*, 852 F. Supp. 2d 1215, 1231 (C.D. Cal. 2012) (plaintiff did not allege an "actual breach or actual disruption"); *Calsoft Labs, Inc. v. Panchumarthi*, No. 19-cv-04398-NC, 2019 WL 5811300, at *4–5 (N.D. Cal. Nov. 7, 2019) (dismissing claim for

---

[1] Fluidigm also suggests that IONpath's motion should be denied because IONpath did not seek to dismiss Fluidigm's direct infringement allegations. Opp'n at 1–2. This makes no sense. IONpath is confident that Fluidigm will not be able to prove direct infringement, but this motion is directed to the allegations not adequately *pleaded*.

intentional interference with contractual relations in part because the plaintiff failed to allege the relevant contracting parties). Except for a single passing reference, Fluidigm does not confront any of this authority.

Instead, Fluidigm cites *Craigslist v. Naturemarket* for the proposition that it need not disclose "actual names of its customers." Opp'n at 4. This case does not stand for this proposition. Fluidigm omits critical facts regarding the procedural posture of that case, most notably that the Court in *Craigslist v. Naturemarket* was resolving an unopposed motion for default judgment. *Compare* Opp'n at 3–4 *with Craigslist, Inc. v. Naturemarket, Inc.*, No. 4:08-cv-5065-PJH, ECF No. 54 at ¶ 1 (N.D. Cal. Jan. 28, 2010). As such, the Court was not confronted with and nor did it decide the issue of whether and to what extent the plaintiff needed to identify an actual breach of contract. *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1059 (N.D. Cal. 2010).

### 2. Fluidigm Does Not Allege an Actual Breach of Contract

As explained more fully in IONpath's opening brief (Mot. at 5–7) and as in both *AlterG* and *RealPage*, Fluidigm has not alleged an actual breach or disruption of a third-party contract. Fluidigm's intentional interference claim alleges only that IONpath "encourage[d] unauthorized use of Fluidigm's Maxpar antibodies" and "encourage[d] Fluidigm's customers to breach the Ts&Cs . . . through . . . publications, brochures, press releases, and direct contact." FAC, ¶¶ 93, 95. These statements are neither an allegation of an *actual* or *imminent breach*, nor are they an allegation that a specific contract became "more costly or more burdensome." *Pac. Gas & Elec. Co.*, 50 Cal. 3d at 1129; *see also AlterG*, 388 F. Supp. 3d at 1150 (dismissing tortious interference claim where neither the third parties nor the specific contracts were identified); *RealPage*, 852 F. Supp. 2d at 1231 (dismissing tortuous interference claim where plaintiff had "successfully allege[d]" the existence of a contract, but had not alleged an "actual breach or actual disruption."). This failure to identify any actual breach of contract alone warrants dismissal of the tortious interference claim.

Perhaps recognizing the fundamental shortcoming of its claim as alleged, Fluidigm's opposition points to allegations made elsewhere in its FAC—that IONpath allegedly sold six MIBIscope systems and that IONpath's founders allegedly breached the Ts&Cs in their own use of Fluidigm products—to support its tortious inference claims. Opp'n at 4. But these allegations are

also insufficient. First, Fluidigm's allegation that IONpath sold six MIBIscope systems is irrelevant. FAC, ¶ 88. The FAC does not allege that the purchase of these systems, let alone their use, breaches the Ts&Cs. FAC, ¶¶ 87, 88. As such, their mere sale cannot serve as an "actual breach." Second, the allegation that "[IONpath] and its founders breached the Ts&Cs" is also insufficient as a matter of law. Opp'n at 3–4; FAC, ¶ 73. IONpath and its founders are not third parties and thus their alleged breach cannot, by definition, be interference with a *third party* contract.[2]

