UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FLUIDIGM CORPORATION, et al.,

    Plaintiffs,

v.

IONPATH, INC.,

    Defendant.

No. C 19-05639 WHA

**CASE MANAGEMENT ORDER NUMBER 1**

After a case management conference, the Court enters the following order pursuant to Rule 16 of the Federal Rules of Civil Procedure and Civil Local Rule 16-10:

1. By **MARCH 5, 2020**, plaintiffs and defendant shall each select and exchange one asserted claim — presumably the strongest case for infringement and strongest case for noninfringement or invalidity, respectively. If plaintiffs wish to withdraw any claim, they must do so by **FEBRUARY 13 AT NOON**. Otherwise, defendant is free to select any asserted claim and it cannot be withdrawn thereafter.

2. A further case management conference shall be held on **MARCH 19 AT 11:00 A.M.**, during which the parties shall present their selected claim. By **MARCH 12 AT NOON**, the parties shall file the joint case management statement according to Civil L.R. 16-10(d). The parties shall then file early motions for summary judgment on their respective claim. The outcome of these motions may (or may

not) warrant an injunction or sanctions, depending on which side prevails. The potential remedies shall be litigated soon after the early motions for summary judgment are decided (depending, of course, on the outcome). In addition to adjudicating the selected claims on their merits and indicating the relative strengths (or weaknesses) of both sides' positions, this procedure will educate the undersigned about the technology at issue. If issues of fact preclude summary judgment, trial on the disputed points will follow soon thereafter. Both sides shall please plan their calendars accordingly.

3. The above described "patent showdown" applies *only* to claims for direct infringement. The remainder of the patents and claims asserted by plaintiff remain part of the case and the parties shall proceed per the Civil Local Rules and the Patent Local Rules, meaning that both sides must continue to provide *all* disclosures under the Patent Local Rules despite the parties' showdown on the two claims. To repeat: the pendency of the showdown *does not* suspend discovery and disclosure obligations for the remainder of the claims for relief.

4. The parties shall complete their initial disclosures for *all* claims by **JANUARY 31**.

5. Discovery for *all* claims begins **JANUARY 23, 2020**.

**IT IS SO ORDERED.**

Dated: January 24, 2020.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE