K. Lee Marshall (SBN 277092)
Abigail Cotton (SBN 306121)
BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4078
Telephone: (415) 675-3444
klmarshall@bclplaw.com
abby.cotton@bclplaw.com

David A. Roodman (appearance *pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square, 36th Floor
St. Louis, MO  63102
Telephone: (314) 259-2000
daroodman@bclplaw.com

Daniel P. Crane (appearance *pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
Two North Central Avenue, Suite 2100
Phoenix, AZ  85004
Telephone: (602) 364-7000
dan.crane@bclplaw.com

Attorneys for Plaintiffs
*Fluidigm Corporation and Fluidigm Canada Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FLUIDIGM CORPORATION, a Delaware corporation; and FLUIDIGM CANADA INC., a foreign corporation,<br><br>Plaintiffs,<br><br>v.<br><br>IONPATH, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:19-cv-05639-WHA<br><br>**FLUIDIGM CORPORATION AND FLUIDIGM CANADA, INC.'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date:  March 19, 2020<br>Time:  8:00 AM<br>Courtroom: 12<br>Judge:  Hon. William Alsup |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on March 19, 2020, at 8:00 a.m., or as soon thereafter as counsel may be heard by the Honorable William Alsup in Courtroom 12, 19th Floor, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Fluidigm Corporation and Fluidigm Canada Inc. (collectively "Fluidigm") will, and hereby do, move the Court for an order granting Fluidigm's Motion for Leave to File Second Amended Complaint ("Motion to Amend").

Pursuant to this Motion to Amend, Fluidigm seeks this Court's order granting Fluidigm leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). A copy of the proposed Second Amended Complaint ("Proposed Complaint"), with exhibits thereto, that Fluidigm seeks leave to file is attached as Exhibit 1 to the Declaration of Daniel P. Crane, filed in support of this Motion to Amend ("Crane Decl."). Attached as Exhibit 2 to the Crane Decl. is a redline showing the changes from the First Amended Complaint, DE 13, to Exhibit 1. This Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the proposed order submitted herewith, the pleadings and papers on file in this action, any evidence and argument presented to the Court at or before the hearing on this motion, and all matters of which the Court may take judicial notice.

## STATEMENT OF ISSUES

Whether this Court should grant Fluidigm's Motion for Leave to File a Second Amended Complaint to allow Fluidigm to amend the First Amended Complaint to add additional allegations of Defendant IONpath, Inc.'s ("IONpath's") intentional interference with Fluidigm's contracts with its customers, including detailing eight customers who IONpath induced to breach their contracts with Fluidigm, and additional allegations regarding IONpath's infringement of Fluidigm's valid patents, including IONpath's post-suit indirect infringement activity including commencing the commercial launch of its infringing products and publishing and presenting at a conference instructing IONpath's potential customers on how to implement the infringing methodology and encouraging potential customers to purchase the infringing system.

## INTRODUCTION

Fluidigm filed this action against IONpath, Inc. ("IONpath") asserting claims for direct and indirect infringement, and intentional interference with Fluidigm's contractual relationship with its customers. Fluidigm seeks leave to file its Proposed Complaint to allege new facts that came to light after Fluidigm filed suit regarding IONpath's knowing and intentional, post-suit indirect infringing activity as well as further detail IONpath's intentional interference with Fluidigm's contractual relations with its customers.

Fluidigm filed its original Complaint on September 6, 2019, and filed the First Amended Complaint on October 11, 2019, adding allegations regarding IONpath's infringement of the recently issued '698 Patent to Fluidigm's allegations that IONpath infringed on Fluidigm's asserted '104 and '398 Patents.[1] This Court granted IONpath's partial motion to dismiss on January 24, 2020, setting Fluidigm's deadline to file a motion for leave to amend as February 13, 2020 at 12:00 p.m. DE 46. Through Fluidigm's Proposed Complaint, Fluidigm specifies the eight customers that Fluidigm is aware have breached their contracts with Fluidigm based upon the encouragement and inducement of IONpath to use Fluidigm reagents with IONpath's so-called MIBIscope mass cytometry system and the damages caused to Fluidigm as a result of the intentional interference in the form of lost sales of Fluidigm's mass cytometry systems.

