K. Lee Marshall (SBN 277092)
Abigail Cotton (SBN 306121)
BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4078
Telephone: (415) 675-3444
klmarshall@bclplaw.com
abby.cotton@bclplaw.com

David A. Roodman (appearance *pro hac vice*)
Nick Williamson (appearance *pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square, 36th Floor
St. Louis, MO 63102
Telephone: (314) 259-2000
daroodman@bclplaw.com

Attorneys for Plaintiffs
*Fluidigm Corporation and Fluidigm Canada Inc*.

WILMER CUTLER PICKERING
  HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
950 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

OMAR A. KHAN (*pro hac vice*)
Omar.Khan@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230 8888

JOSEPH TAYLOR GOOCH (SBN 294282)
Taylor.Gooch@wilmerhale.com
JOSHUA D. FURMAN (SBN 312641)
Josh.Furman@wilmerhale.com
One Front Street, Suite 3500
San Francisco, California 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

Attorneys for Defendant
*IONpath, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUIDIGM CORPORATION, a Delaware corporation; and FLUIDIGM CANADA INC., a foreign corporation,<br>    Plaintiffs,<br>    v.<br>IONPATH, INC., a Delaware corporation,<br>    Defendant. | Case No. 3:19-cv-05639<br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:<br>Time:<br>Courtroom: 12, 19th floor<br>Judge: Hon. William H. Alsup |

309490.5

ActiveUS 179545125v.7

# JOINT CASE MANAGEMENT STATEMENT

The Court's Case Management Order dated January 24, 2020 (Dkt. 45), set forth procedures and scheduling for a "patent showdown." According to the January 24 Order, each party is to select one asserted claim. The Order instructs the parties to file early motions for summary judgment on their respective claims. Potential remedies are to be litigated after the early motions for summary judgment are decided, and if issues of fact preclude summary judgement, trial on the disputed points is to follow. The "patent showdown" applies only to claims for direct infringement. It is the understanding of the parties that the remaining asserted patent claims, along with the claims for indirect infringement, damages, and the claim for intentional interference with contract, will be resolved after the "patent showdown."

### 1. Proposed Schedule

The parties' joint proposed schedule for the "patent showdown" is set forth below.[1]

| Activity | Proposed Schedule |
| --- | --- |
| Showdown claim selection – last day to exchange selected claim | April 8, 2020 Noon |
| Joint CMC Statement regarding showdown claims | April 9, 2020 Noon |
| Deadline for IONpath's answer to the second amended complaint | April 13, 2020 |

---

[1] The parties are cognizant that the shelter-in-place requirements related to the COVID-19 pandemic may limit the parties from conducting certain necessary "in person" discovery, such as a Rule 34 inspection of IONpath's MIBIscope instrument by Fluidigm's experts, and may later seek leave of Court for limited extensions of certain fact and expert discovery dates as a result. In addition, certain important witnesses, such as inventors on the patents-in-suit, live in Canada where there are currently significant travel restrictions. The parties agree to work together to insure that witnesses under the control of the parties will be made available despite the current travel restrictions, including by making such witnesses available for deposition remotely. The parties also agree to work together to address scheduling and logistics for depositions of third party witnesses that may be subject to travel restrictions. Any extension must be sought reasonably in advance of the deadline and the parties agree to confer in good faith to discuss any such extension and the implications, if any, for the remaining schedule for the "patent showdown."

ActiveUS 179545125v.7

| Activity | Proposed Schedule |
|---|---|
| Exchange proposed terms for construction for all asserted claims. | April 15, 2020 |
| Case management conference for parties to present their selected claim. | April 16, 2020 |
| Exchange preliminary claim constructions for all asserted claims. | May 6, 2020 |
| Fact discovery closes for showdown claim issues | July 16, 2020 |
| Deadline for expert reports as to showdown claim issues | July 30, 2020[2] |
| Deadline for rebuttal expert reports as to showdown claims | August 20, 2020[3] |
| Deadline for expert depositions | September 3, 2020 |
| Deadline for filing of summary judgment motions | September 17, 2020[4] |
| Deadline for filing responses to summary judgment motions | October 8, 2020 |
| Deadline for filing reply to summary judgment motions | October 22, 2020 |
| Technology Tutorial | Subject to the Court's Schedule or as part of the summary judgment hearing |

---

[2] All parties to serve expert reports on showdown claim construction issues. Plaintiff to serve expert reports on direct infringement of showdown claims. Defendant to serve expert reports on asserted invalidity of showdown claims.

