WILMER CUTLER PICKERING
    HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
950 Page Mill Road
Palo Alto, California 94304
Telephone:     (650) 858-6000
Facsimile:     (650) 858-6100

OMAR A. KHAN (*pro hac vice*)
Omar.Khan@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:     (212) 230-8800
Facsimile:     (212) 230 8888

JOSEPH TAYLOR GOOCH (SBN 294282)
Taylor.Gooch@wilmerhale.com
JOSHUA D. FURMAN (SBN 312641)
Josh.Furman@wilmerhale.com
1 Front Street, Suite 3500
San Francisco, California 94111
Telephone:     (628) 235-1000
Facsimile:     (628) 235-1001

*Attorneys for Defendant*
IONpath, Inc.

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| FLUIDIGM CORPORATION, A DELAWARE CORPORATION; AND FLUIDIGM CANADA INC., A FOREIGN CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> IONPATH, INC., A DELAWARE CORPORATION, <br><br> Defendant. | Case No. 3:19-cv-05639-WHA <br><br> **DEFENDANT IONPATH, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFFS FLUIDIGM CORPORATION AND FLUIDIGM CANADA INC.'S SECOND AMENDED COMPLAINT** |

Defendant IONpath, Inc. ("IONpath" or "Defendant"), hereby answers Plaintiffs Fluidigm Corporation and Fluidigm Canada, Inc.'s (collectively "Fluidigm" or "Plaintiffs") Second Amended Complaint for Trademark Infringement and Intentional Interference with Contractual Relations (the "Complaint") as follows.  Defendant denies each and every allegation contained in the Complaint that is not expressly admitted below.  To the extent any factual allegation below is admitted, it is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably may follow from the admitted facts.  No admission below should be construed as an admission or concession regarding the relevance of any allegation to any cause of action identified in the Complaint.  No admission below should be construed as an admission concerning the accuracy, authenticity, admissibility, or relevance of any documents cited or referenced in the Complaint.  Furthermore, Defendant's inclusion of the headings from the Complaint below is for purposes of convenience only and should not be construed as an admission or concession regarding the accuracy, implications, or relevance of those headings.  Defendant denies that the Plaintiffs are entitled to the relief requested in the Complaint or to any other relief.

## THE NATURE OF THE ACTION[1]

1.     IONpath denies that it has committed any actions of intentional interference with contractual relation or patent infringement.  To the extent this paragraph includes any remaining factual allegations, IONpath denies such allegations.

2.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

3.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

---

[1] IONpath has maintained the section headings from the Second Amended Complaint.  To the extent any section headings contain an allegation of fact that should require an answer, IONpath denies that allegation.

4.      This paragraph includes subjective characterizations and assertions that do not require a response regarding.  To the extent the paragraph includes factual allegations, IONpath admits that one or more IONpath founders were consultants for Fluidigm.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

5.      This paragraph includes subjective characterizations and assertions that do not require a response regarding.  To the extent the paragraph includes factual allegations, IONpath admits that its counsel received a letter from Farella Braun + Martel dated September 24, 2018 which states on its face "re: IONpath Inc.'s Breach of Maxpar Limited License and Inducement of Customers' Breach of Maxpar Limited License."  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

6.      This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that a paper titled "A Structured Tumor-Immune Microenvironment in Triple Negative Breast Cancer Revealed by Multiplexed Ion Beam Imaging" published in Cell ion September 6, 2018, and further admits that IONpath issued a press release on September 6, 2018 citing the Cell publication.  IONpath further admits that its counsel received a letter from Farella Braun + Martel dated September 24, 2018 which states on its face "re: IONpath Inc.'s Breach of Maxpar Limited License and Inducement of Customers' Breach of Maxpar Limited License."  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

7.      This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that it announced the commercial launch of the MIBIscope on November 5, 2019.  IONpath admits that it formally launched IONpath Research Services on February 11, 2020.  IONpath admits that IONpath exhibited the MIBIscope at the 2019 Society for Immunotherapy of Cancer (SITC) Meeting.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

8.      IONpath denies each and every allegation of this paragraph.

9.      IONpath denies each and every allegation of this paragraph.

**THE PARTIES**

- 2 -

DEFENDANT'S ANSWER AND COUNTERCLAIMS
                                                                                             TO PLAINTIFFS' 2ND AMENDED COMPLAINT

10.     IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

11.     IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

12.     IONpath admits that it is a Delaware corporation with a place of business at 960 O'Brien Dr., Menlo Park, California 94025.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

13.     IONpath admits that Plaintiff purports to bring this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*, and for tortious interference under 28 U.S.C. § 1367(a), and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  IONpath denies that there is any basis for Plaintiff's Complaint.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

14.     IONpath denies that it has committed any acts of patent infringement or tortious interference with contractual relations in this District or elsewhere.  IONpath admits that it conducts business in this district.  IONpath does not contest that this Court has personal jurisdiction over IONpath.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

15.     IONpath denies that it has committed any acts of patent infringement or tortious interference with contractual relations in this District or elsewhere.  IONpath admits that it conducts business in this district.  IONpath does not contest that venue is proper in this district for this litigation.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

## BACKGROUND

## FLUIDIGM'S INDUSTRY LEADING ROLE IN MASS CYTOMETRY

16.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or

- 3 -

DEFENDANT'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFFS' 2ND AMENDED COMPLAINT

information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

17.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

18.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

19.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

20.     This paragraph includes subjective characterizations that do not require a response. To the extent the paragraph includes factual allegations, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

21.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

22.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

23.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or

information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

24.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

25.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

26.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

27.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

28.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

## **FLUIDIGM'S ASSERTED PATENTS**

29.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

DEFENDANT'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFFS' 2ND AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**A.     '386 Patent**

30.     IONpath admits that U.S. Patent No. 10,180,386 is titled on its face "Mass spectrometry based multi-parametric particle analyzer," and states on its face that it was assigned to "Fluidigm Corporation, South San Francisco, CA (US)."  The '386 patent states on its face that it was issued January 15, 2019.  IONpath admits that the complaint purports to attach a true and correct copy of the '386 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

31.     IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

32.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that the patent office issued the '386 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

33.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that this paragraph purports to quote claim 1 of the '386 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

34.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that this paragraph purports to quote claim 9 of the '386 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

35.     This paragraph includes subjective characterizations and assertions that do not require a response.  IONpath admits that this paragraph purports to describe the subject matter of the '386 patent.  The patent speaks for itself.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

36.     IONpath denies each and every allegation of this paragraph.

37.     IONpath admits that it was made aware of the existence of the '386 patent and Fluidigm's assertion of infringement no later than September 23, 2019, when it was served with the

- 6 -

Original Complaint in this action.  IONpath further admits it was served with the First Amended Complaint on October 11, 2019.  IONpath denies that it has committed any acts that constitute infringement of the '386 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

