UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FLUIDIGM CORPORATION, et al.,

    Plaintiffs,

v.

IONPATH, INC.,

    Defendant.

No. C 19-05639 WHA

**PATENT SHOWDOWN SCHEDULING ORDER**

After a case management conference, the Court enters the following order regarding the patent showdown procedure pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Civil Local Rule 16-10:

1. The parties shall file cross motions for summary judgment on the two claims (one for each party) selected for the patent showdown. The parties are limited to **ONE MOTION EACH REGARDLESS OF THE NUMBER OF ISSUES RAISED**, *e.g.* standing, invalidity, noninfringement, etc. Opening briefs are limited to **25 PAGES** of briefing and **150 PAGES** of declarations and exhibits (not counting the patent itself). The opposition must be limited to **25 PAGES** of briefing and **150 PAGES** of declarations and exhibits. The reply must be limited to **15 PAGES** of briefing and **20 PAGES** of declarations and exhibits. In the case of voluminous documents and transcripts attached as exhibits, counsel may append only the pages of the document necessary to support the assertions in the briefing and provide reasonable context, along with cover pages sufficient to identify the documents.

Any judicially noticed material will count as an exhibit, but counsel may rely on exhibits and declarations already filed on the same motion by the other side without counting them against counsel's limit. All briefing and declarations must be double-spaced with twelve-point font with only occasional single-spaced quotes and footnotes.

2. For many years, the Court conducted a claim construction hearing about mid-way through the fact-discovery period. While this timing gave some guidance to counsel and experts, it had the distinct disadvantage of requiring abstract rulings without the benefit of a more complete record, thus increasing the risk of a claim construction error and a re-trial (and, for that matter, subsequent second appeal). Instead of a stand-alone claim construction hearing, claims will be construed as-needed along with the parties' motions for summary judgment or at trial. Any proposed claim constructions shall be included in the parties' summary judgment briefs — no separate briefs will be accepted. In this way, the Court will better understand the as-applied meaning of terms advanced by counsel as claim constructions.

3. The parties' opening briefs are due **THURSDAY, SEPTEMBER 3 AT NOON**.

4. The parties' opposition briefs are due **THURSDAY, SEPTEMBER 17 AT NOON**.

5. The parties' reply briefs are due **THURSDAY, SEPTEMBER 24 AT NOON**.

6. The motion will be heard on **THURSDAY, OCTOBER 22 AT 8:00 A.M**.

**IT IS SO ORDERED.**

Dated: April 16, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE