K. Lee Marshall (SBN 277092)
Abigail Cotton (SBN 306121)
BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4078
Telephone: (415) 675-3444
klmarshall@bclplaw.com
abby.cotton@bclplaw.com

David A. Roodman (appearance *pro hac vice*)
Nick E. Williamson (appearance *pro hac vice*)
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square, 36th Floor
St. Louis, MO 63102
Telephone: (314) 259-2000
daroodman@bclplaw.com
nick.williamson@bclplaw.com

Attorneys for Plaintiffs/Counterclaim Defendants
*Fluidigm Corporation and Fluidigm Canada Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLUIDIGM CORPORATION, a Delaware corporation; and FLUIDIGM CANADA INC., a foreign corporation,<br><br>        Plaintiffs,<br>v.<br><br>IONPATH, INC., a Delaware corporation,<br><br>        Defendant. | Case No. 3:19-cv-05639<br><br>**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' ANSWER TO IONPATH, INC.'S COUNTERCLAIM** |
| IONPATH, INC.,<br><br>        Counterclaim Plaintiff,<br>v.<br><br>FLUIDIGM CORPORATION and FLUIDIGM CANADA INC.,<br><br>        Counterclaim Defendants. | |

COME NOW Plaintiffs/Counterclaim Defendants FLUIDIGM CORPORATION and FLUIDIGM CANADA INC. (collectively, "Fluidigm") and hereby respectfully submit the following Answer to Defendant/Counterclaim Plaintiff IONPATH, INC.'s ("IONpath") Counterclaim (the "Counterclaim"), and in so doing, deny the allegations of the Counterclaim except as specifically set forth herein.

## PARTIES

1. Fluidigm admits the allegations in Paragraph 1 of the Counterclaim.
2. Fluidigm admits the allegations in Paragraph 2 of the Counterclaim.
3. Fluidigm admits the allegations in Paragraph 3 of the Counterclaim.
4. Fluidigm admits the allegations in Paragraph 4 of the Counterclaim.

## JURISDICTION AND VENUE

5. Fluidigm admits that this Court has jurisdiction over the subject matter of the Counterclaim under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  Except as expressly admitted herein, Fluidigm denies each and every other allegation set forth in Paragraph 5 of the Counterclaim.

6. Fluidigm admits that this Court has personal jurisdiction over Fluidigm for the purpose of this action.  Except as expressly admitted herein, Fluidigm denies each and every other allegation set forth in Paragraph 6 of the Counterclaim.

7. Fluidigm admits that venue is proper in this Court.  Except as expressly admitted herein, Fluidigm denies each and every other allegation set forth in Paragraph 7 of the Counterclaim.

## RESPONSE TO COUNT I

8. Fluidigm hereby repeats and incorporates by reference each of its answers to Paragraphs 1 through 7 of the Counterclaim as if fully set forth and restated herein.

9. Fluidigm admits that the Counterclaim alleges claims pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.  Fluidigm denies that IONpath is entitled to declaratory judgment or

any other relief as sought in the Counterclaim. Except as expressly admitted herein, Fluidigm denies each and every other allegation set forth in Paragraph 9 of the Counterclaim.

10. Fluidigm admits the allegations in Paragraph 10 of the Counterclaim.

11. Paragraph 11 of the Counterclaim purports to state legal conclusions to which no response is required. To the extent any of the allegations in Paragraph 12 are deemed factual in nature, Fluidigm admits that an actual controversy exists between Fluidigm and Defendant regarding the validity and infringement of U.S. Patent No. 10,180,386.

12. Fluidigm denies the allegations in Paragraph 12 of the Counterclaim.

13. Fluidigm denies the allegations in Paragraph 13 of the Counterclaim.

14. Fluidigm denies the allegations in Paragraph 14 of the Counterclaim.

**RESPONSE TO COUNT II**

15. Fluidigm hereby repeats and incorporates by reference each of its answers to Paragraphs 1 through 14 of the Counterclaim as if fully set forth and restated herein.

16. Fluidigm admits that the Counterclaim alleges claims pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. Fluidigm denies that IONpath is entitled to declaratory judgment or any other relief as sought in the Counterclaim. Except as expressly admitted herein, Fluidigm denies each and every other allegation set forth in Paragraph 16 of the Counterclaim.

17. Fluidigm admits the allegations in Paragraph 17 of the Counterclaim.

18. Paragraph 18 of the Counterclaim purports to state legal conclusions to which no response is required. To the extent any of the allegations in Paragraph 18 are deemed factual in nature, Fluidigm admits that an actual controversy exists between Fluidigm and Defendant regarding the validity and infringement of U.S. Patent No. 10,072,104.

19. Fluidigm denies the allegations in Paragraph 19 of the Counterclaim.

20. Fluidigm denies the allegations in Paragraph 20 of the Counterclaim.

21. Fluidigm denies the allegations in Paragraph 21 of the Counterclaim.

**RESPONSE TO COUNT III**

22. Fluidigm hereby repeats and incorporates by reference each of its answers to Paragraphs 1 through 21 of the Counterclaim as if fully set forth and restated herein.

23. Fluidigm admits that the Counterclaim alleges claims pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. Fluidigm denies that IONpath is entitled to declaratory judgment or any other relief as sought in the Counterclaim. Except as expressly admitted herein, Fluidigm denies each and every other allegation set forth in Paragraph 23 of the Counterclaim.

24. Fluidigm admits the allegations in Paragraph 24 of the Counterclaim.

25. Paragraph 25 of the Counterclaim purports to state legal conclusions to which no response is required. To the extent any of the allegations in Paragraph 25 are deemed factual in nature, Fluidigm admits that an actual controversy exists between Fluidigm and Defendant regarding the validity and infringement of U.S. Patent No. 10,436,698.

26. Fluidigm denies the allegations in Paragraph 26 of the Counterclaim.

27. Fluidigm denies the allegations in Paragraph 27 of the Counterclaim.

28. Fluidigm denies the allegations in Paragraph 28 of the Counterclaim.

## RESPONSE TO PRAYER FOR RELIEF

Fluidigm denies that IONpath is entitled to any of the requested relief whatsoever including, but not limited to, any declaratory judgment or award of costs and fees, and denies any and all such allegations set forth in paragraphs A through J of its Prayer for Relief.

WHEREFORE, Fluidigm denies that IONpath is entitled to any relief as prayed for in the Counterclaim or otherwise and, accordingly, respectfully prays for entry of judgment dismissing IONpath's Counterclaim with prejudice, and for such other and further relief as is just and proper under the circumstances including, but not limited to:

A. Dismissing any and all counts of the Counterclaim against Fluidigm with prejudice;

B. Declaring and entering judgment that IONpath is not entitled to any relief from Fluidigm sought by the Counterclaim;

C. Declaring and entering judgment that all claims of U.S. Patents No. 10,180,386, No. 10,072,104, and 10,436,698 are valid;

D. Declaring and entering judgment that IONpath infringed U.S. Patents No. 10,180,386, No. 10,072,104, and 10,436,698;

E. Declaring this case exceptional pursuant to 35 U.S.C. § 285;

F. Awarding Fluidigm its costs and reasonable attorneys' fees incurred in connection with this action; and

G. Granting Fluidigm such other and further relief and damages as the Court deems just and proper under the circumstances.

Dated: May 4, 2020

K. Lee Marshall
BRYAN CAVE LEIGHTON PAISNER LLP


By: /s/ Kenneth L. Marshall
    K. Lee Marshall

Attorneys for Plaintiffs/Counterclaim Defendants
*Fluidigm Corporation and Fluidigm Canada Inc*.