**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

# WILMERHALE

June 11, 2020

Josh Furman Ph.D.

+1 628 235 1034 (t)
+1 628 235 1001 (f)
josh.furman@wilmerhale.com

Honorable William Alsup
United States District Court
Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Fluidigm Corporation, et al. v. IONpath, Inc.*, Case No. 19-cv-05639-WHA
  **Letter for Discovery Relief**

Dear Judge Alsup:

Defendant IONpath asks the Court to compel Plaintiff Fluidigm to provide a complete response to IONpath's Interrogatory No. 8. The interrogatory asks Fluidigm to provide its assertion that certain of its products embody the asserted claims. This discovery is more than reasonable because Fluidigm has put the status of these products directly at issue by relying on them under Patent Local Rule 3-1(g), by advancing a lost profits theory based on sales of these very products, and by asserting that these products establish the nexus for secondary indicia of non-obviousness. Ex. A (excerpt of Infringement Contentions) at 18–19; Ex. B (excerpt of Damages Contentions) at 7 ("[REDACTED]") (emphasis added); Ex. C (excerpt of March 18 Supplemental Interrogatory Response) at 7 ("[REDACTED]").

While Fluidigm has responded to the interrogatory in broad strokes, it has refused to provide concrete limitation-by-limitation contentions as to how these products are alleged to practice the claims. Those details are directly called for in the interrogatory and are essential to providing IONpath a full and fair opportunity to test Fluidigm's contentions.

The parties met and conferred telephonically on April 29, and have exchanged six letters and emails regarding this issue (both before and after that conference). After receiving Fluidigm's damages contentions expressly invoking these products as embodying, IONpath asked Fluidigm to reconsider its position, Ex. D, and Fluidigm again refused. The issue is joined for the Court.

**I.   IONpath's Interrogatory No. 8 Calls For Detailed Embodying Products Contentions**

---

[1] Fluidigm doubles down on its deficient response by purporting to incorporate its "exemplary" contentions by reference in its secondary considerations contentions: "Fluidigm additionally incorporates by reference its March 13, 2020 objections and responses to Defendant IONpath's Interrogatory No. 8, including but not limited to the exemplary charts further illustrating how a person of ordinary skill in the art may understand certain of Fluidigm's instruments and reagents to practice the inventions of the Asserted Claims." Ex. C at 7-8.

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

WilmerHale

Honorable William Alsup
June 11, 2020
Page 2

IONpath's Interrogatory 8 asks Fluidigm to provide a limitation-by-limitation response that specifies how each product or method that Fluidigm contends practices the asserted patents meets the claims' limitations. Ex. E. IONpath asks for the facts and circumstances relating to Fluidigm's contention that such products allegedly practice the asserted claims with an "identification of the precise element of the product or method alleged to practice each element in each asserted claim."

## II.     Fluidigm's Response Is Deficient

Fluidigm has failed to provide a complete response to Interrogatory 8. Ex. F (Excerpt of Fluidigm's response to Interrogatory 8). The response fails to identify how ***each element of each claim*** is practiced by the allegedly embodying products. Instead, Fluidigm's responses merely refer to each claim ***as a whole***, with insufficient detail and citations that fail to link any precise element of a product to the asserted claim limitations. The charts largely repeat the same images over and over again. What is missing is a meaningful explanation of how particular products supposedly meet the specific limitations of the claims. As one example, in comparing the Hyperion product to claim 1 of the '698 patent, Fluidigm excerpts a few snippets from product documentation but never states how the limitations are actually alleged to have been practiced.

## III.    IONpath's Interrogatory is Relevant and Proportional

Having put the status of its products as embodying (or not embodying) directly at issue through at least its Patent Local Rule 3-1(g) disclosures, damages contentions,[2] and secondary considerations contentions, Fluidigm cannot now refuse to provide a complete response disclosing its contentions as to how its own products practice the patent. With Fluidigm invoking these products as embodying anywhere and everywhere it thinks they may be helpful to its case, IONpath is entitled to understand the basis for—and to test through further discovery—Fluidigm's contentions about which products are in fact covered embodying at all.

Given the direct relevance of the discovery sought, it is no surprise that courts routinely compel parties to provide detailed, limitation-by-limitation contentions for products identified as embodying. In *Infernal Technology v. Microsoft*, the court concluded that "[i]f [plaintiff] wishes to rely on its own Embodying Products to the extent it has indicated at trial, then [plaintiff] ought to provide [defendant] with adequate notice of how those products practice the Asserted Claims." *Infernal Technology, LLC v. Microsoft Corp.*, No. 2:18-cv-144-JRG, Dkt. No. 102 at 1 (E.D. Tex. June 28, 2019). Notably, the relevance there was based on plaintiffs' allegations with respect to priority date, non-obviousness, and willfulness,[3] while the embodying products here are central to not only Fluidigm's non-obviousness contentions but also Fluidigm's lost profits theory and injunction, and potentially other issues.

