WILMER CUTLER PICKERING
  HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
950 Page Mill Road
Palo Alto, California 94304
Telephone:   (650) 858-6000
Facsimile:   (650) 858-6100

OMAR A. KHAN (*pro hac vice*)
Omar.Khan@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:   (212) 230-8800
Facsimile:   (212) 230-8888

JOSEPH TAYLOR GOOCH (SBN 294282)
Taylor.Gooch@wilmerhale.com
JOSHUA D. FURMAN (SBN 312641)
Josh.Furman@wilmerhale.com
1 Front Street, Suite 3500
San Francisco, California 94111
Telephone:   (628) 235-1000
Facsimile:   (628) 235-1001

*Attorneys for Defendant*
IONpath, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FLUIDIGM CORPORATION, a Delaware corporation; and FLUIDIGM CANADA INC., a foreign corporation,<br><br>Plaintiffs,<br><br>v.<br><br>IONPATH, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:19-cv-05639-WHA<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND IONPATH'S INVALIDITY CONTENTIONS**<br><br>DATE: July 23, 2020<br>TIME: 8:00 a.m.<br>COURTROOM: 12, 19th Floor<br>JUDGE: Hon. William Alsup |

# TABLE OF CONTENTS

I. Introduction ........................................................................................................................1

II. Legal Standard ...................................................................................................................2

III. Factual Background ...........................................................................................................3

    A. IONpath's Initial Contentions ................................................................................3

    B. Fluidigm's Request for Clarifying Amendments ...................................................4

    C. Amendments Made to Resolve Fluidigm's Purported Concerns ...........................5

    D. Fluidigm's Refusal to Permit Clarifying Amendments .........................................5

    E. Materials Received from Non-Party Agilent .........................................................7

IV. Argument ...........................................................................................................................7

A. Fluidigm Is Not Prejudiced By the Amendment .................................................................8

B. IONpath Is Diligent in Seeking Leave ................................................................................9

V. Conclusion ........................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Altera Corp. v. PACT XPP Techs., AG,*
   No. 14-CV-02868-JD, 2015 WL 3832389 (N.D. Cal. June 19, 2015) ................................. 8

*Apple Inc. v. Samsung Elecs. Co.,*
   No. CV 12-00630 LHK, 2012 WL 5632618 (N.D. Cal. Nov. 15, 2012) ........................... 8

*Asia Vital Components Co. v. Asetek Danmark A/S,*
   No. 16-CV-07160-JST, 2018 WL 4945316 (N.D. Cal. Oct. 11, 2018) .............................. 3

*Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.,*
   No. C04-05385 JW (HRL), 2007 WL 951818 (N.D. Cal. Mar. 28, 2007) ..................... 1, 3

*Finjan, Inc. v. Symantec Corp.,*
   No. 14-CV-02998-HSG(JSC), 2018 WL 620156 (N.D. Cal. Jan. 30, 2018) ..................... 8

*Johnstech Int'l Corp. v. JF Microtechnology SDN BHD,*
   Case No. 14-cv-02864-JD, Dkt. No. 115 (N.D. Cal. March 10, 2016) ............................. 3

*Johnstech Int'l Corp. v. JF Microtechnology SDN BHD,*
   No. 14-CV-02864-JD, 2016 WL 6836965 (N.D. Cal. Mar. 10, 2016) ............................... 9

*Johnstech Int'l Corp. v. JF Microtechnology SDN BHD,*
   773 F. App'x 623 (Fed. Cir. 2019) .................................................................................... 9

*Keithley v. The Homestore.com, Inc.,*
   553 F. Supp. 2d 1148 (N.D. Cal. 2008) ............................................................................ 3

*Largan Precision Co. v. Genius Elec. Optical Co.,*
   No. 13-CV-02502-JD, 2014 WL 6882275 (N.D. Cal. Dec. 5, 2014) ................................ 2

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,*
   467 F.3d 1355 (Fed. Cir. 2006) ......................................................................................... 2

*Richtek Tech. Corp. v. uPI Semiconductor Corp.,*
   No. C 09-05659 WHA, 2016 WL 3136896 (N.D. Cal. June 6, 2016) .............................. 8

*Slot Speaker Techs., Inc. v. Apple Inc.,*
   No. 13-CV-01161-HSG(DMR), 2017 WL 235049 (N.D. Cal. Jan. 19, 2017) .................. 3

