

BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway  Suite 3600
St Louis  MO 63102
T: +1 314 259 2000
F: +1 314 259 2020
www.bclplaw.com

June 16, 2020

Nick E. Williamson
Direct: 314/259-2661
Fax: 314/259-2020
nick.williamson@bclplaw.com

Honorable William H. Alsup
United States District Court
Northern District of California
San Francisco Courthouse
950 Golden Gate Avenue
San Francisco, California 94102

**FILED AND SERVED BY ECF**

Re:   *Fluidigm Corporation, et al. v. IONpath, Inc.*, Case No. 19-cv-05639-WHA
       Response to Letter Brief (ECF 87-4, Unredacted; ECF 88, Redacted)

Dear Judge Alsup:

Plaintiff Fluidigm's objections and response to Defendant IONpath's interrogatory number 8 are appropriate and warranted. Fluidigm provided a detailed response and respectfully submits that it should not be compelled to provide any further response and, instead, that the Court should strike, in its entirety, IONpath's overbroad and unduly burdensome discovery request. Providing yet further detail would amount to nothing more than busy work, designed not to advance the litigation, but instead to simply make it more expensive.

**Fluidigm's Response Includes Seventeen Pages of Claim Charts**

IONpath mischaracterizes its interrogatory as asking merely that Fluidigm "provide its assertion that certain of its products embody the asserted claims." ECF 87-4, p. 1. Of course, Fluidigm made that assertion when it fulfilled its obligations under Patent L.R. 3-1(g). *See* ECF 87-5. And, contemporaneous with that disclosure, Fluidigm produced and identified over 200 pages of documents sufficient to show the operation of Fluidigm's practicing products. *See* Patent L.R. 3-2(e); FLUIDIGM_00005342-5346 and 5371-5567. IONpath does not, and cannot, complain that Fluidigm's Patent L.R. 3-1(g) and 3-2(e) disclosures and production are somehow insufficient.[1]

Fluidigm's response to IONpath's interrogatory builds upon those earlier disclosures by additionally providing detailed charts spanning seventeen pages to illustrate how a person of ordinary skill in the art would understand how Fluidigm's products practice the inventions of the Asserted Claims.[2] Fluidigm provided these illustrative charts notwithstanding its objections, including that the Court has not construed disputed terms in the Asserted Claims and that information sought is properly the subject of expert reports and testimony.

---

[1]   On February 11, 2020, IONpath requested that Fluidigm amend or supplement other aspects of its infringement contentions. Fluidigm diligently did so and, in under two weeks' time, sought leave of Court to serve amended infringement contentions. ECF 50.

[2]   IONpath provided the Court with only the final five (5) pages of Fluidigm's illustrative charts.

Honorable William H. Alsup
June 16, 2020
Page 2



Notably, in requesting that the Court compel Fluidigm to supplement its response, IONpath has neither explained what it cannot understand from Fluidigm's original response nor provided any specific examples of what information is allegedly lacking. The lone "example" in IONpath's letter is a conclusory statement that lacks any elucidation. ECF 88-6 at p. 2, Sec. 2. Between Fluidigm's Patent L.R. disclosures and production, seventeen pages of illustrative claim charts, and claim construction disclosures, IONpath has more than sufficient information to understand and test Fluidigm's positions.

**Fluidigm Objected to IONpath's Overbroad and Unduly Burdensome Discovery**

On March 13, 2020, over three months ago, Fluidigm timely objected to the interrogatory as "overly broad and unduly burdensome and disproportionate in that the Interrogatory appears to request a response in a specific chart format which exceeds the requirements of Federal Rule 33." Exhibit 1, Excerpt of Fluidigm's Objections and Response, Objection (iii). For the Court's convenience, Fluidigm has reproduced the subject interrogatory below and highlighted, in bold, the explicitly-objected to "specific chart format."

> Separately for each asserted claim that you contend is practiced by You, Your licensees, Your predecessors-in-interest, or any Third Party that practices or has practiced (or is alleged to practice or have practiced), Including each product disclosed in Fluidigm's Disclosure of Asserted Claims And Infringement Contentions Under Patent L.R. 3-1, **Identify in chart format all facts and circumstances supporting or otherwise Relating to that contention (Including Documents and persons with knowledge) as well as an identification of the precise element of the product or method alleged to practice each element in each asserted claim.**

*See* ECF 88-6.

