UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FLUIDIGM CORPORATION, et al.,

    Plaintiffs,

v.

IONPATH, INC.,

    Defendant.

No. C 19-05639 WHA

**ORDER RE TIMELY AMENDMENT OF PATENT CONTENTIONS**

## INTRODUCTION

Patent cases in this district occasionally raise the question of the extent to which our patent local rules require infringement and invalidity contentions to set forth not only a party's primary theory but also its backup theory in case its opponent's claim construction prevails. This order holds that they do so require. Operative infringement or invalidity contentions must include any such contingent contentions and the disclosing party must move to amend at the earliest reasonable opportunity after receiving the opposing party's claim construction disclosure.

## STATEMENT

Rather than leave it to interrogatories, our patent local rules frame an orderly exchange of information to facilitate patent litigation. Fourteen days after the initial case management conference, a patent owner must serve its infringement contentions, specifying "where and how each limitation of each asserted claim is found within each Accused Instrumentality." A patent

owner asserting infringement under either a means-plus-function interpretation of a claim under 35 U.S.C. § 112(6) or under the doctrine of equivalents must also specify so, limitation by limitation. Pat. L.R. 3-1.

In response, forty five days later, an accused infringer must serve its invalidity contentions to identify "each item of prior art that allegedly anticipates each asserted claim or renders it obvious," explain "[w]hether each item of prior art anticipates each asserted claim or renders it obvious" (and, if asserting obviousness, explain "why the prior art renders the asserted claim obvious"), and specify "where and how in each alleged item of prior art each limitation of each asserted claim is found." Similar to the above, if an accused infringer employs any means-plus-function interpretations in asserting invalidity, it must specify each limitation purportedly covered by 35 U.S.C. § 112(6). Pat. L.R. 3-3.

Fourteen days after service of the invalidity contentions, in the normal case, the parties exchange lists of claim terms which they each believe require construction. As usual, a party must identify each term it construes as a means-plus-function term under 35 U.S.C. § 112(6). The parties then meet and confer to identify the ten key terms most in need of construction. Pat. L.R. 4-1.

Twenty one days later, the parties exchange their "proposed constructions of each term identified by either party for claim construction." Following the running theme, each party must identify those terms it interprets as a means-plus-function term, *and* identity the structure, act, or material corresponding to the term's function. At the same time, each must disclose *all* citations to the specification, prosecution history, or *any* extrinsic evidence that it will offer to support its proposed construction. Moreover, each party must also identify each witness, percipient or expert, it will offer to support its constructions, along with a "description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction." Pat. L.R. 4-2.

Our patent local rules do permit amendment of the parties' infringement and invalidity contentions, but not so liberally as for amending pleadings. Rather, contention amendment

"may be made only by order of the Court upon a timely showing of good cause." Illustrative examples that *may* show good cause, absent prejudice to the opposing party, include:

> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
>
> (b) Recent discovery of material, prior art despite earlier diligent search; and
>
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Emphasizing a party's duty to *move* for leave to amend, "[t]he duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions." Pat. L.R. 3-6.

\*           \*           \*

Following the January 23 initial case management conference herein, patent owner Fluidigm Corporation served its Rule 3-1 infringement contentions on February 6. At 9:44 p.m. on February 24, 2020, patent owner sought retroactive approval to amend its infringement contentions, served earlier that day on defendant and accused infringer IONpath, Inc. A February 26 order reluctantly blessed the *fait accompli* after the party most prejudiced, IONpath, consented. But, it warned that future amendment of infringement (or invalidity) contentions would "be governed strictly by Patent Local Rule 3-6's good cause standard."

IONpath, the accused infringer, served its Rule 3-3 invalidity contentions on April 1 and moved to amend them on June 12. Though, Fluidigm initially opposed the amendment, it later retracted, and a July 11 order granted leave to amend (Dkt. Nos. 92, 104, 108).

In the meantime, on May 6, the parties exchanged their Rule 4-2 claim construction disclosures. On June 1, they filed their Rule 4-3 joint statement. Looking forward to our so-called "patent showdown," the parties expected to exchange expert reports and complete the

3

relevant expert discovery on their own schedule, file opening briefs on September 3, and argue their dueling summary judgment motions on October 22 (Dkt. Nos. 86, 75, 114, 120).[1]

On July 27, the parties exchanged opening expert reports. Patent owner served the expert report of Dr. Gary Hieftje, asserting infringement of U.S. Patent Nos. 10,180,386 and 10,436,698. According to IONpath, Expert Hieftje improperly (i) asserted means-plus-function theories under 35 U.S.C. § 112(6) and under the doctrine of equivalents that were not disclosed in patent owner's operative infringement contentions; and (ii) opined on claim construction despite not being disclosed as a claim construction expert. Following meet and confer, IONpath moved to strike the contentions on August 3. The parties exchanged rebuttal expert reports on August 10 (Dkt. Nos. 114). This order follows full briefing and a hearing (held telephonically due to COVID-19).

