WILMER CUTLER PICKERING
  HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

OMAR A. KHAN (*pro hac vice*)
Omar.Khan@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

JOSEPH TAYLOR GOOCH (SBN 294282)
Taylor.Gooch@wilmerhale.com
JOSHUA D. FURMAN (SBN 312641)
Josh.Furman@wilmerhale.com
One Front Street, Suite 3500
San Francisco, California 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

Attorneys for Defendant
*IONpath, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FLUIDIGM CORPORATION, a Delaware corporation; and FLUIDIGM CANADA INC., a foreign corporation,<br><br>Plaintiffs,<br><br>IONPATH, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:19-cv-05639-WHA<br><br>**IONPATH'S OPPOSITION TO PLAINTIFFS' MOTION TO AMEND BRIEFING SCHEDULE ON PLAINTIFFS' MOTION TO MODIFY SCHEDULING ORDER AND FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

Plaintiffs Fluidigm Corporation, a Delaware corporation; and Fluidigm Canada Inc., a foreign corporation ("Fluidigm") has filed a Motion for Leave to File a Third Amended Complaint, and concurrently filed a Motion to accelerate the briefing schedule on the Motion for Leave. Defendant IONpath, Inc. ("IONpath") opposes Fluidigm's motion to accelerate the briefing schedule. Fluidigm seeks to accelerate the Motion for Leave schedule to require an opposition in just *six business days* (by September 16). But Fluidigm's Motion for Leave adds claims that are not part of the showdown,[1] and thus the good cause standard for such an acceleration of the schedule is not met.

## I.   Fluidigm's Third Amended Complaint And The Motion for Leave

Fluidigm's underlying Motion for Leave to Amend—which it seeks here to accelerate—seeks to add two claims: a breach of contract claim, and a False Designation of Origin claim under the Lanham Act. Both of these claims are allegedly premised (at least in part) on statements made in a March 2020 academic journal publication, and related statements in an August 28, 2020 deposition of IONpath's Dr. Ptacek. If the amendment is allowed, neither of these claims would be part of the Court's showdown procedure. Dkt. No. 75.

## II.   Fluidigm Fails To Provide A Particularized Showing of Harm

"Under Local Rule 6–3, a party seeking an order shortening (or enlarging time) must make a ***particularized*** showing." *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2013 WL 5232500, at *2 (N.D. Cal. Sept. 17, 2013) (emphasis added). Plaintiff further must identify "substantial harm or prejudice" that will occur without the change in time. Civil L.R. 6-3(a)(3). While Plaintiff has identified a desire to take discovery on the issues that would be contained in the amended claims, Plaintiff has not actually identified an "impending time-critical event" that warrants the accelerated schedule, nor have they identified *substantial* harm that will occur on the current schedule. *O'Connor*, 2013 WL 5232500, at *2.

---

[1] Even if these claims were somehow relevant to the Court's showdown procedure, showdown summary judgment opening briefs are due to be filed ***October 29***, with a hearing on ***December 17, 2020***. (Dkt. No. 130).

Specifically, Fluidigm argues that good cause exists for their rushed schedule because discovery on non-showdown claims is ongoing. Mot. at 1. Fluidigm alleges that the standard briefing schedule will result in Fluidigm being forced to choose between delaying its depositions of certain IONpath witnesses until after the motion is decided upon, or proceeding with certain depositions "without knowing whether the additional claims of its Proposed Complaint are in the case." Mot at 1-2.

First, Fluidigm provides no cogent reason as to *why* it needs to know whether the new contract and Lanham Act claims will be permitted before drafting its showdown MSJ on direct infringement. There is no question that these claims cannot be included in the summary judgment briefing. Dkt. No. 135-1 at ¶ 2. The showdown is not merely an early MSJ on the claims of Plaintiff's choice—it is expressly limited to issues of direct patent infringement and invalidity on selected claims. This focusing of the issues is required by the Court's procedure. Dkt. No. 45, 75. Thus, Fluidigm's statement that it "risks missing out on the opportunity to include potentially valuable testimony in its showdown papers" is puzzling at best, and certainly not a basis for good cause. Mot. at 1-2. Put another way, the (potential) lack of this testimony does not stand to substantially harm Fluidigm's summary judgment briefing on *different* causes of action.

Second, even if Fluidigm were pressured for time, it's a situation entirely of its own making. Discovery in this case has been open since January 23, 2020 and this Court's Supplemental Order Setting Initial Case Management Conference In Civil Cases Before Judge William Alsup explicitly advises parties that "[t]he judge disfavors the practice of postponing all depositions until all documents are finally produced." Dkt. No. 45 at ¶ 5; Court's Supplemental Order Setting Initial Case Management Conference In Civil Cases Before Judge William Alsup, at ¶ 27. And yet, Fluidigm waited until July 24, 2020 to request a mid-August deposition of Dr. Ptacek. *See* Gooch Decl.,[2] ¶ 7; *see also* Ex. 2. And then stated that Dr. Ptacek's deposition would occur on August 28, 2020. Ex. 2. Notably, at the time, the showdown motions for summary

---

[2] All references to the "Gooch Decl." are to The Declaration of Joseph Taylor Gooch in Support of IONpath's Opposition to Plaintiffs' Motion to Amend Briefing Schedule on Plaintiffs' Motion to Modify Scheduling Order and for Leave to File Third Amended Complaint, filed herewith; all "Ex." references are to the exhibits to the Gooch Decl.

IONPATH'S OPPOSITION TO MOTION TO AMEND BRIEFING SCHEDULE

judgment would have been due just **six days** after Dr. Ptacek's deposition, September 3, 2020. Dkt. No. 75.  To the extent Fluidigm now complains that it does not have sufficient time, that is a result of its own decisions.

Third, Fluidigm's argument regarding non-showdown discovery presents a false dichotomy.  There is no reason why Fluidigm would be unable to proceed with its depositions and seek discovery that it considers relevant to its new claims, without accelerating the briefing schedule for the motion to amend by compressing IONpath's time to respond to just six days.  Just as Fluidigm sought information during Dr. Ptacek's deposition which Fluidigm now considers relevant to its newly proposed claims, Fluidigm could have asked questions of Dr. Finn on subjects that are already at issue in the case (including based on Fluidigm's claims for alleged interference with contract)  independent of this Court's ruling on the motion to amend. Indeed, Fluidigm has not identified any issues or lines of questions on which it would seek to depose IONpath witnesses that it could not already be deposing those same witnesses  based on its existing claims for alleged interference with contract.

**III.   Conclusion**

The Court should deny Plaintiffs' motion and allow the Motion for Leave to proceed on the normal schedule.

Dated: September 10, 2020

By:  */s/ Taylor Gooch*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
SONAL N. MEHTA
OMAR A. KHAN
JOSEPH TAYLOR GOOCH
JOSHUA D. FURMAN

*Attorneys for Defendant IONpath, Inc.*

IONPATH'S OPPOSITION TO MOTION TO AMEND BRIEFING SCHEDULE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2020, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

Dated:  September 10, 2020                    By:   */s/ Taylor Gooch*
                                                                  Joseph Taylor Gooch