WILMER CUTLER PICKERING
  HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:   (650) 858-6000
Facsimile:   (650) 858-6100

OMAR A. KHAN (*pro hac vice*)
Omar.Khan@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone:   (212) 230-8800
Facsimile:   (212) 230 8888

JOSEPH TAYLOR GOOCH (SBN 294282)
Taylor.Gooch@wilmerhale.com
JOSHUA D. FURMAN (SBN 312641)
Josh.Furman@wilmerhale.com
1 Front Street, Suite 3500
San Francisco, California 94111
Telephone:   (628) 235-1000
Facsimile:   (628) 235-1001

*Attorneys for Defendant*
IONpath, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FLUIDIGM CORPORATION, A DELAWARE CORPORATION; AND FLUIDIGM CANADA INC., A FOREIGN CORPORATION,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>IONPATH, INC., A DELAWARE CORPORATION,<br><br>　　　　　　　　Defendant. | Case No. 3:19-cv-05639-WHA<br><br>**DEFENDANT IONPATH, INC.'S NOTICE OF MOTION AND MOTION TO PRECLUDE AND/OR STRIKE AND FOR SANCTIONS FOR VIOLATION OF ADR RULE 7-4; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　　January 7, 2021<br>Time:　　8:00 a.m.<br>Ctrm.:　　12<br>Judge:　　Hon. William Alsup |

# TABLE OF CONTENTS

I.  INTRODUCTION .................................................................................................... - 1 -

II. FACTUAL BACKGROUND ................................................................................... - 3 -

    A.  For Months, Fluidigm's Infringement Contentions Did Not Contain Numerous Alternative Infringement Theories. ............................................... - 3 -

    B.  IonPath Disclosed Its Confidential Settlement Statement To Fluidigm As Part Of A Court-Ordered Settlement Process. ........................................... - 5 -

    C.  Dr. Hieftje Relied On IONpath's Settlement Statement In Forming His Opinions—Opinions That Included New Infringement Theories Never Previously Disclosed. ....................................................................................... - 6 -

    D.  The Court Ruled On Fluidigm's Untimely And Undisclosed Theories, But Neither The Court Nor IONPath Had The Benefit Of Dr. Hieftje's Deposition. ........................................................................................................ - 7 -

    E.  At His Deposition, Dr. Hieftje Admitted That He "Reviewed and Relied Upon" IONpath's Statement In Forming His Opinions .................................... - 8 -

III. ARGUMENT ............................................................................................................ - 8 -

    A.  Fluidigm Violated ADR Local Rule 7-4. ......................................................... - 8 -

    B.  The Court Should Order Relief To Address Fluidigm's Rules Violation. ....... - 9 -

IV. CONCLUSION ...................................................................................................... - 12 -

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atchison, Topeka & Sante Fe Ry. Co. v. Hercules, Inc.*,
  146 F.3d 1071 (9th Cir. 1998) .................................................................................................. 10

*Chambers v. Nasco, Inc.*,
  501 U.S. 32 (1991) .................................................................................................................. 10

*Hendrix v. Aranas*,
  788 F. App'x 487 (9th Cir. 2019) ............................................................................................ 10

*In re Student Finance Corp.*,
  Civ. A. No. 4-1551, 5-165-JJF, 2007 WL 4643881 (D. Del. May 25, 2007) ....................... 3, 9, 11

*Irwin Seating Co. v. IBM Corp.*,
  2007 WL 518866 (W.D. Mich. 2007) ....................................................................................... 3

*Irwin Seating Co. v. IBM Corp.*,
  No. 1:04-CV-568, 2006 WL 3446584 (W.D. Mich. Nov. 29, 2006) ................................... 3, 10

*Jones v. Metro. Life Ins. Co.*,
  No. C-08-03971-JW DMR, 2010 WL 4055928 (N.D. Cal. Oct. 15, 2010) ............................... 8

*Roadway Express, Inc. v. Piper*,
  447 U.S. 752 (1980) ................................................................................................................ 10