Finally, citing to *Swingless Golf Club Corp. v. Taylor*, Fluidigm alleges that it has identified a particular *class* of contracts that have been interfered with and thus need not identify any actual breach of an actual contract. But Fluidigm misapprehends the case's import here. In *Swingless Golf Club*, the Court ruled that, while the plaintiff did not identify specific contracts by name, it did "allege a specific class of existing contracts . . . those existing between plaintiff and its customers for the swingless golf club." No. C 08-05574-WHA, 2009 WL 2031768, at *4 (N.D. Cal. July 7, 2009).[3] It is true that the specific contracts identified in the pleading in *Swingless Golf Club* were identified as a class—but the class was **specific** and **ascertainable**. Here, Fluidigm defines the "class" broadly as contracts with organizations that involve "leading academic, governmental, and private institutions worldwide." Opp'n at 5. This vague description fails to put IONpath on notice of which of Fluidigm's dozens (perhaps hundreds) of contracts are alleged to have been breached. Indeed, the breadth of the description seems to potentially cover Fluidigm's entire customer base—

---

[2]   Fluidigm's attempt to incorporate the *Cell* paper is improper. Opp'n at 3 n.2. A document may not be incorporated into a pleading by its mere mention. *See Advanced Risk Managers, LLC v. Equinox Mgmt. Grp., Inc.*, No. 19-cv-03532-DMR, 2019 WL 6716292, at *3 (N.D. Cal. Dec. 10, 2019) ("[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document."). Here, the *Cell* article was only referenced for the purpose of alleging infringement and not as part of Fluidigm's claim for tortious interference. In any case, Fluidigm does not explain in its opposition, let alone pleading, how—even taking Fluidigm's assertions at face value—the *Cell* paper reflects any *interference by IONpath* that resulted in any breach of any specific contract.

[3]   Subsequent cases have clarified that a specific contract and third party must be pleaded. *See, e.g.*, *Aurora World, Inc. v. Ty Inc.*, No. CV 09-08463 MMM (Ex), 2010 WL 11506546, at *17 (C.D. Cal. Aug. 24, 2010) (holding that the "weight of authority interpreting California law" requires a plaintiff to plead specific contracts and specific third parties).

between academic, governmental and private institutions, what customers are not included? This sort of "lack of specificity in the pleading makes it difficult, if not impossible, for [defendant] to admit or deny the allegation," which is precisely what the pleading standards are intended to avoid. *Aurora World*, 2010 WL 11506546, at *17. Moreover, in *Swingless Golf Club*, there was an allegation of an actual breach of contract when defendant "interfered with and *ended* th[e] agreements." 2009 WL 2031768, at *4 (emphasis added). By contrast, Fluidigm has not alleged that any of its worldwide customers actually breached their Ts&Cs, much less that any such breach was the consequence of any alleged interference by IONpath. In other words, even if Fluidigm had adequately plead a specific class of contracts (it did not), it has not alleged **breach** of any of those contracts resulting from any alleged conduct by IONpath.

### B.     Fluidigm's Claims for Indirect Infringement Should Be Dismissed

#### 1.     Fluidigm Does Not Adequately Plead Knowledge of the Asserted Patents or Knowledge of Infringement

##### a)     Fluidigm Does Not Meaningfully Dispute That There Is No Pre-Suit Knowledge of the '389 and '698 Patents

Fluidigm does not disagree that to sufficiently plead **knowledge** for indirect infringement (both contributory and induced), a plaintiff must plead facts sufficient to establish both "knowledge of the patent in suit **and** knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (emphasis added); Mot. at 7. With respect to the latter, a "claim for induced infringement cannot lie where the accused inducer reasonably reads the patent's claims to exclude the induced conduct, simply because it knew those acts 'might infringe.'" *Straight Path IP Grp., Inc. v. Apple Inc.*, No. C 16-03582 WHA, 2016 WL 8729942, at *2 (N.D. Cal. Oct. 21, 2016).