Fluidigm's Proposed Complaint also adds allegations regarding IONpath's post-suit infringement of the Patents-in-Suit. Continuing IONpath's pattern of blatant disregard for Fluidigm's rights, IONpath, through its founders, published two additional articles/reviews describing and instructing third parties on exactly how to use IONpath's MIBIscope in a manner infringing on Fluidigm's Patents. IONpath also publicly launched commercial sales of the MIBIscope system since the filing of the earlier version of Fluidigm's complaints. IONpath timed its November 2019 commercial launch of the MIBIscope to coincide with a conference at which IONpath had pre-launch customers describe their work with the MIBIscope system as well as IONpath's assistance provided to those pre-launch customers to teach them how to use the

---

[1] Defined terms not otherwise defined in this Motion to Amend shall have the meaning assigned to them in the First Amended Complaint filed at Docket Entry ("DE") 13.

MIBIscope in the only manner it can be used – infringing Fluidigm's Patents. These actions demonstrate that IONpath knowingly, willfully, and intentionally continued to infringe, and induce others to infringe, the patents-in-suit after they indisputably had knowledge of the patents and their infringement of same.

Thus, Fluidigm respectfully requests this Court grant the Motion to Amend.

## FACTUAL BACKGROUND

Fluidigm filed this action against IONpath on September 6, 2019 asserting claims for direct and indirect infringement and intentional interference with Fluidigm's contractual relationship with its customers. DE 1. Prior to filing suit, Fluidigm attempted to convince IONpath from interfering with Fluidigm's contractual relations with its customers through multiple letters exchanged between the parties in 2018. Fluidigm also formally notified IONpath of Fluidigm's asserted '104 Patent in an effort to convince IONpath to not infringe upon Fluidigm's intellectual property.

Fluidigm's efforts to dissuade IONpath from continuing its unlawful conduct went unheeded. Instead, IONpath elected to blatantly disregard Fluidigm's pre-suit efforts to prevent a dispute. As it turns out, this is IONpath's apparent course of conduct. After Fluidigm's warning letters and express notice of the '104 Patent, IONpath: (1) continued to directly solicit Fluidigm's customers; (2) published and promoted its infringing technology; (3) encouraged Fluidigm's customers to breach their contractual obligations to Fluidigm by, in part, using Fluidigm's reagents with IONpath's instruments; and (4) advertised and marketed its products to Fluidigm's customers with the intent of inducing the customers to infringe upon Fluidigm's patents. As such, Fluidigm filed this lawsuit.

After being served with the Original Complaint on September 23, 2019 and First Amended Complaint on October 11, 2019, which detail exactly how IONpath is directly and indirectly infringing on Fluidigm's Patents, IONpath: (1) continued to directly solicit Fluidigm's customers; (2) published and promoted its infringing technology; (3) encouraged Fluidigm's customers to breach their contractual obligations to Fluidigm by, in part, using Fluidigm's

1   reagents with IONpath's instruments; and (4) advertised and marketed its products to Fluidigm's
2   customers with the intent of inducing the customers to infringe upon Fluidigm's patents.
3   　　　On January 24, 2020, the Court granted IONpath's partial motion to dismiss and granted
4   leave for Fluidigm to file this Motion to Amend by February 13, 2020 at 12:00 p.m.  DE 46.
5   Through this Motion, Fluidigm seeks to further detail its allegations of IONpath's intentional
6   interference with Fluidigm's contracts with its customers and to add new allegations regarding
7   IONpath's post-suit indirect and willful infringement of Fluidigm's Patents.  This is Fluidigm's
8   first opportunity to address the technical pleading deficiencies identified by IONpath and the
9   Court.

## ARGUMENT

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be "freely give[n] when justice so requires."  The Supreme Court has further stated that "this mandate is to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "In exercising its discretion[,] . . . a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities. . . .  Thus Rule 15's policy of favoring amendments to the pleadings should be applied with extreme liberality."  *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quotations and citations omitted).  "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of actions or parties."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Motions to amend should be granted unless the court determines that there has been a showing of:  (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment.  *Foman*, 371 U.S. at 182.  Moreover, "[g]enerally, this determination should be performed with all inferences in favor of granting the motion."  *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *Leighton*, 833 F.2d at 186).