[3] The parties may serve rebuttal expert reports on showdown claim construction issues. Plaintiff to serve rebuttal expert reports on asserted invalidity of showdown claims. Defendant to serve rebuttal expert reports on asserted infringement of showdown claims.

[4] Cross motions for summary judgment motions to be filed by the parties by this deadline. The summary judgment briefs will address claim construction issues with respect to the showdown claims only.

ActiveUS 179545125v.7

| Activity | Proposed Schedule |
|---|---|
| Showdown Summary Judgement Hearing | Subject to the Court's Schedule |
| Showdown Trial Date | Subject to the Court's Schedule |
| Joint CMC Statement[5] | The later of 20 days after the court rules on the showdown summary judgment or 20 days after the showdown trial, whichever is later |
| Case Management Conference | Second Thursday after Joint CMC statement is due |

## 2.    Claim Selection

Fluidigm selects claim 9 of the '386 patent.

IONpath selects claim 6 of the '698 patent.

## 3.    Additional Items

The parties understand that the showdown procedure is focused on obtaining decisions on the two asserted claims with respect to direct (non)infringement and (in)validity only.  The parties understand that discovery is open for all issues, but also anticipate that there will be an opportunity to take further discovery on non-showdown claims and issues, e.g. damages, intentional interference with contract, direct infringement as to the non-showdown claims, and indirect infringement as to all asserted claims (e.g. from third party direct infringers and parties

---

[5] The CMC statement will address the status of the case following the showdown and the timing of: Damages Contentions Due (Patent L.R. 3-8), Responsive Damages Contentions Due (Patent L.R. 3-9), Joint Claim Construction Statement, End of Claim Construction Discovery (Patent L.R. 4-4), Opening Claim Construction Brief Due for terms not at issue in the showdown (Patent L.R. 4-5), Responsive Claim Construction Brief Due for terms not at issue in the showdown (Patent L.R. 4-5), Reply Claim Construction Brief Due for terms not at issue in the showdown (Patent L.R. 4-5), Advice of Counsel Disclosures, Fact and Expert Discovery Deadlines, Summary Judgment, Pretrial Deadlines and Conferences, and Trial date.

ActiveUS 179545125v.7

1 alleged to have breached their Ts&Cs) after the showdown is complete. However,
2 notwithstanding that discovery will remain open following the showdown, the parties agree to
3 work together to discuss the best way to conduct discovery most efficiently and to avoid undue
4 burden or duplication of effort.

The parties jointly submit that damages should not be part of the patent showdown process. Here, all asserted claims of the three asserted patents are alleged to cover largely the same products and services provided by IONpath, and the parties anticipate that their damages cases would treat the three patents together such that it would be substantively impracticable and inefficient to carve out damages for two claims. As such, the parties jointly submit that it will be more efficient for both the Court and the parties to determine the scope of damages only after infringement/noninfringement and validity/invalidity have been determined for all patents-in-suit. Therefore, the parties request that the damages contentions deadline be extended until after the showdown process.

Dated: April 9, 2020

K. Lee Marshall
BRYAN CAVE LEIGHTON PAISNER LLP


By:  */S/ K. Lee Marshall*
      K. Lee Marshall

Attorneys for Plaintiffs
*Fluidigm Corporation and Fluidigm Canada Inc*.

ActiveUS 179545125v.7

Dated: April 9, 2020                           Sonal N. Mehta
                                               WILMER CUTLER PICKERING HALE
                                               AND DORR LLP


                                               By:  /S/ Sonal N. Mehta
                                                    Sonal N. Mehta

                                               Attorneys for Defendant
                                               *IONpath, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2020, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

Dated: April 9, 2020                           By:  /s/ K. Lee Marshall
                                                    K. Lee Marshall

ActiveUS 179545125v.7