**B.     '104 Patent**

38.     IONpath admits that U.S. Patent No. 10,072,104 is titled on its face "Polymer Backbone Element Tags," and states on its face that it was assigned to "Fluidigm Canada Inc., Markham (CA)."  The '104 patent states on its face that it was issued September 11, 2018.  IONpath admits that the complaint purports to attach a true and correct copy of the '104 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

39.     IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

40.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that the patent office issued the '104 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

41.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that this paragraph purports to quote claim 1 of the '104 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

42.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that this paragraph purports to quote claim 14 of the '104 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

43.     This paragraph includes subjective characterizations and assertions that do not require a response.  IONpath admits that this paragraph purports to describe the subject matter of the '104 patent. The patent speaks for itself.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

- 7 -

44.     IONpath admits that its counsel received a letter from Farella Braun + Martel dated September 24, 2018 which states on its face "re: IONpath Inc.'s Breach of Maxpar Limited License and Inducement of Customers' Breach of Maxpar Limited License."  IONpath admits that the September 24, 2018 letter identified the '104 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

45.     IONpath admits that it was made aware of the existence of the '104 patent and Fluidigm's assertion of infringement no later than September 23, 2019, when it was served with the Original Complaint in this action.  IONpath further admits it was served with the First Amended Complaint on October 11, 2019.  IONpath denies that it has committed any acts that constitute infringement of the '104 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

### C.     '698 Patent

46.     IONpath admits that U.S. Patent No. 10,436,698 is titled on its face "Mass spectrometry based multi-parametric particle analyzer," and states on its face that it was assigned to "Fluidigm Corporation, South San Francisco, CA (US)."  The '698 patent states on its face that it was issued January 15, 2019.  IONpath admits that the complaint purports to attach a true and correct copy of the '104 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

47.     IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

48.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that the patent office issued the '698 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

49.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that this paragraph purports to quote claim 1 of the '698 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

- 8 -

50.   IONpath admits that this paragraph purports to quote claim 6 of the '698 patent. Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

51.   This paragraph includes subjective characterizations and assertions that do not require a response.  IONpath admits that this paragraph purports to describe the subject matter of the '698 patent.  The patent speaks for itself.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

52.   IONpath denies each and every allegation of this paragraph.

53.   IONpath admits that it was made aware of the existence of the '698 patent and Fluidigm's assertion of infringement no later than October 11, 2019, when it was served with the Second Amended Complaint in this action.  IONpath denies that it has committed any acts that constitute infringement of the '698 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

## FLUIDIGM CONSULTANTS FORM IONPATH

### A.   Dr. Garry Nolan

54.   IONpath admits that a publication titled "Multiplexed ion beam imaging (MIBI) of human breast tumors" published in 2014 in Nature Medicine, and included among its authors Michael Angelo, Sean Bendall, and Garry Nolan.  This publication speaks for itself.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

55.   IONpath admits that this paragraph purports to quote from a consulting agreement purportedly entered into between Fluidigm and Dr. Nolan.  IONpath is not alleged to be party to the agreement.  IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

56.   IONpath admits that this paragraph purports to quote from a consulting agreement purportedly entered into between Fluidigm and Dr. Nolan.  IONpath is not alleged to be party to the agreement.  IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

DEFENDANT'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFFS' 2ND AMENDED COMPLAINT

57.     IONpath admits that this paragraph purports to describe a consulting agreement purportedly entered into between Fluidigm and Dr. Nolan.  IONpath is not alleged to be party to the agreement.  IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

58.     IONpath admits that this paragraph purports to describe a consulting agreement purportedly entered into between Fluidigm and Dr. Nolan.  IONpath is not alleged to be party to the agreement.  IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

59.     IONpath admits that this paragraph purports to describe a consulting agreement purportedly entered into between Fluidigm and Dr. Nolan.  IONpath is not alleged to be party to the agreement.  IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

60.     IONpath admits that this paragraph purports to describe a consulting agreement purportedly entered into between Fluidigm and Dr. Nolan.  IONpath is not alleged to be party to the agreement.  IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

61.     IONpath admits that this paragraph purports to describe work conducted under a consulting agreement purportedly entered into between Fluidigm and Dr. Nolan, and purported interactions between Dr. Nolan and Fluidigm.  IONpath is not alleged to be party to the agreement or those interactions.  IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

62.     IONpath admits that IONpath was founded on September 16, 2014.  IONpath admits that Drs. Angelo, Bendall, Fienberg, and Nolan are the founders of IONpath.  IONpath admits that this paragraph purports to describe a consulting agreement purportedly entered into between Fluidigm and Dr. Nolan.  IONpath is not alleged to be party to the agreement.  IONpath lacks knowledge or information sufficient to form a belief about the truth of allegations regarding the purported agreement, and on that basis denies those allegations.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

- 10 -

DEFENDANT'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFFS' 2ND AMENDED COMPLAINT

63.    IONpath admits that Dr. Nolan is a co-founder of IONpath.  To the extent this paragraph purports to describe Dr. Nolan's conduct in his individual capacity, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.  IONpath denies that the MIBIscope technology is infringing Fluidigm's asserted patents.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

**B.    Dr. Sean Bendall**

64.    IONpath admits that Dr. Sean Bendall is a co-founder of IONpath.  IONpath admits that IONpath was founded in September 2014.  IONpath admits that Dr. Sean Bendall is currently a member of IONpath's Board of Directors.  IONpath admits that this paragraph purports to describe a consulting agreement purportedly entered into between Fluidigm and Dr. Bendall.  IONpath is not alleged to be party to the agreement.  IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations. Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

65.    IONpath admits that this paragraph purports to quote from a consulting agreement purportedly entered into between Fluidigm and Dr. Bendall.  IONpath is not alleged to be party to the agreement.  IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

66.    IONpath admits that this paragraph purports to quote from a consulting agreement purportedly entered into between Fluidigm and Dr. Bendall.  IONpath is not alleged to be party to the agreement.  IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

67.    IONpath admits that this paragraph purports to quote from a consulting agreement purportedly entered into between Fluidigm and Dr. Bendall.  IONpath is not alleged to be party to the agreement.  IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

68.    IONpath admits that this paragraph purports to quote from a consulting agreement purportedly entered into between Fluidigm and Dr. Bendall.  IONpath is not alleged to be party to

the agreement.  IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

69.   IONpath admits that this paragraph purports to describe interactions between Fluidigm and Dr. Bendall regarding a consulting agreement purportedly entered into between Fluidigm and Dr. Bendall.  IONpath is not alleged to be party to the agreement.  IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

70.   IONpath admits that Dr. Bendall is a co-founder of IONpath.  To the extent this paragraph purports to describe Dr. Bendall's conduct in his individual capacity, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.  IONpath denies that the MIBIscope technology is infringing Fluidigm's asserted patents.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

### IONPATH'S MARKETING AND SALE OF ITS INFRINGING TECHNOLOGY

71.   IONpath denies each and every allegation of this paragraph.

72.   IONpath denies each and every allegation of this paragraph.

73.   This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that the patent office issued the '104, '386, and '698 patents.  The patents speak for themselves.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