In *Blast Motion*, the patent owner was compelled to produce a "a claim chart that identifies which features or functionalities of the product practices or embodies each of the limitations of each asserted claim of the Blast Motion Asserted Patents" on the basis that plaintiff was seeking permanent injunctive relief and will need to prove it practices the asserted patents and suffers

---

[2] Fluidigm has also asserted that it is entitled to an injunction. Dkt. 59 at 92. While IONpath anticipates that Fluidigm's request will fail for multiple reasons, the extent to which a patent is practiced is of course relevant to whether an injunction is appropriate. *See, e.g.*, *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 329 F. Supp. 3d 1070, 1122 (N.D. Cal. 2018).
[3] *Infernal Technology, LLC v. Microsoft Corp.*, No. 2:18-cv-144, Dkt. No. 91 at 1–3 (E.D. Tex. May 14, 2019).

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

WILMERHALE

Honorable William Alsup
June 11, 2020
Page 3

irreparable harm. *Blast Motion, Inc. v. Zepp Labs, Inc.*, No. 3:15-cv-00700-JLS, 2016 WL 5107677, at *4 (S.D. Cal. Mar. 2, 2016) ("Additionally, it makes little economic sense for Zepp to reverse engineer the products in an effort to determine how Blast Motion claims its own products practice the claims of the asserted patents. Certainly, the information is uniquely within Blast Motion's control. It must be provided now.").[4]

These are not isolated cases. *See also*, *e.g.*, *LifeNet Health v. LifeCell Corp.*, No. 2:13-cv-486, 2014 WL 4162113, at *4-5 (E.D. Va. Aug. 19, 2014) (granting motion to compel "more complete answers" to a request that asked plaintiff to "describe in detail, separately for each limitation of each asserted claim, how each such product is covered by or practices such claim."); *UltimatePointer, L.L.C. v. Nintendo Co.*, No. 6:11-cv-496, 2014 WL 12521379, at *3 (E.D. Tex. June, 4, 2014) (when a plaintiff intends to rely at trial on its own products as embodying the asserted claims, it must provide claims charts that disclose its contention as to how those products allegedly embody the asserted claims); *Superspeed, LLC v. IBM Corp.*, No. 2:07-cv-00089-CE, Dkt. No. 152 at 1 (E.D. Tex. Jan. 7, 2009) (granting motion to compel code claim chart contentions for plaintiff's embodying products).

In the face of these authorities, Fluidigm has not denied that the information IONpath seeks is relevant and discoverable. Instead, it has asserted that it is too burdensome. Of course, the "request is not unduly burdensome because [plaintiff] will have to prepare this information for trial in any event, if it wishes to rely on the Embodying Products to the extent stated." *Infernal Tech.*, 2:18-cv-144-JRG, Dkt. No. 102 at 1–2. To support that position, Fluidigm has cited to *Apple v. Wi-LAN* to suggest that the requested charts are not required. *See Apple Inc. v. Wi-LAN Inc.*, No. 14-cv-2235-DMS, 2018 WL 733740, at *1 (S.D. Cal. Feb. 6, 2018). Fluidigm's reliance on the case is puzzling because it actually supports IONpath's position here, not Fluidigm's. There, the court compelled Wi-LAN to "identify[] the structures or functionalities in each prototype or product that purportedly meet each limitation of each such asserted claim." *Id.* at *3.[5] While the court found that the "response does not have to be in the chart format," the limitation-by-limitation supplementation nevertheless was required. *Id.* at *2. In any case, IONpath's request is reasonable and proportional. The amount of work here for Fluidigm is limited (there are only thirteen claims at issue, many of which are duplicative, and Fluidigm has identified only four embodying products), and Fluidigm is unquestionably well—indeed, uniquely—positioned to set forth its own contentions on how its own products supposedly embody its own patent claims.

Having repeatedly asserted that these products embody, Fluidigm must have a factual basis for contending that they practice the claims. If Fluidigm is unwilling to do the basic work of disclosing the support for its contentions, it should not be permitted to rely on them.

Respectfully submitted,

*/s/ Josh Furman, Ph.D.*

Josh Furman, Ph.D., *Counsel for IONpath*

---

[4] Fluidigm attempted to distinguish *Blast Motion* by suggesting that the plaintiff's initial response there was more limited than what Fluidigm has provided. So what? The court required a mapping to **each limitation** of each asserted claim—precisely what Fluidigm refuses to provide.
[5] Fluidigm has also cited to *Finjan, Inc. v. ESET, LLC*, No. 17CV183, 2018 WL 4772124, at *5 (S.D. Cal. Oct. 3, 2018), which related to validity and priority, not embodying products.