*Takeda Pharm. Co. v. TWi Pharms., Inc.,*
   No. 13-CV-02420-LHK, 2015 WL 1227817 (N.D. Cal. Mar. 17, 2015) .......................... 3

**STATUTES, RULES, AND REGULATIONS**

Patent L.R. 3-6 ................................................................................................................. 3

ii
Case No. 3:19-cv-05639-WHA         NOTICE OF MOTION AND MOTION FOR LEAVE TO
                                   AMEND IONPATH'S INVALIDITY CONTENTIONS

**NOTICE OF MOTION AND MOTION TO AMEND INVALIDITY CONTENTIONS**

PLEASE TAKE NOTICE that on July 23, 2020, at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 12 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Judge Alsup, Defendant IONpath, Inc. ("IONpath") will, and hereby does, bring this motion for leave to amend invalidity contentions.

By and through this motion, IONpath seeks leave to amend IONpath's invalidity contentions pursuant to Patent Local Rule 3-6. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and such further evidence and argument as may be submitted prior to or at the hearing before this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Introduction**

Defendant IONpath moves to amend and clarify its Patent Local Rule 3-3 Invalidity Contentions under Patent Local Rule 3-6. These amendments come primarily at the request of Plaintiff Fluidigm, which has alleged that IONpath's initial contentions failed to provide proper notice under Patent L.R. 3-3. While IONpath disagrees, it proposes these clarifying amendments to remove any potential or alleged ambiguity and to correct several clerical errors in its initial contentions served April 1, 2020 ("Initial Contentions"). The amendments and clarifications do not change any of IONpath's grounds for invalidity. They do not add any additional pieces of prior art, nor do they add any obviousness theories that were not present in IONpath's initial contentions. Rather, at Fluidigm's insistence, and because IONpath's initial contentions presented obviousness combinations in "groupings" or "categories" using the approach described in *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04-05385 JW (HRL), 2007 WL 951818, at *4 (N.D. Cal. Mar. 28, 2007), the amended contentions further clarify how the references sort into those groupings and how the groupings are combined.

In addition, amendments have been made to IONpath's claim charts at Fluidigm's request regarding the application of prior art to claim elements IONpath contends are governed by § 112(6). These amendments likewise do not add any additional prior art references, nor do they add new

theories of invalidity. Rather, at Fluidigm's insistence, they now precisely adopt the language of Patent L.R. 3-3(c) ("the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function") in identifying the basis for invalidity.

Fluidigm has not raised any other alleged deficiencies with the invalidity contentions. Nevertheless, Fluidigm stated that it does not consent to this amendment.[1]

Lastly, proposed amendments with respect to one piece of previously identified prior art have been made to add citations to references that were recently received in response to a third-party subpoena. Although IONpath served a subpoena seeking this information prior to its original invalidity contentions, these responsive documents were received by IONpath's counsel between May 21–May 29 because of the third party's difficulties responding to the third-party subpoena during the COVID-19 pandemic. IONpath provided its amended invalidity contentions identifying these materials to Fluidigm on May 30. This last category of amendments do not add any new prior art references, nor do they change the theory of invalidity presented; instead the proposed amendment adds additional information to support IONpath's initial contentions.

## II.   Legal Standard

"The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365–66 (Fed. Cir. 2006). "For invalidity claims, the Patent Local Rules achieve this objective by requiring the party asserting invalidity to serve contentions early in the case . . . ." *Largan Precision Co. v. Genius Elec. Optical Co.*, No. 13-CV-02502-JD, 2014 WL 6882275, at *1 (N.D. Cal. Dec. 5, 2014). The local rules on contentions are "not a straitjacket into which litigants are locked from the moment their contentions are served. There is a modest degree of

---

[1] Notably, a similar exchange occurred with respect to Fluidigm's infringement contentions, though it was resolved differently. There, IONpath informed Fluidigm of deficiencies in its contentions, Fluidigm proposed amendments, and the parties stipulated to the amendment. Here, Fluidigm opposes the amendment.

flexibility, at least near the outset." *Takeda Pharm. Co. v. TWi Pharms., Inc.*, No. 13-CV-02420-LHK, 2015 WL 1227817, at *6 (N.D. Cal. Mar. 17, 2015). Rather, Patent Local Rule 3-6 permits amendment of invalidity contentions "by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. Diligence is a precondition to demonstrating good cause, and even if diligence is shown, the moving party must also demonstrate that the other party will not be prejudiced by the amendment. *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, Case No. 14-cv-02864-JD, Dkt. No. 115 (N.D. Cal. March 10, 2016).