Rather than craft a reasonably narrow interrogatory from the start, IONpath commanded an overbroad, unduly burdensome, and disproportionate "specific chart format" including all facts and circumstances, documents, persons with knowledge, and an identification of precise elements of the practicing products. Now, conceding that its demands for all facts and circumstances, documents, and persons with knowledge were improper (*i.e.*, each is conspicuously absent from IONpath's letter brief), IONpath seeks to salvage its interrogatory by asking the Court to compel "Fluidigm to provide a limitation-by-limitation response that specifies how each product or method that Fluidigm contends practices the asserted patents meets the claims' limitations." ECF 88-4, Letter, p.2.

IONpath's interrogatory was and is improper; overbroad, unduly burdensome, and disproportionate. Accordingly, Fluidigm respectfully submits that this dispute should be resolved not by an order compelling a further response, but by an order striking, in its entirety, IONpath's interrogatory number 8. Supplemental Order, ¶ 17.

**Courts Do Not "Routinely Compel" Specific, Element-by-Element Charts**

The rulings cited in IONpath's letter brief are distinguishable on their facts and/or did not grant the overbroad and burdensome limitation-by-limitation discovery requested here. Further, none of those rulings issued from a court within this District.[3]

Although IONpath principally cites to *Infernal Technology, LLC v. Microsoft Corp.*, that case turned on different facts and is not analogous. There, unlike here, the patent owner's response frustrated discovery by simply listing its practicing products and stating that source code would be made available.

---

[3] Fluidigm, too, is not aware of any such rulings from within this District.

Honorable William H. Alsup
June 16, 2020
Page 3



Exhibit 2, Excerpt of Objections and Response from *Infernal Tech.*, Case No. 2:18-cv-1444-JRG (E.D. Tex.) (ECF 91-1). Here, Fluidigm has made meaningful disclosures to IONpath both under the Patent L.R. and in the extensive charts responding to interrogatory number 8.

In addition, *Infernal Technology* concerned a materially different software field that required source code correlations, which introduced complications absent from Fluidigm's physical instruments and reagents that practice the Asserted Claims here. *See Id.*

The facts in *Blast Motion, Inc. v. Zepp Labs, Inc.* are also meaningfully different from those here. In *Blast Motion*, the patent owner refused to provide an informative response and instead "responded by referring to each of its asserted patents and the publicly available Blast Motion products." *Blast Motion, Inc.*, Case No. 3-15-cv-00700-JLS-NLS, 2016 WL 5107677, at *1, *4 (S.D. Cal. Mar. 2, 2016). The patent owner used a similar tactic, of simply identifying documents under Fed. R. Civ. P. 33(d), in responding to other discovery. *Id.* at *2-*3. Accordingly, the Court ordered supplementation. *Id.* at *4. Fluidigm does not rely upon mere citations to documents and, instead, has disclosed comprehensive information both in its Patent L.R. disclosures and in its responsive charts.

The patent owner in *Apple Inc. v. Wi-LAN Inc.* likewise attempted to rely upon documents identified pursuant to Fed. R. Civ. P. 33(d). *Apple Inc.*, Case No. 14-cv-2235-DMS, 2018 WL 7733740, at *1 (S.D. Cal. Feb. 6, 2018). The Court found that response insufficient because the patent owner "has not established that the burden of ascertaining the answer to the interrogatory from the identified documents is substantially the same for Apple and Wi-LAN." *Id.* Although the Court ordered a supplemental response, it expressly found that the "response **does not** have to be in the chart format requested by Apple." *Id.* at *2 (emphasis added).

In the other rulings on which IONpath relies, the courts did not compel element-by-element charts. *Superspeed, LLC v. IBM Corp.*, Case No. 2:07-cv-00089-CE, Dkt. No. 152 at 1 (E.D. Tex. Jan. 7, 2009) (the court did not analyze the issue and expressly noted that the parties had reached an agreement that resolved their dispute) (Exhibit 3, Order); *LifeNet Health v. LifeCell Corp.*, Case No. 2:13-cv-486, 2014 WL 4162113, at *4-5 (E.D. Va. Aug. 19, 2014) (the patent owner refused to supply any claim chart; the court simply ordered "more complete answers" to the interrogatory, and did not compel specific element-by-element charts); *UltimatePointer, L.L.C. v. Nintendo Co.*, Case No. 6:11-cv-496-LED, 2014 WL 12521379, at *3 fn2 (E.D. Tex. June 4, 2014) (the interrogatory sought "For each [practicing product], for each asserted claim, provide claim charts that show where the asserted claim(s) are embodied by or practiced by the product or prototype"; element-by-element charts were neither requested nor ordered).

Courts do not, as IONpath contends, "routinely compel parties to provide detailed, limitation-by-limitation contentions for products identified as embodying." ECF 88-4, Letter, p.2. The Court should not do so here.

Respectfully Submitted,

Nick E. Williamson, Counsel for Plaintiffs Fluidigm Corp. and Fluidigm Canada Inc.