## ANALYSIS

1.  **NECESSITY OF DISCLOSURE.**

This order holds that after receiving the other side's preliminary claim construction disclosure under Rule 4-2, a party in patent litigation must move promptly to disclose any back-up contentions it may wish (or eventually wish) to make for its infringement or invalidity case in the event the other side's claim construction is thereafter adopted or else any such back-up contentions will be deemed waived. Promptly means within 28 days at the latest. A party, of course, is not required to have a back-up theory and may rest entirely on its own claim construction, but in the event the other side's claim construction prevails, such a party will not be allowed to assert back-up theories at that later juncture. For purposes of this order, a mere letter, email, or disclosure other than the formal disclosure imposes no duty to amend (nor will it satisfy the duty to disclose). What triggers the obligation described herein is the formal claim

---

[1] In the patent showdown, the parties each choose one claim — presumably patent owner's strongest case for infringement and the accused's strongest case for invalidity or noninfringement — to proceed on expedited fact and expert discovery and summary judgment motions. This procedure affords more wholesome briefing on the two claims (or one, if the parties choose the same claim), permits a better decision on the merits as to those claims, and shows the parties which way the winds blow early enough in the case to stave off unnecessary years of costly litigation, unless warranted by the merits.

4

construction disclosure. The obligation does not extend to any alternative claim constructions set forth by an opponent, even those in a formal disclosure, for that would invite rambling claim construction disclosures that would tend to burden or trap. It extends only to a cogent claim construction without variables or alternatives. Nor does waiver apply in the event the other side modifies its claim construction later in its joint statement or opening brief under Rules 4-3 and 4-5. Any such modification would offer a new opportunity to move to amend to assert backup contingent infringement or invalidity contentions.

In our case, Rule 3-1 required the patent owner to specify each limitation it contends to be infringed under either a means-plus-function construction or the doctrine of equivalents. Expert Hieftje opines extensively that IONpath infringes claim 1 of the '698 patent under a means-plus-function interpretation of two limitations reciting: (i) "a first device to vaporize, atomize, and ionize multiple elemental tags;" and (ii) "a second device to detect, by mass spectrometry, lanthanides and/or noble metals . . . ." And, describing infringement of several other limitations of claims 1 and 9 of the '386 patent and claims 1 and 6 of the '698 patent, Expert Hieftje opines, for example, that "[i]f the Court were to find that the IONpath MIBI System does not literally meet this limitation, it is my opinion that it would be covered under the doctrine of equivalents . . . ." *Significantly, neither the '386 patent nor '698 patent operative infringement contentions disclosed these means-plus-function or doctrine of equivalents theories* (Hieftje Rpt., Dkt. No. 114-2, at ¶¶ 69, 158–79, 195–202; Dkt. Nos. 114-8; 114-9).[2]

Patent owner primarily contends that, in its infringement contentions, it had no duty to disclose its doctrine of equivalents and means-plus-function theories as they were merely backup theories, responsive to IONpath's claim constructions. The purpose of our patent local rules counsels otherwise.

Our patent local rules "require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *LG Elecs. Inc. v. Q-*

---

[2] IONpath admits up front that patent owner did properly disclose DOE theories regarding the "vaporization, ionization and atomization" limitations (Dkt. No. 114 at 5–6; *see, e.g.*, Dkt. Nos. 114-8 at 19; 114-9 at 18).

5

*Lity Comp. Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) (Magistrate Judge Elizabeth D. Laporte). Before our local patent rules, parties struggled to determine the opposing party's theory of liability via discovery requests, such as contentions interrogatories. Our patent local rules replaced the bone-crushing burden of scrutinizing and investigating discovery responses with the parties' infringement and invalidity contentions. And, just as important, the rules "requir[ed] both the plaintiff and the defendant in patent cases to provide *early notice* of their infringement and invalidity contentions." *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) (emphasis added).

The patent local rules used to provide greater leeway in amendment of contentions in response to claim construction. Originally, Rules 3-1 and 3-3 characterized the infringement and invalidity contentions as *preliminary* contentions. And, Rule 3-6 permitted contention amendment *without* leave of the court within 30 days of and "in good faith" response to the court's claim construction ruling. Our district abandoned that framework in 2008. Now, "a party may amend its contentions only by order of the court upon a 'timely showing of good cause.'" *See O2 Micro*, 467 F.3d at 1359–60, n. 4–5; Hon. James Ware & Brian Davy, *The History, Content, Application and Influence of the Northern District of California's Patent Local Rules*, 25 SANTA CLARA HIGH TECH. L.J. 965, 993 (2009).