*Simonelli v. Univ. of Cal. at Berkeley*,
  338 F. App'x 673 (9th Cir. 2009) .............................................................................................. 8

*Simonelli v. Univ. of California-Berkeley*,
  No. C 02-1107 JL, 2008 WL 11428249 (N.D. Cal. Feb. 14, 2008) .......................................... 8

*Tokerud v. Pac. Gas & Elec. Co.*,
  25 F. App'x 584 (9th Cir. 2001) ......................................................................................... 3, 12

**Rules**

ADR L.R. 7-4 ................................................................................................................................. 9

Fed. R. Civ. P. 16 ......................................................................................................................... 10

Local Rule 1-4 .............................................................................................................................. 10

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on January 7, 2021 at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 12 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Judge Alsup, Defendant IONpath, Inc. ("IONpath") will, and hereby does, bring this Motion to Preclude And/Or Strike and for Sanctions For Violation Of ADR Rule 7-4.

By and through this motion, IONpath seeks an order: (1) precluding Plaintiffs Fluidigm Corporation and Fluidigm Canada Inc. ("Fluidigm") from relying on Dr. Hieftje's testimony or opinions in any way in this case, or, at a minimum, precluding and/or striking relevant portions of the Amended Expert Report of Dr. Hieftje (August 31, 2020); (2) striking the corresponding portions of Fluidigm's Second Amended Disclosure of Asserted Claims and Infringement Contentions under Patent L.R. 3-1 (August 31, 2020); and (3) granting such other monetary and non-monetary sanctions as the Court deems appropriate. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Declaration of Joseph Taylor Gooch and such further evidence and argument as may be submitted prior to or at the hearing before this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

The ADR Local Rules mandate that confidential settlement conference statements shall not be "[u]sed for any purpose, including impeachment, in any pending or future proceeding in this Court." ADR L.R. 7-4. And yet, Fluidigm did just that. After receiving IONpath's Exchanged Settlement Statement ("IONpath Statement") in advance of a settlement conference before Magistrate Judge Beeler, Fluidigm provided IONpath's statement to its technical expert, Dr. Hieftje. Dr. Hieftje then not only cited it in his expert reports, but also reviewed it "in detail" and affirmatively *relied upon it* in forming his expert opinions in this case. Dr. Hieftje testified under oath:

> Q. And then you see the next bullet is [as read]: "Defendant IONpath's Exchanged Settlement Statement, dated May 19, 2020." Is that something that you reviewed and relied upon in forming your opinions in this case?
> A. Yes, it is.

Declaration of Joseph Taylor Gooch in Support of Motion Strike Based On Violation Of ADR Rule 7-4 ("Gooch Decl."), Ex. 1 [11/11/20 Hieftje Dep.] at 34:25-35:7.[1]

This was no accident. Just this year, Fluidigm and its counsel filed a certification with this Court acknowledging that they had read the ADR Handbook. Dkt. No. 41; *see also* ADR Handbook at 10 (outlining confidentiality of settlement conferences and directly citing ADR Local Rule 7-4.) Yet, based on the disclosure and discovery chronology in this case, it appears that Dr. Hieftje relied on IONpath's Statement at least for purposes of formulating a portion of his infringement positions. Because Fluidigm did not serve any interrogatories or requests for admission in this case until June 30, 2020, IONpath's interrogatory responses relating to its non-infringement contentions were not even initially due until *after* Dr. Hieftje's opening, burden-of-proof report on infringement was served. And because Fluidigm did not even *ask* for deposition dates of any witness until July 24, 2020 (one business day before Dr. Hieftje's opening report was due), Fluidigm had no factual testimony from IONpath that would shed light on the likely infringement disputes. That meant that the **only source** of information about IONpath's non-infringement contentions in this case was IONpath's Statement. After Dr. Hieftje reviewed and relied on IONpath's Statement, Fluidigm's theories shifted—for the first time in Dr. Hieftje's opening expert report, Fluidigm offered multiple new DOE theories and new means-plus-function infringement contentions. Although the Court permitted Fluidigm to add those new and untimely theories into the case over IONpath's objection, Dkt. No. 128 [Order] (finding adequate time in revised schedule for further discovery), Dr. Hieftje's improper reliance on IONpath's Statement was only recently revealed at his deposition.