Fluidigm does not meaningfully dispute that the FAC fails to adequately allege **knowledge of the '389 and '698 patents**, making only diffuse and insufficient allegations of knowledge of **other patents** in Fluidigm's portfolio. *See* Mot. at 7–9. Indeed, Fluidigm's opposition provides no substantive response to IONpath's common-sense proposition that awareness of other patents does not establish knowledge of the patents-in-suit. Instead, Fluidigm merely restates its allegations from the FAC, including the non sequitur that IONpath founders "acted in the capacity of Fluidigm consultants beginning in 2014." Opp'n at 6. The bottom line is that Fluidigm has not pleaded—

and apparently has no facts to suggest that—IONpath knew of these patents before the lawsuit was filed. Allegations of indirect infringement are regularly and rightly limited for this fundamental failing—including in cases cited by Fluidigm itself. *See, e.g.*, *Nanosys, Inc. v. QD Vision, Inc.*, No. 16-cv-01957-YGR, 2016 WL 4943006, at *4 (N.D. Cal. Sept. 16, 2016) (alleged "developments and advances in the field and patent filings" were "insufficient to support an inference" of pre-suit knowledge); *Symantec Corp. v. Veeam Software Corp.*, No. C 12-00700 SI, 2012 WL 1965832, at *4–5 (N.D. Cal. May 31, 2012) (finding a lack of alleged facts supporting pre-suit knowledge). This alone warrants dismissal of the indirect infringement claims for the '389 and '698 patents.[4]

### b) Fluidigm Has Not Adequately Pleaded Knowledge of Infringement For Any of the Three Patents-in-Suit Required For A Claim of Induced or Contributory Infringement

IONpath's opening brief established that there are no ***facts*** whatsoever from which to draw a plausible inference that IONpath has ever had knowledge of ***infringement*** of any of the asserted patents. Mot at 9–10; *see also Memory Integrity, LLC v. Intel Corp.*, No. 3:15-cv-00262-SI, 2015 WL 4251026, at *2 (D. Or. July 13, 2015) ("The defendant may be aware of the patent, but 'if [he] reads the patent's claims differently from the plaintiff, and that reading is reasonable,' then he lacks the scienter required for inducement liability."). In response, Fluidigm's opposition points only to the conclusory language of the FAC regarding intent, *see, e.g.*, Opp'n at 8; FAC, ¶ 113, and reiterates arguments relating to either knowledge of the patents (not knowledge of ***infringement***) or specific intent. But neither establishes knowledge of infringement. Nor do the cases Fluidigm cites regarding knowledge (the *Nanosys* and *Symantec* cases discussed above) address the separate issue of whether the defendants had knowledge ***of infringement*** of the asserted patents, which the Supreme Court in *Commil* expressly identified as an element of induced infringement claims.

Moreover, Fluidigm's attempts to now re-write the FAC in its Opposition are improper. For example, Fluidigm makes factual allegations regarding an IONpath brochure, which Fluidigm

---

[4] The FAC also fails to allege knowledge of the '104 patent prior to a September 2018 letter to IONpath. FAC, ¶ 86. But Fluidigm's indirect infringement allegations in the FAC, ***as drafted***, are not limited to a particular timeframe. Thus, Fluidigm is attempting to assert a claim for indirect infringement extending beyond the time for which it has pleaded knowledge of the '104 patent.

admits are outside the pleading by asking that the "Court could also grant Fluidigm leave to amend to allege IONpath's post-suit infringing conduct with greater specificity." Opp'n at 6 n.4. These allegations are not in the FAC and thus are not relevant under Rule 12. *Nanosys*, 2016 WL 4943006, at *4 n.4 ("To the extent plaintiffs have alleged additional facts in their opposition not contained in the FAC, the Court cannot consider those facts in its decision on a motion to dismiss.").

At bottom, Fluidigm has failed to establish pre-suit knowledge of the '386 and '698 patents and it has also not sufficiently pleaded knowledge of infringement of any of the asserted patents. Thus, the Court should dismiss *both* Fluidigm's pre- and post-suit claims for indirect infringement.