**I.     FLUIDIGM'S MOTION TO AMEND IS TIMELY FILED AND IN GOOD FAITH.**

Fluidigm's Motion to Amend is timely filed and raises additional facts that arose post-suit in addition to detailing specific customers that Fluidigm is aware have breached the Sales and License Terms and Conditions ("Ts&Cs") at issue in Fluidigm's intentional interference claim. These customers include, among others, Stanford University, of which IONpath founders are concurrently employed. [Proposed Complaint, ¶¶ 86, 89] The evidence of Stanford University's breaches of Fluidigm's Ts&Cs is indisputable. [*Id.* at ¶¶ 84-86] Conduct which IONpath's founders knew was wrongful, but they engaged in any way. [*Id.* at ¶¶ 87, 88] Fluidigm also details seven other Fluidigm customers who have breached the Ts&Cs based upon IONpath's inducement and reckless disregard for Fluidigm's contractual rights. [*Id.* at ¶ 89]

Additionally, even with full knowledge of Fluidigm's allegations in the First Amended Complaint, IONpath commenced the formal, commercial launch of the accused MIBIscope system on November 5, 2019. [*Id.* at ¶ 112] IONpath conveniently timed its commercial launch so that it could "showcase[e] the [infringing] platform at the Society for Immunotherapy of Cancer Annual Meeting (SITC)" held November 6, 2019 through November 10, 2019 (the "2019 SITC Meeting"). [*Id.*] IONpath's co-presenters, and customers of the infringing MIBIscope, further evidenced IONpath's intentional and deliberate efforts to sell its infringing system by discussing the pre-launch MIBIscope customer's use of the MIBIscope and how IONpath employees instructed and assisted them on using the system in the only manner it can be used, which is to infringe on the methods in Fluidigm's '104 and '386 Patents. [*Id.* at ¶ 116]

Fluidigm has described the specifics this Court found lacking in the First Amended Complaint. In addition, Fluidigm has identified specific facts that arose after Fluidigm filed its First Amended Complaint and go directly to IONpath's indirect and willful infringement of Fluidigm's Patents. Accordingly, Fluidigm has not delayed or proceeded in bad faith in seeking to file its Proposed Complaint and seeks relief from this Court from IONpath's wrongful conduct.

**II.    IONPATH WILL NOT BE PREJUDICED BY FLUIDIGM'S AMENDMENT.**

IONpath will not be prejudiced by Fluidigm's proposed amendment. It is early in this case. The parties have exchanged written discovery, but no deposition have yet occurred.

Fluidigm does not seek to add any additional claims or parties and merely seeks to refine its allegations to detail information that is already within IONpath's possession regarding its intentional interference with Fluidigm's Ts&Cs and IONpath's post-suit infringing activity. IONpath cannot claim any prejudice or delay, because IONpath was in the best position to have information on the majority of the new allegations in the Proposed Complaint and knew, or certainly should have known, the identity of at least some of the Fluidigm customers IONpath induced to breach the Ts&Cs. Moreover, although Fluidigm seeks to file a Second Amended Complaint, *this will be the first time Fluidigm seeks to amend to cure issues identified by the Court*. *See* DE 46. Fluidigm's First Amended Complaint was asserted to include allegations regarding IONpath's infringement of the '698 Patent, which had issued just days before. *See* DE 13.

In any event, even though IONpath never challenged Fluidigm's direct infringement claims against it, the parties have stipulated that IONpath need not respond to Fluidigm's allegations until after the Court rules on this Motion to Amend. DE 47. As such, Fluidigm has agreed to not require IONpath to expend attorneys' fees responding to the First Amended Complaint and then incur the additional costs of having to respond to the Proposed Complaint. Permitting Fluidigm to file its Proposed Complaint will serve the purpose of Rule 15 because doing so will "facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *Eldridge*, 832 F.2d 1132, 1135 (9th Cir. 1987).

**III.     THE PROPOSED COMPLAINT IS NOT FUTILE.**

Fluidigm's proposed amendment to include additional allegations supporting its intentional interference claim and alleging post-suit knowing and intentional acts causing infringement of Fluidigm's Patents is not futile. Accepting as true Fluidigm's allegations in the Proposed Complaint, the re-asserted claims of intentional interference, indirect infringement, and relief for willful infringement would survive a motion to dismiss pursuant to Rule 12(b)(6).

As the parties set forth in their briefs on the prior motion to dismiss, a party successfully asserts a claim for intentional interference with contract if the party alleges: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's

6
FLUIDIGM CORPORATION AND FLUIDIGM CANADA, INC.'s MOTION FOR LEAVE TO AMEND
601641688.3

intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1105 (9th Cir. 2007) (quoting *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal.4th 26, 55, 77 Cal.Rptr.2d 709, 960 P.2d 513 (1998)); *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1059-60 (N.D. Cal. 2010) (finding plaintiff sufficiently alleged intentional interference with contractual relations). In the Court's Order, the Court identified that Fluidigm could more clearly allege the fourth and fifth elements – actual breach of the Ts&Cs and resulting harm.