74.   This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that it had begun using and offering its MIBIscope for sale to potential customers as early as December 2017.  IONpath admits that the commercial launch of the MIBIscope was in November 2019.  IONpath admits that it offered to sell the MIBIscope to its customers for over $1,000,000.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

75.     IONpath admits that IONpath customers had purchaed the MIBIscope as of 2017. IONpath admits that the first MIBIscope offered for sale was installed in the laboratory of Dr. Garry Nolan at Stanford University.  IONpath further admits that the MIBIscope installed in the laboratory of Dr. Garry Nolan was acquired prior to the commercial launch of the MIBIscope.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

76.     IONpath denies each and every allegation of this paragraph.

77.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that it received a letter from Fluidigm dated February 7, 2018.  IONpath admits that the February 7, 2018 letter purports to attach Fluidigm's "Sales and License Terms and Conditions."  The letter speaks for itself.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

78.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that this paragraph quotes from the February 7, 2018 letter.  The letter speaks for itself.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

79.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that this paragraph refers to the February 7, 2018 letter.  The letter speaks for itself.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

80.     This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that it sent a letter to Fluidigm dated February 21, 2018 and that IONpath's counsel set a letter to Fluidigm dated March 7, 2018.  Those letters speak for themselves.  To the extent this paragraph purports to describe Dr. Bendall's conduct in his individual capacity, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

DEFENDANT'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFFS' 2ND AMENDED COMPLAINT

1         81.    This paragraph includes subjective characterizations that do not require a response.

2  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or information

3  sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis,

4  denies those allegations.

5         82.    This paragraph includes subjective characterizations that do not require a response.

6  To the extent the paragraph includes factual allegations, IONpath admits that the 2018 paper

7  published in Cell titled "A Structured Tumor-Immune Microenvironment in Triple Negative Breast

8  Cancer Revealed by Multiplexed Ion Beam Imaging" states that it was "Received: April 16, 2018,"

9  and that its authors include Dr. Bendall and Dr. Angelo.  IONpath admits that the Cell paper lists

10  under "Critical Commercial Assays" the "Maxpar X8 Antibody labeling kit."  To the extent this

11  paragraph purports to describe Dr. Bendall's or Dr. Angelo's conduct in their individual capacity,

12  IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations

13  of this paragraph, and, on that basis, denies those allegations.  Except as so expressly admitted,

14  IONpath denies the remaining allegations of this paragraph.

15         83.    IONpath denies each and every allegation of this paragraph.

16         84.    This paragraph includes subjective characterizations that do not require a response.

17  To the extent the paragraph includes factual allegations, IONpath admits that an article titled

18  "Multiplexed Single-cell Metabolic Profiles Organize the Spectrum of Cytotoxic Human T Cells"

19  was published on bioRxiv, and its authors included Michael Angelo and Sean Bendall.  The

20  paragraph purports to quote from the article.  The article speaks for itself.  IONpath admits that Dr.

21  Angelo and Dr. Bendall are identified in the 2020 Article as being affiliated with Stanford

22  University.  To the extent this paragraph purports to describe Dr. Bendall's or Dr. Angelo's conduct

23  in their individual capacity, IONpath lacks knowledge or information sufficient to form a belief

24  about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

25  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

26         85.    IONpath lacks knowledge or information sufficient to form a belief about the truth of

27  the allegations of this paragraph, and, on that basis, denies those allegations.

28

86.    IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

87.    To the extent this paragraph purports to describe what the identified parties would or would not have done, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.  IONpath denies that it encouraged any individual or entity to breach any agreement with Fluidigm.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

### C.    *IONpath announces its infringing MIBIscope technology in 2018*

88.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that it issued a press release dated September 6, 2018 that cited the 2018 publication in *Cell*.  The press release speaks for itself.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

89.    IONpath admits that this paragraph purports to quote from and characterize the press release.  The press release speaks for itself.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

90.    IONpath admits that this paragraph purports to quote from and characterize the press release.  The press release speaks for itself.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

91.    IONpath admits that the publication "A Structured Tumor-Immune Microenvironment in Triple Negative Breast Cancer Revealed by Multiplexed Ion Beam Imaging" was published in *Cell* in 2018.  IONpath admits that this paragraph purports to quote from the 2018 *Cell* article.  The article speaks for itself.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

92.    IONpath admits that the publication "A Structured Tumor-Immune Microenvironment in Triple Negative Breast Cancer Revealed by Multiplexed Ion Beam Imaging" was published in *Cell* in 2018.  To the extent the paragraph includes factual allegations, IONpath

DEFENDANT'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFFS' 2ND AMENDED COMPLAINT

admits that this paragraph purports to quote from the 2018 Cell article.  The article speaks for itself.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

93.    IONpath admits that the publication "A Structured Tumor-Immune Microenvironment in Triple Negative Breast Cancer Revealed by Multiplexed Ion Beam Imaging" was published in *Cell* in 2018.  IONpath admits that this paragraph purports to quote from the 2018 Cell article.  The article speaks for itself.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

94.    IONpath admits that it provided a brochure on its website titled "MIBIscope I: Multiplexed Tissue Imaging that Transforms Discovery."  IONpath admits that this paragraph purports to quote from the brochure.  The brochure speaks for itself.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

95.    IONpath admits that it provided a brochure on its website titled "MIBIscope I: Multiplexed Tissue Imaging that Transforms Discovery."  IONpath admits that the brochure includes images that were generated using the MIBIscope. IONpath admits that this paragraph purports to characterize the brochure.  The brochure speaks for itself.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

96.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that the paragraph purports to refer to IONpath brochure and Safety Data Sheets for MIBItag Conjugation Kits.  The documents speak for themselves.  IONpath admits the IONpath Safety Data Sheets for the MIBItag Conjugation Kits describe the use of lanthanides and the use of polymers.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

97.    This paragraph includes subjective characterizations and assertions that do not require a response.  To the extent the paragraph includes factual allegations, IONpath admits that the IONpath website previously described a "Pharma Partnership."  IONpath admits that its website advertised "tissue staining, imaging and scanning."  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

98.   IONpath admits that an article published September 18, 2018 stated plans to launch a commercial version of the MIBIscope in 2019.   IONpath denies infringement.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

99.   This paragraph includes subjective characterizations and assertions that do not require a response.   To the extent the paragraph includes factual allegations, IONpath admits that its counsel received a letter from Farella Braun + Martel dated September 24, 2018 which states on its face "re: IONpath Inc.'s Breach of Maxpar Limited License and Inducement of Customers' Breach of Maxpar Limited License."   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

100.   IONpath admits that the letter dated September 24, 2018 identified the '104 patent. Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