### III.  Factual Background

#### A.  IONpath's Initial Contentions

IONpath served Fluidigm with IONpath's Invalidity Contentions and Document Production Pursuant to Patent Local Rules 3-3 and 3-4 on April 1, 2020 ("Initial Contentions"). *See* Declaration of Joshua D. Furman in support of Stipulated Motion For Leave To Amend Invalidity Contentions at ¶ 2 (herein "Furman Decl."). The Initial Contentions included 117 claim charts, for 41 references, duplicated (in part) across the three patents in suit. The claim charts collectively totaled 3040 pages of disclosure. Furman Decl. ¶ 3. These charts were accompanied by an 81-page cover pleading that identified the individual references, and further identified motivations to combine in ways that IONpath contends would render the patents-in-suit invalid as obvious under § 103. Furman Decl. ¶ 4. Those obviousness combinations in the Initial Contentions were presented based on groupings of particular categories of art. Furman Decl. ¶ 5. *See Avago*, 2007 WL 951818, at *4 (finding that approach proper); *Keithley v. The Homestore.com, Inc.*, 553 F. Supp. 2d 1148, 1150 (N.D. Cal. 2008) (affirming use of "same methodology permitted in *Avago*"); *Asia Vital Components Co. v. Asetek Danmark A/S*, No. 16-CV-07160-JST, 2018 WL 4945316, at *4 (N.D. Cal. Oct. 11, 2018) ("Courts within this district have generally approved a grouping approach to obviousness combinations, under which 'a party need not list every combination of prior art when the theory of obviousness *is the same for each and every possible combination of prior art*.'" (emphasis in *Asia Vital*, quoting *Slot Speaker Techs., Inc. v. Apple Inc.*, No. 13-CV-01161-HSG(DMR), 2017 WL 235049, at *6 (N.D. Cal. Jan. 19, 2017)). For example, where multiple references described a system for ICP-MS analysis of samples, and multiple references described a system for tagging

3

samples for analysis, the motivations to combine any of the ICP-MS references and any of the tagging references were combined. Furman Decl. ¶ 5. The Initial Contentions further identify two claim elements of U.S. Patent No. 10,436,698 (the '698 patent) as being governed by 35 U.S.C. § 112(6). Furman Decl. ¶ 6.

### B. Fluidigm's Request for Clarifying Amendments

In a letter dated April 10, 2020, Fluidigm stated that IONpath's contentions failed to sufficiently identify the references included in its obviousness combinations. Fluidigm's letter identified several clerical inconsistencies in IONpath's contentions with respect to the content of the categorized references. Fluidigm's letter further alleged that the way in which IONpath presented its categorized obviousness arguments was improper as a result of alleged ambiguity in which references comprised which buckets. Fluidigm's April 10th letter also alleged that IONpath had failed to specifically identify in its claim charts for the '698 patent 'the structure(s), act(s), or material(s) in each item of prior art' that performs the allegedly claimed function" for those claim elements IONpath alleges are governed by § 112(6). Fluidigm's letter requested that IONpath amend its contentions in order to remedy what Fluidigm considered to be "deficiencies." Furman Decl. ¶ 7.

IONpath responded to Fluidigm's letter on April 17. Specifically, with respect to the sufficiency of the obviousness combinations, IONpath provided an explanation and supporting case law as to why the grouping of references is proper. In addition, to avoid any possible ambiguity as to the contents of the categorizations, IONpath provided a listing that explicitly defined the contents of each group as they were presented in the Initial Contentions. Regarding the § 112(6) disclosures, IONpath also provided a basis as to why it disagreed with Fluidigm's position. IONpath closed by saying that it believed its April 17 letter would resolve any concern with respect to the contentions, but was available to discuss any open question that Fluidigm still had. Furman Decl. ¶ 8.

The parties met and conferred telephonically on April 29. During this conference, IONpath reiterated its position that it was properly presenting categorized obviousness combinations. Fluidigm stated that it did not object to the categorization per se, but that the alleged ambiguities in IONpath's contentions created insufficient notice. Furman Decl. ¶ 9.