True, in its current form, Rule 3-6(a) does permit motions for contention amendment following claim construction. But the primary question of good cause is a party's diligence, and "[i]n considering the party's diligence, the critical question is whether the party could have discovered the new information earlier had it acted with the requisite diligence." *Radware Ltd. v. F5 Networks, Inc.*, No. C 13-02024 RMW, 2014 WL 3728482, at *1 (N.D. Cal. Jan. 1, 2014) (Judge Ronald M. Whyte). Under the current rules, "parties should proffer *all* of the theories of infringement [or invalidity] that they in good faith believe *they can assert*." *See Apple Inc. v. Samsung Elecs. Co.*, No. C 12-0630 LHK, 2013 WL 3246094, at *3 (N.D. Cal. June 26, 2013) (Magistrate Judge Paul S. Grewal) (emphasis added). Thus, where a proposed amendment responds to the opposing party's claim construction (as opposed to the court's own claim construction), many courts in this district measure the moving party's diligence from the

date it had *notice* of the opposing claim construction (and not the date of the court's claim construction order). *See Word to Info Inc. v. Facebook*, No. C 15-03485 WHO, 2016 WL 6276956, at *4–7 (N.D. Cal. Oct. 27, 2016) (Judge William H. Orrick) (collecting cases).

A question in the rules arises here, namely, the extent to which a party must diligently move to amend its theories in response to an opponent's claim construction proposals. This order adopts a bright line rule that eliminates guesswork and furthers the purpose of our patent local rules.

Where a party may wish to advance backup infringement or invalidity theories contingent upon the opposition's claim construction, the clock starts ticking when the parties exchange those formal claim constructions. And, in this Court's view, twenty eight days will generally be the outside limit of a reasonable and adequate amount of time for a party to move for leave to amend its contentions.

To counter the gimmick of a party advancing multiple definitions for a single term, there will be no duty to move to amend when the opposing side offers multiple constructions of a term. The duty occurs only when a single clean definition is offered for a term. To require otherwise would pile supposition upon supposition.

It's worth noting that Rule 4-2's description of "preliminary" claim construction disclosures appears somewhat misleading inasmuch as the rules do not explicitly provide for a "final" claim construction (as the rules once, but no longer, provided for the parties' Rule 3-1 and 3-3 infringement and invalidity contentions). Moreover, although titled "preliminary," the Rule 4-2 claim construction disclosures shape the course of discovery, investigation, and expert homework. They are the last time before the joint statement that any party must set forth its claim construction contentions. So, despite the misnomer of "preliminary," these disclosures become case landmarks. If one side does modify its proposed claim construction, the other party remains free to move to amend its infringement or invalidity contentions in response, even if it had not moved to respond previously.

This holding may go a step further than some judges in this district have gone. Still, however, this is the undersigned's best reading of the rule and the one most consistent with the

purpose of our patent contentions. This holding also aligns with the practice of those judges who follow Judge Ronald Whyte, one of the principal architects of our patent local rules, in construing claims *at summary judgment* (or at trial). Since it may be then that a party first learns its claim construction has lost, we may nevertheless proceed briskly ahead, the parties having already stated their backup contentions (or else waived them).

Here, the parties have known since the beginning that they will present comprehensive infringement and invalidity cases at the showdown. We will not delay and go back to the drawing board if one side's claim construction is adopted. Contingent contentions should already have been disclosed per Rules 3-1 and 3-3. As undisclosed theories, patent owner's new theories here might well be stricken now. This order now addresses whether that should occur.

### 2. AMENDMENT WILL BE ALLOWED.

The parties exchanged preliminary claim constructions on May 6. The diligence clock started then for any motions to add responsive infringement or invalidity theories. Patent owner rests too much on its characterization of these new theories as merely contingent. For example, patent owner argues that because it construes no terms as means-plus-function limitations, it need not disclose its means-plus-function infringement theory in its contentions because Rule 3-1(c) only requires disclosure "for each limitation that [a] party [does] contend[] is governed by 35 U.S.C. § 112(6)." But this ignores the entire purpose of the rules. Patent owner affirmatively seeks to assert these new theories against IONpath, so they must be disclosed in its contentions. The clock started May 6. Patent owner should have moved to amend by June 3. It never did. Right there, any argument of patent owner's diligence fails.

Though the inquiry may end if the amending party was not diligent, a court retains discretion to grant leave to amend in the absence of prejudice to the opposing party. "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Karl Storz Endoscopy-America, Inc. v. Stryker Corp.*, No. C 14-00876 RS (JSC), 2016 WL 7386136, at *3 (N.D. Cal. Dec. 21, 2016) (Magistrate Judge Jacqueline Scott Corley).