At this point, the proverbial bell cannot be unrung. The full extent of Dr. Hieftje's wrongful use of the settlement materials and resulting prejudice to IONpath is unquantifiable. But, IONpath asks this Court to grant relief that mitigates the harm done to IONpath and prevents Fluidigm from being able to improperly rely on an expert to whom it chose to provide confidential settlement conference materials that it certified would not be used for any purpose in this case. IONpath respectfully requests an order: (1) precluding Fluidigm's reliance on Dr. Hieftje' testimony or

---

[1] Emphasis added and internal citations omitted throughout, unless otherwise noted.

opinions in any way in this matter, or, at a minimum in the alternative, precluding and/or striking those opinions that were added for the first time in Dr. Hieftje's report, after he reviewed and relied upon IONpath's Statement;[2] (2) striking Fluidigm's Second Amended Infringement Contentions and limiting Fluidigm to its First Amended Infringement Contentions; and (3) such other monetary or non-monetary relief or sanctions as the Court deems proper. *See, e.g.*, *In re Student Finance Corp.*, Civ. A. No. 4-1551, 5-165-JJF, 2007 WL 4643881 (D. Del. May 25, 2007) (striking reports of three testifying experts because they received confidential mediation statements); *Irwin Seating Co. v. IBM Corp.*, No. 1:04-CV-568, 2006 WL 3446584, at *4 (W.D. Mich. Nov. 29, 2006), *order aff'd*, 2007 WL 518866 (W.D. Mich. 2007) (striking expert witnesses and awarding costs and attorney's fees where party violated mediation confidentiality by showing trial experts confidential mediation statements and exhibits obtained from the adverse party during mediation); *see also Tokerud v. Pac. Gas & Elec. Co.*, 25 F. App'x 584, 586 (9th Cir. 2001) (district court should address the issue of monetary sanctions based on defendants' disclosure of mediation documents to their experts).

## II.    FACTUAL BACKGROUND

### A.    For Months, Fluidigm's Infringement Contentions Did Not Contain Numerous Alternative Infringement Theories.

The Court is already familiar with the relevant history regarding Fluidigm's infringement contentions. Dkt. No. 114 at 4-8; Dkt. No. 128.

To recap, Fluidigm served its original infringement contentions on February 6, 2020. In its cover pleading, Fluidigm contended only "[i]n the alternative, to the extent a limitation of the above-listed claims is found not to be literally present in an Accused Products, Fluidigm contends that any differences are insubstantial and/or the Accused Products perform substantially the same function, in substantially the same way, to obtain substantially the same result as the above-listed elements and limitations in each of the Asserted Claims and, therefore, each and every limitation of the claims

---

[2] Paragraphs 69, 82, 125, 137, 158-179, and 195-202 of Dr. Hieftje's report in full, and the portions of Paragraphs 70, 126, 138, 149, 153, 194, 204 of Dr. Hieftje's report that relate to DOE.

is present in the Accused Products and infringed under the doctrine of equivalents," and reserved the right to supplement or amend it contentions. *See* Dkt. No. 114-3 [Fluidigm's Disclosure Of Asserted Claims And Infringement Contentions] at 16. In each of its attached claim charts, Fluidigm included only a single sentence in a footnote stating: "[a]dditionally, to the extent IONpath alleges that any limitation of an asserted claim is not present literally in IONpath's Accused Products, Fluidigm contends that the element is, at a minimum, present under the doctrine of equivalents as any differences are insubstantial. Fluidigm expressly reserves the right to supplement these Contentions and Exemplary Support in the event that IONpath alleges that any claim limitation is not literally present in the Accused Products." *See, e.g.*, Dkt. No. 114-4 [Fluidigm's Infring. Contentions Appendix A regarding the '386 patent] at 2; Dkt. No. 114-5 [Fluidigm's Infring. Contentions Appendix A regarding the '698 patent] at 2.

On February 11, 2020, IONpath wrote to Fluidigm to identify a number of deficiencies in Fluidigm's infringement contentions, including its failure to provide substantive DOE contentions on a limitation-by-limitation basis. After a meet-and-confer process in which IONpath pressed Fluidigm to comply with the Patent Local Rules, Fluidigm sought permission from the Court to amend its contentions; IONpath did not oppose Fluidigm's request. *See* Dkt. No. 50 [Stipulation and Proposed Order to Extend Certain Deadlines]. The Court approved, but noted: "Patent owner is warned, however, that future amendment will be governed strictly by Patent Local Rule 3-6's good cause standard. Having enjoyed one free amendment already, further leave will not be lightly granted." Dkt. No. 53 [Order Granting Stipulated Extension and Continuance].

On February 24, 2020, Fluidigm served its Supplemental Infringement Contentions. *See* Gooch Decl., Ex. 6 [Am. Infring. Contentions Cover Pleading]. Fluidigm disclosed a doctrine of equivalents theory for the claim limitations that require "vaporization, ionization and atomization" in the '386 and '698 patents. *See* Gooch Decl., Ex. 7 [Am. Infring. Contentions Appendix A ('386 patent)] at 19-20, 24, 29-30, 33-34, 39, 41; Gooch Decl., Ex. 8 [Am. Infring. Contentions Appendix C ('698 patent)] at 18, 20, 24 (same). Fluidigm did ***not*** articulate a DOE theory for the other claim

limitations. Gooch Decl., Exs. 7-8. Neither Fluidigm's original nor amended (operative) infringement contentions included any infringement theory under Section 112(6). *Id.*

### B. IonPath Disclosed Its Confidential Settlement Statement To Fluidigm As Part Of A Court-Ordered Settlement Process.

This Court referred the present action to Magistrate Judge Laurel Beeler for a settlement conference. Dkt. No. 71. Judge Beeler issued a Notice and Order Regarding Settlement Conference. Dkt. No. 81. That Order outlined the requirements for the parties' exchanged settlement statements. *Id.* at 3-5. It also specifically required: "[c]ounsel must provide a copy of this order to all participating parties. Counsel must review Northern District of California ADR Local Rule 7, available at http://www.adr.cand.uscourts.gov." *Id.* at 6. Fluidigm and its counsel had also signed and filed with the Court a certification confirming that they had "Read the handbook entitled 'Alternative Dispute Resolution Procedures Handbook.'" Dkt. No. 41. The Handbook specifically outlines the confidentiality of settlement conferences and directly cites ADR Local Rule 7-4. *See* ADR Handbook at 10.

Pursuant to Judge Beeler's Order, the parties exchanged confidential settlement conference statements on May 19, 2020. On its face, IONpath's Statement was labeled "Defendant IONpath, Inc.'s Exchanged Settlement Statement."[3] The statement was also prominently marked "FOR SETTLEMENT PURPOSES ONLY SUBJECT TO FRE 408 AND PARTIES' 408+ AND CONFIDENTIALITY AGREEMENT."[4]

The parties then attended the settlement conference remotely on May 26, 2020. Dkt. No. 84. The case did not settle.

---

[3] Pursuant to ADR Local Rule 7-4, IONpath does not attach its Statement to this submission, nor will it describe the content of the statement. IONpath has not agreed, and does not agree, to waive the protections guaranteed under Rule 7-4.

[4] The parties had separately entered into a Rule 408+ and Confidentiality Agreement" that further prohibited the disclosure and use of confidential settlement information. Gooch Decl., Ex. 5 [408+ And Confidentiality Agreement] (providing that confidential information can be used solely for the purpose of the parties' discussions and not for any other purpose).

**C.  Dr. Hieftje Relied On IONpath's Settlement Statement In Forming His Opinions—Opinions That Included New Infringement Theories Never Previously Disclosed.**

On July 27, 2020, Fluidigm served its burden of proof expert report for the showdown proceedings.[5] At that point, Fluidigm had not received any written or deposition discovery from IONpath on its non-infringement contentions. Because Fluidigm did not serve any interrogatories or requests for admission in this case until June 30, 2020, IONpath's responses relating to its non-infringement contentions were not even initially due until *after* Dr. Hieftje's opening report on infringement was served. Gooch Decl., ¶ 3. Fluidigm did not even *ask* for deposition dates of any witness until July 24, 2020 (one business day before Dr. Hieftje's opening report was due). Gooch Decl., ¶ 4. Thus, Fluidigm had no factual testimony from IONpath that would shed light on the likely infringement disputes. And, and under the case schedule, IONpath's claim construction brief was not due until July 30—after opening reports. As a result, at the time of Dr. Hieftje's infringement report, the only source of IONPath's non-infringement contentions was the IONPath Statement.

In his opening burden of proof report on infringement, Dr. Hieftje opined on literal and DOE infringement for each and every limitation of the showdown claims. In addition, Dr. Hieftje's infringement report disclosed, for the first time, page upon page of infringement analysis purporting to apply Section 112(6) to the "first device to" and "second device to" limitations, including lengthy opinions with respect to structural equivalents theories that were never disclosed. Gooch Decl., Ex. 3 [Hieftje Rep.] ¶¶ 158-179 and 195-202. Those DOE theories and infringement contentions applying Section 112(6) had never previously been presented or disclosed by Fluidigm in this case.

---

[5] To promote an orderly process for expert discovery relating to the showdown claims specifically, the parties agreed to exchange burden of proof expert reports relating to direct infringement and invalidity of the showdown claims on July 27, 2020, and rebuttal expert reports limited to those issues on August 10, 2020. Dkt. No. 86 at 5.

**D.     The Court Ruled On Fluidigm's Untimely And Undisclosed Theories, But Neither The Court Nor IONPath Had The Benefit Of Dr. Hieftje's Deposition.**

IONpath previously moved to strike certain portions of Dr. Hieftje's expert report opining on claim construction and undisclosed theories of infringement under DOE and Section 112(6). Dkt. No. 114. The Court issued an Order granting-in-part and denying-in-part IONpath's motion to strike Dr. Hieftje's expert report. Dkt. No. 128. In the part of the Order relevant here, the Court held that the Patent Local Rules require that "[o]perative infringement or invalidity contentions *must* include any such contingent contentions and the disclosing party must move to amend at the *earliest reasonable opportunity* after receiving the opposing party's claim construction disclosure." *Id.* The Court noted that "[h]ad patent owner timely disclosed its new theories in its infringement contentions, IONpath could have spent that time investigating the new theories, taking discovery, preparing responses, and developing invalidity arguments within the new claim scope." *Id.* at 9. The Court characterized Fluidigm's actions (or lack of action) as "neglect," but permitted amendment of contentions to include the challenged doctrine of equivalents contentions and theories of infringement under Section 112(6). The basis for the Court's ruling was essentially that there was time to address the new theories due to unrelated extensions in the schedule required by IONpath's expert's family health emergency. *Id.* at 10.

On August 31, 2020, Fluidigm served its Second Amended Infringement Contentions pursuant to the Court's Order. The changes included there reflect the new theories that appeared for the first time in Dr. Hieftje's infringement report, for which he had been provided, reviewed, and relied upon IONpath's Statement.[6] On the same day, Fluidigm also served an Amended infringement report from Dr. Hieftje. That report removed claim construction opinions stricken by the Court's Order and not relevant here; it was otherwise materially identical to Dr. Hieftje's original report and thus included the new theories (Paragraphs 69, 82, 125, 137, 158-179, and 195-202 in

---

[6] Fluidigm also removed references to the '104 patent, which the parties had jointly stipulated to the dismissal of without prejudice. Dkt. No. 106

full, and the portions of paragraphs 70, 126, 138, 149, 153, 194, 204 that relate to DOE) that appeared for the first time after Dr. Hieftje reviewed the IONpath Statement.

### E. At His Deposition, Dr. Hieftje Admitted That He "Reviewed and Relied Upon" IONpath's Statement In Forming His Opinions.

IONpath deposed Dr. Hieftje on November 11 and 12, 2020.[7] At his deposition, Dr. Hieftje testified that, in connection with his expert reports, he not only reviewed IONpath's settlement statement "in detail," but affirmatively relied upon it in forming his expert opinions in this case. Gooch Decl., Ex. 1 [11/11/20 Hieftje Dep.] at 30:18-31:4.[8]

## III. ARGUMENT

### A. Fluidigm Violated ADR Local Rule 7-4.

"[T]he ADR Local Rules were drafted with the intent of protecting the confidentiality of mediation communications, like ENE communications, to the maximum extent possible." *Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928, at *11 (N.D. Cal. Oct. 15, 2010); *see also Simonelli v. Univ. of California-Berkeley*, No. C 02-1107 JL, 2008 WL 11428249, at *8 (N.D. Cal. Feb. 14, 2008), *aff'd sub nom. Simonelli v. Univ. of Cal. at Berkeley*, 338 F. App'x 673 (9th Cir. 2009) ("[T]his court's ADR Local Rules codify the policy of maintaining confidentiality of settlement discussions."). Consistent with that principle, ADR Local Rule 7-4

---

[7] Dr. Hieftje's deposition was delayed multiple times, including because (1) the deposition of Dr. Winograd, IONpath's expert, was delayed due to a family medical emergency and Fluidigm did not want Dr. Hieftje's deposition to proceed meaningfully in advance of Dr. Winograd's; (2) after the Court permitted Fluidigm to amend its infringement contentions, IONpath was permitted to amend its invalidity contentions and submit a supplemental invalidity expert report in response, and Fluidigm served a supplemental rebuttal report, all of which resulted in additional delay of the expert depositions; and (3) just before Dr. Hieftje was finally scheduled to be deposed, he showed symptoms consistent with COVID and his deposition was delayed again. *See* Gooch Decl., ¶ 2; Dkt. No. 147.

[8] Each of Dr. Hieftje's other expert reports also confirmed that he considered IONpath's Statement. Dr. Hieftje's August 31 Amended Expert Report (which withdrew improper claim construction opinions that were stricken by the Court) included the same reference. So did Dr. Hieftje's August 11, 2020 expert report regarding non-invalidity and Dr. Hieftje's October 15, 2020 supplemental report on non-invalidity (which followed Fluidigm's assertion of the new theories and IONpath's amended invalidity theories in response). Gooch Decl., Ex. 3 [Hieftje Rebuttal Rep.] ¶ 5. *Id.*, Ex. 4 [Hieftje Suppl. Rep.] ¶ 5.

specifically mandates that written settlement statements are treated as confidential, and cannot be used for any purpose in the case:

> 7-4.   Settlement Conference Confidentiality
>
> (a)   Confidential Treatment. Except as provided by a case-specific order entered in advance of the settlement conference or in subdivision (b) of this local rule, this Court, the settlement Judge, all counsel and parties, and any other persons attending the settlement conference **shall treat as "confidential information" the contents of any written settlement conference statements**, anything that was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any settlement conference. "Confidential information" **shall not be**:
>
> (1)   Disclosed to anyone not involved in the litigation;
>
> (2)   Disclosed to the assigned Judge; or
>
> (3)   **Used for any purpose, including impeachment, in any pending or future proceeding in this Court**.

ADR L.R. 7-4 (a). The rule also outlines "Limited Exceptions to Confidentiality," none of which apply here. ADR L.R. 7-4 (b).

By providing Dr. Hieftje IONpath's Statement and permitting him to rely on it in forming his opinions, Fluidigm violated ADR Local Rule 7-4.

### B.   The Court Should Order Relief To Address Fluidigm's Rules Violation.

"[T]here is well-established judicial policy protecting the confidentiality of the settlement process. The judicial system encourages the resolution of disputes by mediation and settlement. *It is axiomatic that the assurance of confidentiality for communications made during the course of settlement negotiations is a critical component of the process*. Particularly, in the event that settlement discussions do not resolve the dispute, the parties must be able to litigate their claims in the courtroom without the pall-like presence of confidential negotiation statements influencing the arguments." *In re Student Fin. Corp.*, 2007 WL 4643881, at *1. Here, the Court should remedy Fluidigm's violation of these basic principles, expressly embodied in this Court's rules and orders, and cure the ongoing prejudice to IONpath with three orders.[9]

---

[9] It is beyond question that the Court has the authority to award the relief requested. *See, e.g.*, Fed.

***First***, the Court should preclude Fluidigm from relying on Dr. Hieftje's testimony or opinions in any way in this matter. Despite this district's clear rules protecting confidential settlement statements, and the acknowledgements Fluidigm and its counsel must and did make that they have read those rules, Fluidigm nevertheless provided IONpath's confidential Statement to its expert. *See* Gooch Decl., Ex. 1 [Hieftje Dep.] at 30:23-31:4 ("Q. So the other documents that are listed here, did you review those in detail? A. Yes. Of course there's a generic catchall at the end: 'Various public documents. . . .' So - - but otherwise, yes I looked at them in detail."). Fluidigm then double downed and had its expert ***consider and rely*** on IONpath's confidential Statement.

> Q. And then you see the next bullet is [as read]: "Defendant IONpath's Exchanged Settlement Statement, dated May 19, 2020." Is that something that you reviewed and relied upon in forming your opinions in this case?
>
> A. Yes, it is.

Gooch Decl., Ex. 1 [11/11/20 Hieftje Dep.] at 34:25-35:7.

Dr. Hieftje's sworn testimony establishes that his opinions are irretrievably tainted by improper reliance on IONpath's Statement in violation of the well-established rules. And Fluidigm alone is to blame. It is simply not possible to unring the bell and sort out which of Dr. Hieftje's opinions he based on IONpath's Statement and which he did not. *See, e.g.*, *Irwin Seating*, 2006 WL 3446584, at *3-4 (explaining that "[t]he ***extent of the damage done*** in terms of how much these

---

R. Civ. P. 16(f)(1) ("[T]he court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule"); Local Rule 1-4 ("Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction."); *Hendrix v. Aranas*, 788 F. App'x 487, 488 (9th Cir. 2019) ("We have repeatedly upheld the imposition of [] sanction[s] . . . for failure to comply with pretrial procedures mandated by local rules and court orders."); *Atchison, Topeka & Sante Fe Ry. Co. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) ("[i]t is well established that district courts have inherent power to control their dockets and may impose sanctions . . . in the exercise of that discretion."); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 (1980) ("The inherent powers of federal courts are those which are necessary to the exercise of all others" including those "which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court."); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 44–45, (1991) ("[a] primary aspect of [a court's] discretion [under its inherent powers] is the ability to fashion an appropriate sanction for conduct which abuses the judicial process").

mediation briefs and the highlighted documents affected the experts, again consciously or unconsciously, in shaping their approaches and their opinions, is ***not truly knowable nor easily remediable***," and "[t]he bell has been rung" and "there are simply some things that cannot be forgotten once they are learned"). Nor should it be IONpath's or the Court's job to do so. Instead, the Court should take Dr. Hieftje's reports and sworn testimony at their word: Dr. Hieftje considered and relied on IONpath's protected statement. As such, his opinions and reports in this matter are infected, and the only cure is to preclude Fluidigm from relying on Dr. Hieftje or his opinions in any way. *See id*. at *4 ("Where this situation arises from a clear violation of the court's order and the settlement privilege generally, it is the plaintiff that must bear the brunt of the resolution."); *see also In re Student Finance Corp.*, 2007 WL 4643881, at *1 ("Regardless of any effect of the content, the courts must remain blind to any confidential statements made during the course of settlement negotiations, particularly where the parties have guaranteed non-disclosure and confidentiality in an agreement. . . . Plaintiffs have introduced to the adjudicative process matters that are supposed to be shielded from the Court.").

At a very minimum, the Court should strike those paragraphs from Dr. Hieftje's expert report that rely on obviously new theories and information that were introduced into this case only ***after*** Dr. Hieftje improperly reviewed and relied upon IONpath's protected settlement statement. These theories were not present in Fluidigm's February infringement contentions and appeared for the first time in the opening report of Dr. Hieftje, armed with IONpath's Statement. Thus, to the extent there is any requirement that IONpath or the Court try to deduce which of Dr. Hieftje's opinions were tainted consciously or subconsciously by improper exposure to IONpath's Statement (there is not), the timeline suggests that at least these new theories qualify. The ADR Local Rules and Patent Local Rules serve to create fairness and efficiency in this process, and the violation of the ordered sequencing gave Fluidigm an unjust and ill-gotten advantage. Fluidigm gave its expert early access to IONpath's arguments (presented in the settlement context with the understanding they would never be used in the litigation), and that unfair advantage should be remedied.

***Second***, the Court should strike Fluidigm's Second Amended Infringement Contentions that incorporates theories and information that Fluidigm was allowed to include ***only*** because the Court allowed Fluidigm to update its infringement contentions and make them commensurate with Dr. Hieftje's report. The Court has already found those theories did not appear in Fluidigm's operative infringement contentions before Dr. Hieftje's report. The Court only permitted Fluidigm to add them after Dr. Hieftje—armed with IONpath's Statement—offered those theories in his report. Dkt. No. 128. Thus, the relevant portions of Fluidigm's Second Amended Contentions should be stricken for the same reasons as explained above in connection with Dr. Hieftje's report. Fluidigm's contentions should be "reset" to its First Amended Infringement Contentions, which were operative at the time Dr. Hieftje submitted his report.

***Third***, the Court has the discretion to craft any monetary and non-monetary relief or sanction that is tailored to address the violation. IONpath respectfully submits that such relief should include any fees and costs related to IONpath's responses to Dr. Hieftje's improper opinions, whether in motions, expert reports, depositions, or otherwise. At a minimum, such relief should include reimbursement of IONpath's attorney fees and expenses associated with the new infringement theories that Dr. Hieftje injected into the case with his improper expert report, e.g., the fees and expenses for IONpath's motion to strike (Dkt. No. 114) and related supplemental contentions and expert report, and for this motion as well as any fees and expenses that may be imposed on Fluidigm for additional work that IONpath may have to undertake as a result of Fluidigm's breach of the foundational rules that govern settlement conferences before this Court. *See, e.g.*, *Tokerud*, 25 F. App'x at 586 (district court should address the issue of monetary sanctions based on defendants' disclosure of mediation documents to their experts).

### IV. CONCLUSION

The Court should issue an order (1) precluding Fluidigm's reliance on Dr. Hieftje's testimony or opinions in any way in this matter, or, at a minimum, precluding and/or striking relevant portions of the Amended Expert Report of Dr. Hieftje; (2) striking the corresponding, relevant portions of Fluidigm's Second Amended Disclosure of Asserted Claims and Infringement

Contentions under Patent Local Rule 3-1; and (3) granting such other monetary and non-monetary sanctions as the Court deems appropriate. IONpath also requests that the Court order Fluidigm to certify that it has not disclosed IONpath's settlement statement to any other expert, consultant, or witness or otherwise used any settlement materials or information in the litigation.

Dated: November 25, 2020

WILMER CUTLER PICKERING, HALE AND DORR LLP

By:   /s/ Sonal N. Mehta
SONAL N. MEHTA
OMAR A. KHAN
JOSEPH TAYLOR GOOCH
JOSHUA D. FURMAN

*Attorneys for Defendant IONpath, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2020, a true and correct copy of the above and foregoing Document has been served by electronic mail upon all counsel of record.

Dated: November 25, 2020           By:   */s/ Sonal N. Mehta*