### 2. Fluidigm Fails to Plead Facts Supporting A Specific Intent to Induce Required For Induced Infringement

Lack of knowledge aside, induced infringement for all three patents fails for the additional, independent reason that Fluidigm has failed to adequately plead specific intent. To wit, Fluidigm's opposition serves only to emphasize the conclusory and generic nature of the complaint in its allegations of a specific intent to induce infringement. Fluidigm quotes the FAC, stating that "IONpath knew and/or was willfully blind to the fact that it was inducing others, including customers . . . to infringe one or more claims . . . through sales of the MIBIscope." Opp'n at 8. This misses the mark for at least two critical reasons:

*First*, this is merely a conclusory allegation. Rule 12 requires facts.

*Second*, Fluidigm has failed to identify the culpable, specific intent to encourage infringement. The FAC points to "general instructions" describing the use of IONpath's device. But Fluidigm's Opposition does not even attempt to distinguish the facts in *Uniloc v. Apple*, where this Court dismissed claims of post-suit inducement premised on generic website references and user guides that did "not amount to factual content supporting any reasonable inference that [defendant] possessed either knowledge that the induced acts constitute patent infringement or ***specific intent to encourage*** another's infringement." *Uniloc USA, Inc. v. Apple Inc.*, No. C 18-00359 WHA, 2018 WL 2047553, at *4 (N.D. Cal. May 2, 2018) (internal quotation omitted, emphasis added). And *Uniloc* is no outlier. In *Hitachi*, the court held that "provid[ing] instruction material to customers without more is insufficient to show inducement of infringement." *Hitachi Kokusai Elec. Inc. v. ASM Int'l, N.V.*, No. 17-cv-06880-BLF, 2018 WL 3537166, at *4 (N.D. Cal.

July 23, 2018).  And in *Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.* the court clarified that the "***type*** of evidence required to establish such liability is evidence of culpable conduct, directed to encouraging another's infringement."  No. C 11-04049 JW, 2012 WL 2343163, at *4 (N.D. Cal. June 5, 2012) (emphasis in original, internal quotation marks omitted).  The *Avocet* court concluded that providing "parties with 'instruction' and 'training' in the use of [defendant's] own products" did not constitute "culpable" conduct, granting defendant's motion to dismiss.  *Id.*

In contrast, while the *Nanosys* court found that "specific and tailored" instructions were sufficient to infer specific intent, it did so in view of a detailed customer "presentation."  2016 WL 4943006, at *5–6.  Notably, the *Nanosys* court distinguished that "presentation" from an insufficient allegation that defendant "intentionally designs, manufactures, markets, promotes, sells, services, supports (including technical support), provides updated software, and educates its customers and suppliers about its [] software," in *Unisone Strategic IP, Inc. v. Life Techs. Corp.*, No. 13-cv-1278, 2013 WL 5729487, at *3 (S.D. Cal. Oct. 22, 2013), and from advertisements for an accused product on defendant's website in *Intellectual Ventures I LLC v. Bank of Am., Corp.*, No. 13-cv-358, 2014 WL 868713, at *2 (W.D.N.C. Mar. 5, 2014).

Here, Fluidigm points to IONpath's 2018 advertising brochure, which in the FAC's own words describes the "benefits and advantages of the MIBIscope."  FAC, ¶ 80, 114; Opp'n at 4.  While this brochure describes a workflow, Fluidigm's citation to it—like the advertisements in *Uniloc*, *Hitachi* and *Avocet*, and those distinguished by the court in *Nanosys*—falls short of providing ***facts*** that would support a plausible inference of specific intent to induce infringement.  The general statements in this brochure, and the other referenced documents, simply do not establish "a specific intent to encourage another's infringement of the patent."  *See also HZNP Medicines LLC v. Actavis Labs. UT, Inc.*, 940 F.3d 680, 701 (Fed. Cir. 2019) ("To prove inducement, a plaintiff must present evidence of ***active steps taken to encourage direct infringement***; mere knowledge about a product's characteristics or that it may be put to infringing uses is not enough.").

### 3. Fluidigm Fails to Plead Facts Supporting Substantial Non-Infringing Use Required For Contributory Infringement

In addition to the failure to plead knowledge of the patents or knowledge of infringement the FAC also fails to plead the requisite ***facts*** to support the lack of non-infringing use element of

contributory infringement, which provides a second independent basis for dismissing the contributory infringement claim.  At the very best, as Fluidigm now argues, the FAC alleges that the MIBIscope is a "purpose-built" device and that the "MIBItags" are "developed specifically" for an infringing use.  Opp'n at 9; *see* FAC, ¶¶ 121, 124, 149, 177, 180.  But the (alleged) presence of direct infringement provides no evidence as to the *lack* of other uses.  Most notably, Fluidigm's Opposition now adds the words "sole" and "singular" as modifiers, but ***those words do not appear in the FAC***.  Opp'n at 9.  As the court found in *Hitachi*, Plaintiff cannot "attempt to rewrite the FAC" in its briefing.  *Hitachi*, 2018 WL 3537166, at *5.  Moreover, Fluidigm's opposition goes so far as to quote the conclusory allegations that the MIBIscope and MIBItags "do 'not serve any non-infringing use,'" Opp'n at 9 (quoting FAC, ¶¶ 121, 124, 149, 177, 180), as if the talismanic invocation of the legal standard can be a substitute for an allegation of supporting facts.  It cannot.  *See, e.g.*, *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) ("plaintiff must, among other things, plead ***facts*** that allow an inference") (emphasis added); *Hitachi*, 2018 WL 3537166, at *5 ("a conclusory allegation does not support an inference that the accused products have 'no substantial non-infringing uses.'").

If anything, the cases Fluidigm cites serve only to highlight the shortcomings of the FAC.[5]  In *Nalco Co. v. Chem–Mod, LLC*, plaintiff had alleged a paragraph-long set of facts regarding the lack of a substantial non-infringing use.  883 F.3d 1337, 1357 (Fed. Cir. 2018) (finding a no substantial non-infringing use where the customer "has ***no other use for*** [the accused product] ***except to*** use those additives in the Chem–Mod™ Solution."  (Emphasis added.)).  In *Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 3d 1112, 1136 (N.D. Cal. 2018), the court found sufficient a pleading that was (1) limited to post-filing conduct, and (2) the complaint there alleged that the accused product was "especially made or especially adapted for use in infringement . . . ."

Ultimately, Fluidigm's cherry-picking of the phrase "purpose-built" from IONpath's marketing is insufficient to form the factual basis required for a pleading of contributory infringement.  The phrase does not substantiate the ***scope*** of what the device is capable of

---

[5]   Fluidigm's reliance on *Implicit v. F5* is unrelated to contributory infringement.  Opp'n at 9.  The discussion there compares a "purpose-built" prior art system to a "dynamic" claim element.

performing (as it did in *Software Research*), nor does it exclude other substantial uses. "For purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes ***other than*** infringement." *Bill of Lading*, 681 F.3d at 1338 (emphasis in original).

### C.  Fluidigm's Willfulness Claim Should Be Dismissed

Fluidigm's § 284 plea should be dismissed for at least two reasons. *First*, Fluidigm concedes IONpath's lack of pre-suit (and, with respect to the '104 patent, pre-notice letter) knowledge of the patents, and willfulness arguments cannot properly rely on post-suit knowledge alone. *Second*, the FAC simply lacks allegations of any "egregious" conduct.

Where pre-suit knowledge is not alleged, a finding of willfulness based on post-suit sales alone would effectively create an automatic preliminary injunction regime for plaintiff, regardless of alleged conduct. As the court in *NetFuel, Inc. v. Cisco Sys. Inc.* stated, "[t]he absence of any allegation of pre-filing knowledge of the patents is fatal to [plaintiff's] willful infringement claims." No. 5:18-cv-02352-EJD, 2018 WL 4510737, at *3 (N.D. Cal. Sept. 18, 2018); *Adidas Am., Inc. v. Skechers USA, Inc.*, No. 3:16-cv-1400-SI, 2017 WL 2543811, at *4 (D. Or. June 12, 2017) ("So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."). This Court in *Finjan, Inc. v. Juniper Networks, Inc.* likewise dismissed willfulness claims where "the opposition fail[ed] to identify any factual allegation that Juniper had pre-suit knowledge of the eight patents-in-suit." No. 3:17-cv-05659-WHA, ECF No. 30, at p. 5 (N.D. Cal. Feb. 14, 2018). Similarly, the court in *Arbmetrics, LLC v. Dexcom Inc.* dismissed post-suit willfulness claims, in part because requiring defendant to "cease all allegedly infringing conduct once a complaint is filed in order to avoid a willful infringement claim" would "force defendants that subjectively believe they are not infringing to choose between halting normal business operations as a cautionary measure or face the possibility of a tripled damages award if found guilty of infringement." No. 18-cv-00134-JLS-KSC, ECF No. 47, at p. 7 (S.D. Cal. Feb. 19, 2019).

In contrast, *Straight Path* (upon which Fluidigm's opposition primarily relies) is readily distinguished. *Straight Path IP Grp., Inc. v. Apple Inc.*, No. C 16-03582 WHA, 2017 WL 3967864,

at *4 (N.D. Cal. Sept. 9, 2017).[6] In *Straight Path*, willfulness was premised on prior proceedings involving the asserted patents, including IPRs in which the Patent Office sustained the validity of the asserted patents and also a prior lawsuit between the same parties, which "immersed" Apple in knowledge of the patents and plausibly suggested "that Apple performed some analysis of those patents and came to the same conclusions that form the basis for Straight Path's direct infringement claims now." *Straight Path*, 2016 WL 8729942, at *2–3. There are no such allegations here.

Furthermore, and regardless of knowledge, there are simply no facts alleging "egregious" behavior that would entitle Fluidigm to enhanced damages in view of *Halo*. The **only** allegations Fluidigm points to are IONpath's routine sales. Opp'n at 10–11. These do not permit a plausible inference of *egregious* behavior characteristic of a pirate. *See, e.g.*, *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) (requiring "specific factual allegations about [defendant's] subjective intent, or any other aspects of [defendant's] behavior that would suggest its behavior was 'egregious.'"); *see also Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1936 (2016) ("'willful misconduct' do[es] not mean that a court may award enhanced damages **simply because the evidence shows that the infringer knew about the patent and nothing more**") (Breyer, J. concurring) (emphasis added).

### III. CONCLUSION

For the reasons stated above, IONpath's motion to dismiss should be granted in full. Leave to amend should be denied because the only additional allegations that Fluidigm proffers are, for the reasons *supra*, irrelevant and insufficient as a matter of law to support the relevant claims, making any attempted amendment futile.

---

[6] Fluidigm contends that IONpath quoted *Straight Path* "out of context." Opp'n at 10. *Straight Path* was cited for the proposition that a "one-sentence prayer for willfulness relief" does not meet the pleading standard. Mot. at 12. Fluidigm never says what "context" it believes was omitted.

| | |
|---|---|
| Dated: January 9, 2020 | Respectfully submitted,<br><br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br><br>By: */s/ Sonal N. Mehta*<br>SONAL N. MEHTA (SBN 222086)<br>Sonal.Mehta@wilmerhale.com<br>950 Page Mill Road<br>Palo Alto, California 94304<br>Telephone:   (650) 858-6000<br>Facsimile:    (650) 858-6100<br><br>OMAR A. KHAN (*pro hac vice*)<br>Omar.Khan@wilmerhale.com<br>7 World Trade Center<br>250 Greenwich Street<br>New York, New York 10007<br>Telephone:   (212) 230-8800<br>Facsimile:    (212) 230 8888<br><br>JOSEPH TAYLOR GOOCH (SBN 294282)<br>Taylor.Gooch@wilmerhale.com<br>JOSHUA D. FURMAN (SBN 312641)<br>Josh.Furman@wilmerhale.com<br>1 Front Street, Suite 3500<br>San Francisco, California 94111<br>Telephone:   (628) 235-1000<br>Facsimile:    (628) 235-1001<br><br>Attorneys for Defendant *IONpath, Inc.* |