In the Proposed Complaint, Fluidigm specifies eight of its customers who have breached the binding Ts&Cs by using IONpath's MIBIscope system with Fluidigm's Maxpar reagents after IONpath published its September 2018 Article in the journal *Cell*. [Proposed Complaint, ¶¶ 86, 89] In 2018, Fluidigm supplied the only commercially available, validated antibodies and reagents. [*Id.* at ¶ 80] IONpath did not do so until July 2019, at the earliest. [*Id.*] Those 2018 MIBIscope customers, and potentially others, would have instead purchased a Fluidigm mass cytometry system but for IONpath's intentional interference with Fluidigm's Ts&Cs because without available antibodies reagents, the MIBIscope will not work. [*Id.* at ¶ 91] These mass cytometry systems are expensive, in excess of $1,000,000.00, and are purchased by customers who budget the purchase of these instruments and do so to further their research and work. [*See id.* at ¶ 78] A customer would not spend $1,000,000.00 or more on a MIBIscope if it could not work. [*See id.* at ¶¶ 76, 78] The Proposed Complaint makes clear that Fluidigm's customers have actually breached the Ts&Cs, as induced by IONpath, and that Fluidigm has suffered harm as a result of IONpath's wrongful conduct.

As to the indirect infringement claims, IONpath cannot dispute that as of the date it was served with the Original Complaint IONpath was on notice and had knowledge of its infringement of the '104 and '386 Patents. *See* DE 1. As addressed above, the First Amended Complaint was added immediately after the '698 Patent issued giving IONpath knowledge, as of October 11, 2019, of its infringement of that Patent. *See* DE 13.

7
FLUIDIGM CORPORATION AND FLUIDIGM CANADA, INC.'s MOTION FOR LEAVE TO AMEND
601641688.3

Likewise, Fluidigm's post-suit allegations make clear that IONpath has callously acted with "a specific intent to encourage another's infringement of," Fluidigm's Patents as is required for induced infringement claims. *See Nanosys, Inc. v. QD Vision, Inc.*, No. 16-CV-01957-YGR, 2016 WL 4943006, at *4 (N.D. Cal. Sept. 16, 2016). Specifically, the Proposed Complaint steps through how IONpath disregarded the serious nature of Fluidigm's claims and formally, commercially launched its MIBIscope system, knowing it infringed Fluidigm's Patents. [Proposed Complaint, ¶¶ 112-124] Not only that, but IONpath timed its launch to coincide with participating at the 2019 SITC Meeting, at which IONpath taught attendees how to infringe on Fluidigm's method patents, the '104 and '386 Patents; and essentially had live customer testimonials on how IONpath carefully instructed and guided them in using the MIBI System in the manner that infringes Fluidigm's Patents. [*Id.* at ¶¶ 112-117] IONpath founders also published an article in 2020 and author a review in 2020 touting its MIBI System and encouraging third parties to purchase the MIBIscope – and, in fact, selling additional MIBIscopes. [*Id.* at ¶¶ 107, 108, and 120-122] IONpath has engaged in this knowing, deliberate, and intentional conduct after Fluidigm put IONpath on notice that the MIBIscope and MIBI System only function in a manner that infringes on all of Fluidigm's asserted Patents.

The singular, and infringing, purpose of the "purpose-built" MIBIscope combined with MIBItags is more fully alleged in the Proposed Complaint in that Fluidigm explains the complex and difficult process required to produce reagents and antibodies and that these expensive mass cytometry systems will not function without those custom designed reagents and antibodies. [*Id.* at ¶¶ 76-78] These are not multi-purpose tools or appliances, but rather unique systems that have no "substantial noninfringing use" as that phrase is defined. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1357 (Fed. Cir. 2018) (quoting *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009) to specify that a "substantial noninfringing use is any use that is 'not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.'").

Finally, the totality of the allegations in the Proposed Complaint's detail on IONpath's egregious post-suit ramping up of commercial activity and callous disregard for Fluidigm's

intellectual property rights and should survive any Rule 12(b)(6) challenge as to Fluidigm's request for relief for IONpath's willful infringement.

## **CONCLUSION**

For the foregoing reasons, Fluidigm respectfully requests the Court grant Fluidigm's Motion for Leave to File a Second Amended Complaint.

Dated: February 13, 2020

Daniel P. Crane
BRYAN CAVE LEIGHTON PAISNER LLP


By: /s/ *Daniel P. Crane*
      Daniel P. Crane

*Attorneys for Fluidigm Corporation and Fluidigm Canada Inc.*