101.   This paragraph includes subjective characterizations and assertions that do not require a response.   To the extent the paragraph includes factual allegations, IONpath admits that an article titled "MIBI-TOF: A Multiplexed Imaging Platform Relates Cellular Phenotypes and Tissue Structure" published in Science Advances in 2019.   IONpath admits the 2019 article describes results obtained with a MIBIscope.   IONpath admits that it was served with the Original Complaint in this action on September 23, 2019.   IONpath further admits it was served with the First Amended Complaint on October 11, 2019.   IONpath denies that it has committed any acts that constitute infringement of the asserted patents.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

102.   IONpath denies each and every allegation of this paragraph.

103.   This paragraph includes subjective characterizations and assertions that do not require a response.   To the extent the paragraph includes factual allegations, IONpath admits that IONpath admits that an article titled "Immune Monitoring Using Mass Cytometry and Related High-Dimensional Imaging Approaches" was published in *Nature Reviews* in 2020.   IONpath admits that the 2020 paper included among its authors Dr. Bendall.   IONpath admits that the 2020 paper published online on December 31, 2019.   IONpath admits that the 2020 paper describes the

DEFENDANT'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFFS' 2ND AMENDED COMPLAINT

1  multiplexed ion beam imaging and imaging mass cytometry.  The 2020 paper speaks for itself.

2  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

3    104. IONpath denies each and every allegation of this paragraph.

4  **IONPATH'S IMPROPER AND INFRINGING COMMERCIAL ACTIVITY**

5    105. This paragraph includes subjective characterizations and assertions that do not require

6  a response.  To the extent the paragraph includes factual allegations, IONpath lacks knowledge or

7  information sufficient to form a belief about the truth of the allegations of this paragraph, and, on

8  that basis, denies those allegations.

9    106. IONpath admits that as of August 2019 it had sold at least six MIBIscope devices.

10  IONpath admits that as of August 2019 IONpath had advertised MIBItags on its website and in

11  brochures.  Except as so expressly admitted, IONpath denies the remaining allegations of this

12  paragraph.

13    107. This paragraph includes subjective characterizations and assertions that do not require

14  a response.  To the extent the paragraph includes factual allegations, IONpath denies that it has sold

15  at least 4 MIBIscope devices between August 2019 and January 31, 2020.  Except as so expressly

16  admitted, IONpath denies the remaining allegations of this paragraph.

17    108. This paragraph includes subjective characterizations and assertions that do not require

18  a response.  To the extent the paragraph includes factual allegations, IONpath admits that it

19  announced the commercial launch of the MIBIscope on the IONpath website on November 5, 2019.

20  IONpath admits that it released a press release on November 5, 2019 titled "IONpath Announces

21  Commercial Launch of MIBIscope™—the First Multiplexed Ion Beam Imaging System."  This

22  paragraph purports to quote from the press release.  The press release speaks for itself.  Except as

23  so expressly admitted, IONpath denies the remaining allegations of this paragraph.

24    109. This paragraph includes subjective characterizations and assertions that do not require

25  a response.  To the extent the paragraph includes factual allegations, IONpath admits that it

26  exhibited the MIBIscope at the 2019 SITC Meeting.  IONpath admits that it provided brochures that

27  stated "now commercially available."  IONpath admits that the brochures were placed in conference

1    registration bags.  IONpath admits that several presentations regarding the use of the MIBIscope

2    were made at the conference.  IONpath admits that it had an informational booth at SITC.  Except

3    as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

4            110.   This paragraph includes subjective characterizations and assertions that do not require

5    a response.   To the extent the paragraph includes factual allegations, IONpath admits that

6    presentations were made at the 2019 SITC Meeting by Dana-Farber Cancer Institute, Stanford

7    University, and the University of Colorado, Denver regarding the use of the MIBIscope.  IONpath

8    admits that the November 5, 2019 press release regarding the commercial launch of the MIBIscope

9    referenced the 2019 SITC meeting.  IONpath admits that the November 5, 2019 press release

10   regarding the commercial launch of the MIBIscope stated that "To learn about the MIBIscope, visit

11   IONpath at SITC booth #326, or attend the company's symposium on Saturday, November 9 at

12   12:35 pm in Riverview Ballroom A3, where leading researchers from the Dana-Farber Cancer

13   Institute, Stanford University, and University of Colorado, Denver, will be presenting their research

14   using the MIBIscope to characterize the tumor microenvironment."  Except as so expressly

15   admitted, IONpath denies the remaining allegations of this paragraph.

16          111.   This paragraph includes subjective characterizations and assertions that do not require

17   a response.  To the extent the paragraph includes factual allegations, IONpath admits that the 2019

18   SITC Meeting included a symposium workshop titled "Immune Profiling of Clinical Cohort

19   Samples Using Highly Multiplexed Ion Beam Imaging (MIBI) Technology to Characterize Spatial

20   Organization in the Tumor Microenvironment" with a panel that included Dr. Angelo and Dr.

21   Fienberg.  IONpath admits that this was advertised as a lunch event.  IONpath admits that Dr.

22   Angelo described the function and operation of the MIBIscope.  Except as so expressly admitted,

23   IONpath denies the remaining allegations of this paragraph.

24          112.   IONpath admits that at the 2019 Symposium, presenters from the Dana-Farber Cancer

25   Institute and University of Colorado, Denver described their use of the MIBIscope, including the

26   receipt of technical support from IONpath in use of the MIBIscope.  IONpath admits that the

27   researcher from the Dana-Farber Cancer Institute described the use of a biomarker panel.  Except

28   as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

1   113.   IONpath admits that at the 2019 Symposium, the presenter from the University of

2   Colorado, Denver described the use of the MIBIscope.  The paragraph purports to quote from a

3   listed website.  The website speaks for itself.  Except as so expressly admitted, IONpath denies the

4   remaining allegations of this paragraph.

5   114.   IONpath denies each and every allegation of this paragraph.

6   115.   IONpath denies each and every allegation of this paragraph.

7   116.   This paragraph includes subjective characterizations and assertions that do not require

8   a response.  To the extent the paragraph includes factual allegations, IONpath admits that this

9   paragraph purports to quote from the 2020 *Nature Reviews* article and the 2019 *Science Advances*

10  article.  Those articles speak for themselves.  Except as so expressly admitted, IONpath denies the

11  remaining allegations of this paragraph.

12  117.   This paragraph includes subjective characterizations and assertions that do not require

13  a response.  To the extent the paragraph includes factual allegations, IONpath admits that this

14  paragraph purports to quote from the 2020 *Nature Reviews* article.  The article speaks for itself.

15  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

16  118.   This paragraph includes subjective characterizations and assertions that do not require

17  a response.  To the extent the paragraph includes factual allegations, IONpath admits that the 2020

18  *Nature Reviews* article was published more than two months after the service of the First Amended

19  Complaint.  Except as so expressly admitted, IONpath denies the remaining allegations of this

20  paragraph.

21  119.   This paragraph includes subjective characterizations and assertions that do not require

22  a response.  To the extent the paragraph includes factual allegations, IONpath admits that that on

23  February 11, 2020 it stated in a press release "IONpath, Inc., today announces the launch of a

24  dedicated service business providing access to their proprietary MIBIscope™ multiplexed imaging

25  platform and its team of experts to support pharmaceutical and biotechnology companies working

26  in immuno-oncology.  IONpath has previously provided custom research services to leading

27  academic and pharmaceutical organizations as part of an Early Access Program.  Now the company

28  has formalized its intentions to become a partner of choice to those interrogating the tumor

- 20 -

DEFENDANT'S ANSWER AND COUNTERCLAIMS
                                                 TO PLAINTIFFS' 2ND AMENDED COMPLAINT

microenvironment to understand therapeutic mechanism of action and identify responder populations." Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

120. IONpath denies each and every allegation of this paragraph.

## COUNT I
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

121. This paragraph does not contain an allegation of fact, and, therefore, no answer is required. IONpath incorporates its responses to all preceding paragraphs as though fully set forth herein. Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

122. IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

123. IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

124. IONpath admits that it received a letter dated February 7, 2018 on its face, and enclosed what purports to be on its face Fluidigm "Sales and License Terms and Conditions." IONpath admits that this paragraph purports to quote a section of the February 7, 2018 letter. The letter speaks for itself. IONpath admits that the letter states that "IONpath's actions interfere with our customer relationships and violate Fluidigm's Ts&Cs, most directly subsection (iv) in Section 3.2." Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

125. IONpath denies each and every allegation of this paragraph.

126. IONpath denies each and every allegation of this paragraph.

127. IONpath denies each and every allegation of this paragraph.

128. IONpath denies that it has induced or encouraged any individual or entity to breach any agreement with Fluidigm. To the extent this paragraph makes allegations about what IONpath's customers did or did not do, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

DEFENDANT'S ANSWER AND COUNTERCLAIMS
                                             TO PLAINTIFFS' 2ND AMENDED COMPLAINT

129.   IONpath denies that it has induced or encouraged any individual or entity to breach any agreement with Fluidigm.  To the extent this paragraph makes allegations about what IONpath's customers would or would not have done, IONpath lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and, on that basis, denies those allegations.

130.   IONpath denies each and every allegation of this paragraph.

131.   IONpath denies each and every allegation of this paragraph.

## COUNT II
## DIRECT PATENT INFRINGEMENT
## (THE '386 PATENT)

132.   This paragraph does not contain an allegation of fact, and, therefore, no answer is required.  IONpath incorporates its responses to all preceding paragraphs as though fully set forth herein.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

133.   IONpath admits that the '386 patent states on its face that it was issued January 15, 2019.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

134.   IONpath admits that the '386 patent states on its face that it is assigned to Fluidigm Corporation.  IONpath lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations of this paragraph, and, on that basis, denies those allegations.

135.   IONpath denies each and every allegation of this paragraph.

136.   IONpath admits that the quotations in this paragraph appear in the referenced article. Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

137.   IONpath admits that the quotations in this paragraph appear in the referenced brochure.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

138.   IONpath admits that the quotations in this paragraph appear in the referenced release. Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

1    139.   IONpath admits that it has offered MIBItags for sale.   IONpath admits that the
2  quotations in this paragraph appear in the referenced Article.   IONpath denies that the MIBItags
3  infringe any patent-in-suit.   Except as so expressly admitted, IONpath denies the remaining
4  allegations of this paragraph.

5    140.   IONpath denies each and every allegation of this paragraph.

6    141.   IONpath admits that the chart in this paragraph recites the elements of claim 9 of the
7  '386 patent and Fluidigm's allegations with respect to infringement of those elements by IONpath
8  Activities.   IONpath denies that it infringes any claim of the '386 patent.   Except as so expressly
9  admitted, IONpath denies the remaining allegations of this paragraph.

10    142.   IONpath denies each and every allegation of this paragraph.

11    143.   IONpath denies each and every allegation of this paragraph.

12    144.   IONpath denies each and every allegation of this paragraph.

13                                **COUNT III**
                    **INDIRECT PATENT INFRINGEMENT**
14                          **(The '386 Patent)**

15    145.   This paragraph does not contain an allegation of fact, and, therefore, no answer is
16  required.   IONpath incorporates its responses to all preceding paragraphs as though fully set forth
17  herein.   Except as so expressly admitted, IONpath denies the remaining allegations of this
18  paragraph.

19    146.   IONpath denies each and every allegation of this paragraph.

20    147.   IONpath denies each and every allegation of this paragraph.

21    148.   IONpath admits that it had actual notice of the '386 patent as of the date it was served
22  with the original Complaint in this lawsuit.   Except as so expressly admitted, IONpath denies the
23  remaining allegations of this paragraph.

24    149.   IONpath admits that it announced the commercial launch of the MIBIscope on
25  November 5, 2019.   IONpath admits that the quotations in this paragraph appear in the referenced
26  press release.   Except as so expressly admitted, IONpath denies the remaining allegations of this
27  paragraph.

28

150.   IONpath admits that it sold the MIBIscope to third-parties after the commercial launch of the MIBIscope.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

151.   IONpath admits that IONpath exhibited the MIBIscope at the 2019 SITC Meeting. Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

152.   IONpath admits that the quotations in this paragraph appear in the referenced article. Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

153.   IONpath admits that the quotations in this paragraph appear in the referenced article. Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

154.   IONpath denies each and every allegation of this paragraph.

155.   IONpath denies each and every allegation of this paragraph.

156.   IONpath denies each and every allegation of this paragraph.

157.   IONpath denies each and every allegation of this paragraph.

158.   IONpath denies each and every allegation of this paragraph.

159.   IONpath denies each and every allegation of this paragraph.

**COUNT IV**
**CONTRIBUTORY PATENT INFRINGEMENT**
**(The '386 Patent)**

160.   This paragraph does not contain an allegation of fact, and, therefore, no answer is required.  IONpath incorporates its responses to all preceding paragraphs as though fully set forth herein.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

161.   IONpath denies each and every allegation of this paragraph.

162.   IONpath denies each and every allegation of this paragraph.

163.   IONpath admits that it announced the commercial launch of the MIBIscope on November 5, 2019.  IONpath admits that IONpath exhibited the MIBIscope at the 2019 SITC Meeting.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

DEFENDANT'S ANSWER AND COUNTERCLAIMS
                                                         TO PLAINTIFFS' 2ND AMENDED COMPLAINT

164.   This paragraph includes subjective characterizations and assertions that do not require a response.   To the extent the paragraph includes factual allegations, IONpath admits that the MIBIscope system utilizes Secondary Ion Mass Spectrometry (SIMS) and enables simultaneous imaging of 40+ markers with the throughput needed for large cohort studies and the sensitivity to detect low-abundance targets.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

165.   IONpath denies each and every allegation of this paragraph.

166.   IONpath denies each and every allegation of this paragraph.

167.   IONpath denies each and every allegation of this paragraph.

168.   IONpath denies each and every allegation of this paragraph.

169.   IONpath denies each and every allegation of this paragraph.

**COUNT V**
**DIRECT PATENT INFRINGEMENT**
**(The '104 Patent)**

170.   This paragraph does not contain an allegation of fact, and, therefore, no answer is required.   IONpath incorporates its responses to all preceding paragraphs as though fully set forth herein.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

171.   IONpath admits that the '104 patent states on its face that it was issued September 11, 2018.

172.   IONpath admits that the '104 patent states on its face that it is assigned to Fluidigm Canada Inc.  IONpath lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations of this paragraph, and, on that basis, denies those allegations.

173.   IONpath denies each and every allegation of this paragraph.

174.   IONpath denies each and every allegation of this paragraph.

175.   IONpath admits that the quotations in this paragraph appear in the referenced article. Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

- 25 -

176.   IONpath admits that it announced the commercial launch of the MIBIscope on November 5, 2019.  IONpath admits that the quotations in this paragraph appear in the referenced release.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

177.   IONpath denies each and every allegation of this paragraph.

178.   IONpath admits that the chart in this paragraph recites the elements of claim 14 of the '104 patent and Fluidigm's allegations with respect to infringement of those elements by IONpath Activities.  IONpath denies that it infringes any claim of the '104 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

179.   IONpath denies each and every allegation of this paragraph.

180.   IONpath denies each and every allegation of this paragraph.

181.   IONpath denies each and every allegation of this paragraph.

**COUNT VI**
**INDIRECT PATENT INFRINGEMENT**
**(The '104 Patent)**

182.   This paragraph does not contain an allegation of fact, and, therefore, no answer is required.  IONpath incorporates its responses to all preceding paragraphs as though fully set forth herein.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

183.   IONpath denies each and every allegation of this paragraph.

184.   IONpath denies each and every allegation of this paragraph.

185.   IONpath admits that it had actual notice of the '104 patent as of the date it was served with the original Complaint in this lawsuit.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

186.   IONpath admits that it announced the commercial launch of the MIBIscope on November 5, 2019.  IONpath admits that the quotations in this paragraph appear in the referenced press release.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

187.   IONpath admits that it sold the MIBIscope to third-parties after the commercial launch of the MIBIscope.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

188.   IONpath admits that IONpath admits that IONpath exhibited the MIBIscope at the 2019 SITC Meeting.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

189.   IONpath admits that the quotations in this paragraph appear in the referenced article. Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

190.   IONpath denies each and every allegation of this paragraph.

191.   IONpath denies each and every allegation of this paragraph.

192.   IONpath denies each and every allegation of this paragraph.

193.   IONpath denies each and every allegation of this paragraph.

**COUNT VII**
**CONTRIBUTORY PATENT INFRINGEMENT**
**(The '104 Patent)**

194.   This paragraph does not contain an allegation of fact, and, therefore, no answer is required.  IONpath incorporates its responses to all preceding paragraphs as though fully set forth herein.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

195.   IONpath denies each and every allegation of this paragraph.

196.   IONpath denies each and every allegation of this paragraph.

197.   IONpath admits that it announced the commercial launch of the MIBIscope on November 5, 2019.  IONpath admits that IONpath exhibited the MIBIscope at the 2019 SITC Meeting.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

198.   IONpath admits that the MIBIscope system utilizes Secondary Ion Mass Spectrometry (SIMS) and enables simultaneous imaging of 40+ markers with the throughput needed for large

Case No. 3:19-cv-05639-WHA                    DEFENDANT'S ANSWER AND COUNTERCLAIMS
                                              TO PLAINTIFFS' 2ND AMENDED COMPLAINT

cohort studies and the sensitivity to detect low-abundance targets.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

199.   IONpath denies each and every allegation of this paragraph.

200.   IONpath denies each and every allegation of this paragraph.

201.   IONpath denies each and every allegation of this paragraph.

202.   IONpath denies each and every allegation of this paragraph.

203.   IONpath denies each and every allegation of this paragraph.

**COUNT VIII**
**DIRECT PATENT INFRINGEMENT**
**(The '698 Patent)**

204.   This paragraph does not contain an allegation of fact, and, therefore, no answer is required.  IONpath incorporates its responses to all preceding paragraphs as though fully set forth herein.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

205.   IONpath admits that the '698 patent states on its face that it was issued October 8, 2019.

206.   IONpath admits that the '698 patent states on its face that it is assigned to Fluidigm Corporation.  IONpath lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations of this paragraph, and, on that basis, denies those allegations.

207.   IONpath denies each and every allegation of this paragraph.

208.   IONpath admits that the quotations in this paragraph appear in the referenced article. Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

209.   IONpath admits that the quotations in this paragraph appear in the referenced brochure.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

210.   IONpath admits that it announced the commercial launch of the MIBIscope on November 5, 2019.  IONpath admits that the quotations in this paragraph appear in the referenced release.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

DEFENDANT'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFFS' 2ND AMENDED COMPLAINT

211.   IONpath denies each and every allegation of this paragraph.

212.   IONpath denies each and every allegation of this paragraph.

213.   IONpath admits that the chart in this paragraph recites the elements of claim 6 of the '698 patent and Fluidigm's allegations with respect to infringement of those elements by IONpath Activities.  IONpath denies that it infringes any claim of the '698 patent.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

214.   IONpath denies each and every allegation of this paragraph.

215.   IONpath denies each and every allegation of this paragraph.

216.   IONpath denies each and every allegation of this paragraph.

**COUNT IX**
**INDIRECT PATENT INFRINGEMENT**
**(The '698 Patent)**

217.   This paragraph does not contain an allegation of fact, and, therefore, no answer is required.  IONpath incorporates its responses to all preceding paragraphs as though fully set forth herein.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

218.   IONpath denies each and every allegation of this paragraph.

219.   IONpath denies each and every allegation of this paragraph.

220.   IONpath admits that it had actual notice of the '698 patent as of the date it was served with the First Amended Complaint in this lawsuit.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

221.   IONpath admits that it announced the commercial launch of the MIBIscope on November 5, 2019.  IONpath admits that the quotations in this paragraph appear in the referenced press release.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

222.   IONpath admits that it sold the MIBIscope to third-parties after the commercial launch of the MIBIscope.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

DEFENDANT'S ANSWER AND COUNTERCLAIMS
                                                                        TO PLAINTIFFS' 2ND AMENDED COMPLAINT

223.   IONpath admits that IONpath exhibited the MIBIscope at the 2019 SITC Meeting. Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

224.   IONpath admits that the quotations in this paragraph appear in the referenced article. Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

225.   IONpath admits it offers for sale the MIBItag reagents.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

226.   IONpath denies each and every allegation of this paragraph.

227.   IONpath denies each and every allegation of this paragraph.

228.   IONpath denies each and every allegation of this paragraph.

229.   IONpath denies each and every allegation of this paragraph.

230.   IONpath denies each and every allegation of this paragraph.

231.   IONpath denies each and every allegation of this paragraph.

**COUNT X**
**CONTRIBUTORY PATENT INFRINGEMENT**
**(The '698 Patent)**

232.   This paragraph does not contain an allegation of fact, and, therefore, no answer is required.  IONpath incorporates its responses to all preceding paragraphs as though fully set forth herein.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

233.   IONpath denies each and every allegation of this paragraph.

234.   IONpath denies each and every allegation of this paragraph.

235.   IONpath admits that it announced the commercial launch of the MIBIscope on November 5, 2019.  IONpath admits that IONpath exhibited the MIBIscope at the 2019 SITC Meeting.   Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

236.   IONpath admits that the MIBIscope system utilizes Secondary Ion Mass Spectrometry (SIMS) and enables simultaneous imaging of 40+ markers with the throughput needed for large cohort studies and the sensitivity to detect low-abundance targets.  Except as so expressly admitted, IONpath denies the remaining allegations of this paragraph.

237.   IONpath denies each and every allegation of this paragraph.

238.   IONpath denies each and every allegation of this paragraph.

239.   IONpath denies each and every allegation of this paragraph.

240.   IONpath denies each and every allegation of this paragraph.

241.   IONpath denies each and every allegation of this paragraph.

## RESPONSE TO RELIEF REQUESTED

242.   IONpath denies that Plaintiff is entitled to any of the grounds for relief enumerated in the Complaint and respectfully requests that the Court enter judgment against the Plaintiff on all of the Plaintiff's claims.   To the extent that the Prayer for Relief includes any factual allegations, IONpath denies those allegations.

## AFFIRMATIVE DEFENSES

243.   IONpath asserts the following affirmative and other defenses and in asserting such defenses IONpath does not concede that it bears the burden of proof as to any of them.

## FIRST AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT)

244.   IONpath does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale or imported into the United States, any products or methods that infringe any asserted claim of the patents-in-suit, either directly, through the doctrine of equivalents, or otherwise.   Merely by way of example, the accused IONpath product "MIBIscope" does not infringe asserted claim 9 of the '386 patent at least because the method of using the MIBIscope does not include "vaporizing, atomizing, and ionizing multiple elemental tags from a first single cell of the plurality of tagged cells."   This claim element in not infringed at least in part because the MIBIscope's ion gun does not "vaporize, atomize, and ionize" a sample.

## SECOND AFFIRMATIVE DEFENSE
## (INVALIDITY)

245.   One or more asserted claims of the patents-in-suit are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.   The asserted claims of the patents-in-suit are invalid at least for the

reasons set forth in IONpath's Preliminary Invalidity Contentions, served April 1, 2020.  Merely by way of non-limiting example, claim 9 of the '386 patent is invalid as obvious in view of the admitted prior art patent publication US 2002/0086441 to Baranov et al.  That is, a person of skill in the art would have found the '386 patent's claim 9 to be obvious in view of the teaching of US 2002/0086441.

### THIRD AFFIRMATIVE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

246.   Fluidigm is estopped, based on statements, representations, and admissions made during prosecution of the patent applications that led to the patents-in-suit from asserting that the asserted claims of the patents-in-suit are infringed by IONpath or IONpath's products or services, either directly, through the doctrine of equivalents, or otherwise.  Estoppel includes but is not limited to amendment-type prosecution history estoppel and argument-type prosecution history estoppel.

247.   Merely by way of non-limiting example, Fluidigm is estopped at least in part based on representations made during the prosecution of application that led to the issuance of the '386 patent regarding prior art reference US 2002/0086441 to Baranov et al.  For example, the '386 applicant stated that "the cited portions of Baranov" — which state that 'by employing microablation it is feasible to distinguish cancerous cells from normal cells on histological section of biopsy samples using element-tagged antibodies specifically attached to the markers of cancerous populations" (US 2002/0086441 at [0098])— "are silent with respect to any benefits of detecting element tags in individual cells."  (US Patent App. No. 15/888871 Response to Pre-Interview Communication, September 18, 2018, p. 8).

### FOURTH AFFIRMATIVE DEFENSE
### (DAMAGES LIMITATIONS)

248.   On information or belief, Fluidigm's claims for damages are barred, in whole or in part, under 35 U.S.C. §§ 286-287.

### FIFTH AFFIRMATIVE DEFENSE
### (ENSNAREMENT)

249. To the extent that Fluidigm claims infringement under the Doctrine of Equivalents, Fluidigm's claims are barred under the Ensnarement Doctrine, which prohibits Fluidigm from asserting an infringement theory under the Doctrine of Equivalents that encompasses, or "ensnares," the prior art.

250. Merely by way of non-limiting example, Fluidigm's infringement contentions invoke the Doctrine of Equivalents to allege that the claim limitation "vaporize, atomize, and ionize" is infringed by the MIBI system. To the extent a secondary ion mass spectroscopy (SIMS) system such as the MIBIscope allegedly infringes this claim element under the Doctrine of Equivalents, there is known prior art ensnared by this argument that would render such a claim invalid. Such prior art includes but is not limited to prior art in the SIMS field that IONpath has identified in IONpath's Preliminary Invalidity Contentions served April 1, 2020, which are incorporated herein by reference. Such prior art includes, for example, the article "Identification of Cellular Sections with Imaging Mass Spectrometry Following Freeze Fracture" by Thomas P. Roddy et al., published in volume 74 of Analytical Chemistry in 2002.

## RESERVATION OF DEFENSES

251. IONpath reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation.

## COUNTERCLAIMS

For its counterclaims against Plaintiffs Fluidigm Corporation and Fluidigm Canada, Inc.'s (collectively "Fluidigm" or "Plaintiffs"), Defendant IONpath Corporation ("Defendant") alleges as follows:

## PARTIES

1. IONpath is a corporation organized and existing under the laws of the State of Delaware.

2. According to Fluidigm's allegations in this action, Fluidigm Corporation is a Delaware corporation with a principal place of business located at 7000 Shoreline Court, Ste 100, South San Francisco, California 94080.

3.     According to Fluidigm's allegations in this action, Fluidigm Canada Inc. is an Ontario corporation organized under the laws of Ontario with its principal place of business at 1380 Rodick Rd., Markham, Suite 100, Ontario, L3R 4G5 Canada.

4.     According to Fluidigm's allegations in this action, Fluidigm Canada Inc. is a wholly owned subsidiary of Fluidigm Sciences Inc., a Delaware corporation, which is a wholly owned subsidiary of Fluidigm Corporation.

## JURISDICTION AND VENUE

5.     These counterclaims arise under Title 35 of the United States Code.  The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6.     Fluidigm is subject to personal jurisdiction in this District because Fluidigm filed this action in this District.

7.     Venue is appropriate in this District under 28 U.S.C. § 1391 because Fluidigm filed this action in this District.

### COUNT I
### DECLARATORY JUDGEMENT OF NON-INFRINGEMENT
### AND INVALIDITY REGARDING THE '386 PATENT

8.     Defendant repeats and re-alleges each and every allegation set forth in the foregoing Paragraphs as if fully set forth herein.

9.     Defendant counterclaims against Fluidigm pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

10.    In its Complaint, Fluidigm alleges that Defendant is directly infringing the '386 patent and that the '386 patent is valid and enforceable.

11.    An actual controversy exists between Fluidigm and Defendant by virtue of the allegations in Fluidigm's Complaint and Defendant's Answer as to the validity and infringement of the '386 Patent.

12.    Defendant has not directly infringed any asserted claim of the '386 patent as alleged in Paragraphs 132 to 144 above.  Merely by way of non-limiting example, IONpath's MIBIscope

- 34 -

DEFENDANT'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFFS' 2ND AMENDED COMPLAINT

does not infringe claim 9 of the '386 patent at least because the method of using the MIBIscope does not include "vaporizing, atomizing, and ionizing multiple elemental tags from a first single cell of the plurality of tagged cells." This claim element in not infringed at least in part because the MIBIscope's ion gun does not "vaporize, atomize, and ionize" a sample.

13.    The '386 patent is invalid for failing to meet the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and 112, as alleged in Paragraph 133 above. Merely by way of non-limiting example, claim 9 of the '386 patent is invalid as obvious in view of the admitted prior art patent publication US 2002/0086441 to Baranov et al. That is, a person of skill in the art would have found the '386 patent's claim 9 to be obvious in view of the teaching of US 2002/0086441. In a further example, the asserted claims of the '386 patent are invalid for any one or more reasons set forth in IONpath's Preliminary Invalidity Contentions served April 1, 2020, which are incorporated herein by reference.

14.    Defendant is entitled to judgment that Defendant does not infringe the '386 Patent and that the claims of the '386 patent is invalid.

**COUNT II**
**DECLARATORY JUDGEMENT OF NON-INFRINGEMENT**
**AND INVALIDITY REGARDING THE '104 PATENT**

15.    Defendant repeats and re-alleges each and every allegation set forth in the foregoing Paragraphs as if fully set forth herein.

16.    Defendant counterclaims against Fluidigm pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

17.    In its Complaint, Fluidigm alleges that Defendant is directly infringing the '104 patent and that the '104 patent is valid and enforceable.

18.    An actual controversy exists between Fluidigm and Defendant by virtue of the allegations in Fluidigm's Complaint and Defendant's Answer as to the validity and infringement of the '104 Patent.

19.    Defendant has not directly infringed any asserted claim of the '104 patent as alleged in Paragraphs 170 to 181 above. Merely by way of non-limiting example, IONpath's MIBIscope

does not infringe claim 2 of the '104 patent at least because the MIBIscope does not analyze an analyte where the analyte is located "within or on an intact cell."  To the contrary, the IONpath MIBIscope does not analyze an intact cell.

20.     The '104 patent is invalid for failing to meet the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and 112, as alleged in Paragraph 171 above.  Merely by way of non-limiting example, claim 2 of the '104 patent is invalid as obvious in view of the admitted prior art patent publication US 2002/0086441 to Baranov et al in combination with the teaching of US Patent No. 6,652,835 to Lauffer.  That is, a person of skill in the art would have found that the two references would have been obvious to combine, and that the combination would render obvious each and every element of the '104 patent's claim 2.  In a further example, the asserted claims of the '104 patent are invalid for any one or more reasons set forth in IONpath's Preliminary Invalidity Contentions served April 1, 2020, which are incorporated herein by reference.

21.     Defendant is entitled to judgment that Defendant does not infringe the '104 Patent and that the claims of the '104 patent is invalid.

## COUNT III
## DECLARATORY JUDGEMENT OF NON-INFRINGEMENT AND INVALIDITY REGARDING THE '698 PATENT

22.     Defendant repeats and re-alleges each and every allegation set forth in the foregoing Paragraphs as if fully set forth herein.

23.     Defendant counterclaims against Fluidigm pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

24.     In its Complaint, Fluidigm alleges that Defendant is directly infringing the '698 patent and that the '698 patent is valid and enforceable.

25.     An actual controversy exists between Fluidigm and Defendant by virtue of the allegations in Fluidigm's Complaint and Defendant's Answer as to the validity and infringement of the '698 Patent.

26.     Defendant has not directly infringed any asserted claim of the '698 patent as alleged in Paragraphs 204 to 216 above.  Merely by way of non-limiting example, IONpath's MIBIscope

does not infringe claim 5 of the '698 patent at least because the method of using the MIBIscope does not include "vaporizing, atomizing, and ionizing multiple elemental tags from a first single cell of the plurality of tagged cells." This claim element in not infringed at least in part because the MIBIscope's ion gun does not "vaporize, atomize, and ionize" a sample.

27.     The '698 patent is invalid for failing to meet the conditions of patentability as set forth in 35 U.S.C. §§ 101, 102, 103, and 112, as alleged in Paragraph 205 above. Merely by way of non-limiting example, claim 5 of the '698 patent is invalid as obvious in view of the admitted prior art patent publication US 2002/0086441 to Baranov et al. That is, a person of skill in the art would have found the '698 patent's claim 5 to be obvious in view of the teaching of US 2002/0086441. In a further example, the asserted claims of the '698 patent are invalid for any one or more reasons set forth in IONpath's Preliminary Invalidity Contentions served April 1, 2020, which are incorporated herein by reference.

28.     Defendant is entitled to judgment that Defendant does not infringe the '698 Patent and that the claims of the '698 patent is invalid.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Fluidigm as follows:

A.     For dismissal of Fluidigm's Complaint with prejudice and denial of the relief requested;

B.     For a judgment declaring that IONpath did not intentionally interfere with Fluidigm's contractual relations;

C.     For a judgment declaring that no valid claim of the '386 patent has been infringed by Defendant;

D.     For a judgment declaring that each and every asserted claim of the '386 patent is invalid;

E.     For a judgment declaring that no valid claim of the '104 patent has been infringed by Defendant;

F.     For a judgment declaring that each and every asserted claim of the '104 patent is invalid;

1

2

G. For a judgment declaring that no valid claim of the '698 patent has been infringed by Defendant;

3

4

H. For a judgment declaring that each and every asserted claim of the '698 patent is invalid;

5

6

I. For a finding that this case is exceptional and an award of Defendant's reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

7

J. For such other and further relief as the Court may deem just and appropriate.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFFS' 2ND AMENDED COMPLAINT

1

## **JURY DEMAND**

2

Defendants demand a trial by jury, under Fed. R. Civ. P. 38.

3

4
Dated: April 13, 2020

5

WILMER CUTLER PICKERING, HALE
AND DORR LLP

6

By:  /s/  Sonal N. Mehta

7
SONAL N. MEHTA
OMAR A. KHAN

8
JOSEPH TAYLOR GOOCH
JOSHUA D. FURMAN

9
*Attorneys for Defendant IONpath, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER AND COUNTERCLAIMS
TO PLAINTIFFS' 2ND AMENDED COMPLAINT