In a letter dated May 5, 2020, and in the interest of avoiding further dispute, IONpath asked Fluidigm to confirm that it had identified all issues and concerns regarding the contentions to avoid serial complaints about the contentions or the potential need for serial amendments, IONpath explained that it would then prepare a motion for leave to resolve the clerical corrections described in the communications. Furman Decl. ¶ 10.

On May 6, Fluidigm responded via email, stating: "We understand that IONpath intends to seek leave to supplement and address the deficiencies in its obviousness contentions. We look forward to reviewing IONpath's proposed motion for leave to amend." Furman Decl. ¶ 11. Fluidigm also now stated, contrary to prior representations, that "Fluidigm does indeed object to the *Avago* approach." Furman Decl. ¶ 11.

On May 30, IONpath provided Fluidigm's counsel with proposed amended invalidity contentions, including redline versions for all amendments made to the cover pleading and charts. Furman Decl. ¶ 12. The amended contentions IONpath has proposed include no new prior art references, nor new theories of invalidity. They reflect the content that was included in IONpath's April 17 clarifying letter, and include additional clarifications to remove any potential or alleged ambiguity. Furman Decl. ¶ 13.

### C. Amendments Made to Resolve Fluidigm's Purported Concerns

To avoid any ambiguity, IONpath's amended contentions provide a table that explicitly identifies for each patent in suit (1) defined terms for each category of categorized references, and (2) which prior art references fall into each of those categories. IONpath's Amended Contentions further contain a table for each patent in suit that expressly defines each obviousness combination on which IONpath relies (e.g., Patent X would have been obvious in view of references from category A in combination with references from category B). Furman Decl. Exs. A, B.

Regarding the § 112(6) disclosures, IONpath has provided an amended set of claim charts for those references charted against the '698 patent. The amended charts include explicit disclosures pursuant Rule 3-3, where those disclosures are consistent with the substance that had previously been disclosed in the Initial Charts.

### D. Fluidigm's Refusal to Permit Clarifying Amendments

5

On June 5, Fluidigm refused to stipulate to IONpath's request to make the amendments which Fluidigm itself had requested. Specifically, Fluidigm refused to "consent to IONapth's proposed amendment" with respect to IONpath's obviousness combinations, and with respect to the identification of § 112(6) structures within IONpath's asserted prior art. Fluidigm did agree to the supplementation of the invalidity contentions with the newly received third-party Agilent materials.

Regarding both the obviousness combinations and the § 112(6) statements, Fluidigm alleged that it was prejudiced by both the timing and the content of the timing of the amendment, but did not specifically identify any prejudice nor did it specifically identify anything in the proposed amended contentions which it had identified as failing to comply with Patent L.R. 3-3. Furman Decl. ¶ 14. In its email, Fluidigm alleges that the proposed amendments were provided (1) "after refusing to amend or supplement IONpath's contentions," and (2) "after the parties made their claim construction disclosures and submitted the Joint Claim Construction and Prehearing Statement."[2] Furman Decl. ¶ 14. Both of these statements misstate the record.

First, IONpath provided the substance of the obviousness contention amendments in its April 17th letter. Ex. C (April 17th letter from Furman to Williamson). Moreover, the April 17th letter did not add any new prior art references nor grounds for invalidity, but rather clarified the presentation of obviousness combinations in the Initial Contention's cover pleadings. For example, the April 17th letter provided a detailed list of the categories of prior art references presented, and a list of what references fall into which grouping. *Id.* IONpath's proposed amended invalidity contentions formalize the content of this disclosure (with additional clarifications to remove any potential ambiguity). Ex. A (Proposed Amended Contentions). And while IONpath did state in its April 17th letter that it did not believe supplementation was *necessary*, that letter nevertheless provided what

---

[2] Notably, Fluidigm's June 5 email also asked IONpath to agree to limit its invalidity grounds for the showdown procedure to just two prior art grounds per claim. While the limitation was not expressly presented as a quid pro quo for agreement to the invalidity contention amendments, the timing and position of the proposal would seem to indicate that Fluidigm was linking the issues. Regardless, clarification of IONpath's invalidity contentions, and the number of invalidity grounds presented for the showdown procedure are unrelated issues. IONpath does not believe it is proper to trade one for the other, particularly where the clarifying amendments come at Fluidigm's request.

IONpath understood to be Fluidigm's requested detail. Ex. C (April 17th letter). Critically, this letter was provided *before* any claim construction exchanges were made. Further, after the April 29th meet and confer, IONpath stated in its May 5th letter that it would provide a proposed amendment, and Fluidigm stated on May 6th that they "look forward to reviewing IONpath's proposed motion for leave to amend." There was simply no "refusing."

Second, as to any interplay with the timing of the claim construction disclosures, the parties proposed claim constructions were exchanged on May 6—the same day that Fluidigm acknowledged that it looked forward to reviewing amended contentions—and after IONpath's April 17th letter that provided the substance of the amendments. The parties met and conferred telephonically once and by email several times between then and the filing of the joint claim construction statement, and at no time did Fluidigm even mention—let alone identify any prejudice to the claim construction process—with respect to IONpath's invalidity contentions.

In view of Fluidigm's rejection of the amendments which it had itself requested, IONpath informed Fluidigm that it would proceed with the motion as presented here.

### E. Materials Received from Non-Party Agilent

In addition to amendments provided in order to avoid any potential dispute regarding the sufficiency of IONpath's contentions, IONpath seeks to amend its contentions based on materials received from non-party Agilent on May 21, May 26, and May 29. Furman Decl. ¶ 15. IONpath's Initial Contentions identify a prior art system manufactured by Agilent, based on publicly available information. Furman Decl. ¶ 16. Agilent has recently produced additional material to IONpath in response to a subpoena that was served March 19. Furman Decl. ¶ 15. Agilent's production was delayed in part because of Agilent's difficulties responding to the subpoena during the COVID-19 pandemic. Furman Decl. ¶ 17.

### IV. Argument

Leave to amend should be granted because Fluidigm is not prejudiced by the amendments (which Fluidigm itself requested), and because IONpath has been diligent in providing these amendments. *See Richtek Tech. Corp. v. uPI Semiconductor Corp.*, No. C 09-05659 WHA, 2016

WL 3136896, at *1 (N.D. Cal. June 6, 2016) ("Good cause generally exists when the party seeking leave has been diligent and the opposing party would not suffer undue prejudice if leave is granted.")

### A. Fluidigm Is Not Prejudiced By the Amendment

These requests do not unduly prejudice Fluidigm for several reasons.

*First*, no new prior art is presented by the amended contentions. The amendments do not add any additional prior art references which Fluidigm would not have had the opportunity to review previously, nor do they substantively change IONpath's position with respect to obviousness. To the contrary, the proposed amended contentions formalize IONpath's responses to Fluidigm's complaints, which IONpath provided to Fluidigm on April 17 (one week after Fluidigm first raised these alleged deficiencies). Specifically, the changes here are (1) clarification of the obviousness combinations *of those already identified invalidity references*, and (2) clarification in the charts with respect to prior art references identified for § 112(6) claim elements. Courts routinely grant motions to amend to correct and clarify inadvertent omissions that are more dramatic than those identified by Fluidigm here. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, No. CV 12-00630 LHK, 2012 WL 5632618, at *5 (N.D. Cal. Nov. 15, 2012) (permitting amendment to "**add several claims charts** that were 'mistakenly omitted'"); *Altera Corp. v. PACT XPP Techs., AG*, No. 14-CV-02868-JD, 2015 WL 3832389, at *3 (N.D. Cal. June 19, 2015) (granting leave to amend where "initial charts misquoted the first element of the claim and then based the charted invalidity theory on the incorrectly-quoted element"); *Finjan, Inc. v. Symantec Corp.*, No. 14-CV-02998-HSG(JSC), 2018 WL 620156 (N.D. Cal. Jan. 30, 2018) (denying motion to strike expert report where underlying invalidity contentions included incorrectly copied claim language that omitted means-plus-function elements but nevertheless provided sufficient notice as to theory of invalidity). In contrast to *Apple*, *Altera*, and *Finjan*, IONpath has provided claim charts for all of its identified prior art references; the proposed amendments pertain only to the presentation of obviousness combinations and to the identification of § 112(6) structure within the already-provided charts.

*Second*, the amendments come at Fluidigm's request. Fluidigm contacted IONpath and identified certain questions they had as to IONpath's obviousness combinations and § 112(6)

claims. IONpath maintained then that the initial contentions were sufficient under the rules, but in the interest of advancing discovery and providing clear disclosure, IONpath provided these proposed claim amendments precisely to resolve the concerns identified by Fluidigm. In fact, Fluidigm has alleged that it would be prejudiced if IONpath did ***not*** make these amendments.

*Third*, the case is in its early stages. No depositions have been taken, and no claim construction briefs have been filed. Critically, no expert discovery has occurred. This is not, in contrast, the addition of a newly discovered (or withheld) invalidity theory on the eve of trial. *See, e.g.*, *Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-CV-02864-JD, 2016 WL 6836965, at *1 (N.D. Cal. Mar. 10, 2016), aff'd, 773 F. App'x 623 (Fed. Cir. 2019) (denying in part motion to amend to add new invalidity references that was filed after the close of fact discovery, and ruled on after completion of claim construction and the close of expert discovery).

**B.     IONpath Is Diligent in Seeking Leave**

Regarding diligence, IONpath has been diligent in providing these amendments:

- The Initial Contentions were served on April 1.
- On April 10th, Fluidigm notified IONpath that it believed IONpath's disclosures insufficiently identified the structure for § 112(6) limitations in the prior art and insufficiently specified obviousness combinations.
- On April 17th, IONpath provided a letter clarifying its contentions that it believed would sufficiently resolve any dispute.
- On April 29th, the parties met and conferred, wherein the dispute was not resolved.
- On May 5th, IONpath offered to provide amended contentions.
- On May 6th, the question as to the amendment of contentions was agreed to between the parties when Fluidigm stated it was looking forward to reviewing IONpath's amended contentions.
- On May 30th, IONpath provided a revised cover pleading along with 38 revised claim charts.

In view of the above, IONpath's diligence supports good cause for leave to amend.

With respect to the amendments made regarding the Agilent materials, those materials were received from Agilent on May 21, May 26, and May 29, in response to a subpoena served on third party Agilent on March 19, 2020. On account of the COVID-19 pandemic, Agilent's ability to respond and search for responsive documents was delayed. Accordingly, IONpath is diligent in seeking this amendment. Further, IONpath seeks to add citations based on the newly produced material to a chart that was already included in the Initial Contentions. The supplementation does not add any additional prior art device, nor does it substantively change IONpath's contention, but rather provides further articulation and evidence of IONpath's previously identified contention with respect to this prior art reference.[3]

**V.    Conclusion**

In short, Fluidigm has requested amendments to clarify IONpath's invalidity contentions. IONpath provided those amendments, and now Fluidigm opposes the very amendment it requested. IONpath has been diligent in providing the amendment, proving a detailed written response only seven days after receiving Fluidigm's questions regarding the contentions. Critically, Fluidigm has not—and cannot—identify any prejudice with respect to the amendments because IONpath's amendments present *no* new prior art references nor new theories of invalidity, but merely clarify those already presented. The amendments serve only to remove any potential ambiguity and resolve any dispute as to the sufficiency of IONpath's Initial Contentions.

The underlying purpose of the contention disclosures set forth in the Patent Local Rules is to avoid shifting sands litigation tactics, to permit both parties to fairly crystallize the theories of their case and allow the other to prepare their responses and defenses. The substance and presentation of IONpath's obviousness combinations in its amended contentions is in line with the practice in this district—fully consistent with the initial disclosures but providing additional clarity at the request of Fluidigm. They provide fair and clear notice to Fluidigm as to IONpath's grounds for invalidity, were presented diligently, and create no risk of prejudice. Leave to amend should be granted.

---

[3] As identified above, Fluidigm indicated that it does not oppose supplementation with respect to the Agilent Materials.

| | | |
|---|---|---|
| Dated: June 12, 2020 | By: | /s/ Sonal N. Mehta |

WILMER CUTLER PICKERING
HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
950 Page Mill Road
Palo Alto, California 94304
Telephone:   (650) 858-6000
Facsimile:    (650) 858-6100

OMAR A. KHAN (*pro hac vice*)
Omar.Khan@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:   (212) 230-8800
Facsimile:    (212) 230-8888

JOSEPH TAYLOR GOOCH (SBN 294282)
Taylor.Gooch@wilmerhale.com
JOSHUA D. FURMAN (SBN 312641)
Josh.Furman@wilmerhale.com
1 Front Street, Suite 3500
San Francisco, California 94111
Telephone:   (628) 235-1000
Facsimile:    (628) 235-1001

*Attorneys for Defendants IONpath, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2020, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

Dated: June 12, 2020					By:	*/s/ Sonal N. Mehta*
							Sonal N. Mehta