Patent owner first disclosed its new theories on July 27, the same day IONpath served its expert invalidity report, two weeks before its noninfringement report was due, five weeks before its opening briefs were due, and seven weeks after patent owner should have moved to amend. At the hearing, IONpath explained its surprise to learn of several new theories. Had patent owner timely disclosed its new theories in its infringement contentions, IONpath could have spent that time investigating the new theories, taking discovery, preparing responses, and developing invalidity arguments within the new claim scope. This prejudice appears genuine and patent owner offers no reason for its failure to timely move to amend.

Nevertheless, other cause for delay mitigates the prejudice here. For extraneous, legitimate reasons, the patent showdown must be continued by a month, extending that delay to two months will provide IONpath the time it otherwise would have had to respond to patent owner's means-plus-function and DOE theories. Thus, this order will permit patent owner to amend its infringement contentions to include the new, challenged theories.

### 3. CLAIM CONSTRUCTION OPINIONS.

Patent Local Rule 4-2(b) requires a party to identify and describe expert witness testimony to be advanced at claim construction. Federal Rules of Civil Procedure 26 and 37 combine to requires parties to identify witnesses providing evidence or opinion, on pain of preclusion. *Ipsilium LLC v. Cisco Sys.*, No. C 17-07179 HSG, 2019 WL 1644399 at *2 (N.D. Cal. April 16, 2019) (Judge Haywood S. Gilliam); *GoPro, Inc. v. C&A Mktg., Inc.*, No. C 16-03590 JST, 2017 WL 2335377 at *2 (N.D. Cal. May 30, 2017) (Judge Jon S. Tigar).

Patent owner identified four experts in its Rule 4-2 disclosures. It did not identify Expert Hieftje as a claim construction expert. So he may not offer opinions on the construction of disputed claim terms. Nonetheless, Expert Hieftje opines extensively on claim construction in his expert infringement report.

Patent owner argues it has already confirmed that it will not use the expert report to argue claim construction and characterizes the challenged opinions in three groups, in which Expert Hieftje merely: (i) discusses and agrees with Dr. Thomas Kelly's (an adequately disclosed expert) constructions (*e.g.*, Hieftje Rpt. at ¶¶ 94–99, 174–76, 178); (ii) attempts to understand,

interpret, and apply IONpath's proposed claim constructions (*e.g.*, ¶¶ 67, 122, 123, 134, 135, 187, 190, 191); and (iii) references, without opinion, IONpath's claim constructions (*e.g.*, ¶¶ 102, 104).

Yet in each of patent owner's groups, Expert Hieftje offers his own constructions and opines on others' constructions. In the first group, for example, Expert Hieftje agrees with Expert Kelly's construction and offers his "view, consistent with the opinion of Dr. Kelley, that IONpath's proposed construction is improperly narrow" (*e.g.*, ¶¶ 96–97, 99, 178). In the second group, for example, he asserts that "I do not read the '386 Patent to require such [an interpretation,]" "disagree[s]" with IONpath's construction, and explains that "it is my opinion that such a construction is counter to the patent and the words of the claim as they would be understood by a POSIA" (*e.g.*, ¶¶ 67, 123, 134). And, in the last batch, for example, he delves into IONpath's suspected "motivat[ion]" behind its claim construction, and notes that another proposed construction "possesses other flaws" (*e.g.*, ¶¶ 102, 104). These opinions exceed the scope of infringement analysis and instead offer judgment on correct claim construction.

As we have the time, however, patent owner shall amend its infringement report to remove Expert Hieftje's opinions regarding claim construction, or judgments about others' claim constructions.

## CONCLUSION

Despite patent owner's neglect, unusual circumstances will allow patent owner to amend its infringement contentions to include the new means-plus-function and DOE theories and to amend its expert report to remove improper claim construction. It **SHALL NOT** exceed these bounds of amendment absent exceedingly good cause and a diligent motion to amend. IONpath shall enjoy ample time to fairly respond. IONpath has not moved to amend its invalidity contentions in light of patent owner's proposed claim constructions and, in light of this order, should consider whether to move to amend.

For now, the patent showdown is continued as follows:

1. Patent owner shall serve the above-specified amendments by **AUGUST 31 AT NOON**.

2. IONpath shall serve its amended reports and prior art disclosures by **OCTOBER 15 AT NOON**. Patent owner shall *promptly* comply with supplemental discovery requests in the interim.

3. Patent showdown opening briefs are due **OCTOBER 29 AT NOON**.

4. Opposition briefs are due **NOVEMBER 12 AT NOON**.

5. Reply briefs are due **NOVEMBER 19 AT NOON**.

6. A telephonic hearing is set for **DECEMBER 17 AT 8:00 A.M.**

Finally, IONpath's administrative motion to seal the particularly sensitive personal information warranting continuance of the patent showdown is **GRANTED** (Dkt. No. 124). IONpath shall please keep the Court apprised of the circumstances and the need for further delay to accommodate. Except to the extent stated above, the motion to strike is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 25, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE