WILMER CUTLER PICKERING
 HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

OMAR A. KHAN (*pro hac vice*)
Omar.Khan@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230 8888

JOSEPH TAYLOR GOOCH (SBN 294282)
Taylor.Gooch@wilmerhale.com
JOSHUA D. FURMAN (SBN 312641)
Josh.Furman@wilmerhale.com
1 Front Street, Suite 3500
San Francisco, California 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

*Attorneys for Defendant*
IONpath, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FLUIDIGM CORPORATION, A DELAWARE CORPORATION; AND FLUIDIGM CANADA INC., A FOREIGN CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>IONPATH, INC., A DELAWARE CORPORATION,<br><br>Defendant. | Case No. 3:19-cv-05639-WHA<br><br>**DEFENDANT IONPATH, INC.'S MOTION TO LIMIT EXPERT TESTIMONY TO ACCUSED PRODUCTS**<br><br>Date: February 11, 2021<br>Time: 8:00 a.m.<br>Ctrm.: 12<br>Judge: Hon. William Alsup |

**TABLE OF CONTENTS**

I.    INTRODUCTION ............................................................................................................. 1

II.   BACKGROUND ............................................................................................................... 3

      A.   The IONpath Instrument Generations: Alpha, Beta, Commercial................................ 3

      B.   All Three Versions of Fluidigm's Infringement Contentions Only Accuse the Commercial MIBIscope.................................................................................................. 3

      C.   Fluidigm's Written Discovery Consistently Confirmed That Fluidigm's Infringement Contentions Cover Only The Commercial MIBIscope.......................... 5

      D.   Fluidigm's Improper Attempts to Expand The Accused Products As Part of the Showdown Briefing ................................................................................................. 7

III.  ARGUMENT ..................................................................................................................... 8

      A.   Fluidigm's Expert Testimony Exceeds the Scope Of Its Contentions........................ 8

      B.   Fluidigm's Late Disclosure Risks Undue Prejudice to IONpath ................................ 11

IV.   IONPATH SHOULD BE AWARDED FEES FOR THIS MOTION ..................................... 11

V.    CONCLUSION................................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adobe Sys. Inc. v. Wowza Media Sys.*,
    No. 11-cv-02243-JST, 2014 WL 709865 (N.D. Cal. Feb. 23, 2014) ................................11

*ASUS Computer Int'l v. Round Rock Research, LLC*,
    No. 12-CV-02099 JST (NC), 2014 WL 1463609 (N.D. Cal. Apr. 11, 2014)................9, 10

*Bot M8 LLC v. Sony Corp. of Am.*,
    465 F. Supp. 3d 1013 (N.D. Cal. 2020) ..........................................................................10

*Christian v. Mattel, Inc.*,
    286 F.3d 1118 (9th Cir. 2002) ........................................................................................12

*Finjan, Inc. v. Proofpoint, Inc.*,
    No. 13-CV-05808-HSG, 2016 WL 612907 (N.D. Cal. Feb. 16, 2016)..........................8, 9

*Finjan, Inc. v. Symantec Corp.*,
    No. 14-CV-02998-HSG-JSC, 2017 WL 4025219 (N.D. Cal. Sept. 13, 2017)....................2

*Geovector Corp. v. Samsung Elecs. Co. Ltd.*,
    No. 16-cv-02463-WHO, 2017 WL 76950 (N.D. Cal. Jan. 9, 2017)...................................10

*LookSmart Grp., Inc. v. Microsoft Corp.*,
    No. 17-CV-04709-JST, 2019 WL 7753444 (N.D. Cal. Oct. 17, 2019).............................11

*Netflix, Inc. v. Rovi Corp.*,
    No. 11-cv-06591-PJH (DMR), 2015 WL 5752432 (N.D. Cal. Apr. 6, 2015).....................8

**RULES**

Patent L.R. 3-1(b) ...............................................................................................................1, 2, 8

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on February 11, 2021, at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 12 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Judge Alsup, Defendant IONpath, Inc. ("IONpath") will, and hereby does, bring this Motion to Limit Expert Testimony to the Accused Products, wherein IONpath moves for an Order limiting Fluidigm's expert testimony to those products specifically accused under Patent L.R. 3-1(b).

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Joshua D. Furman filed concurrently herewith, and such further evidence and argument as may be submitted prior to or at the hearing before this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

From the outset of this case, Fluidigm's infringement contentions have identified a ***specific*** accused product:

> ***Specifically***, the Accused Products include ***the MIBIscope instrument as commercially launched*** on IONpath's website at least as early as November 5, 2019. *See* https://www.ionpath.com/news/.

Ex. 1 (2/6/20 Fluidigm Infr. Cont.) at 3; Ex. 2 (2/24/20 Fluidigm Am. Infr. Cont.) at 3; Ex. 3 (8/31/20 Fluidigm 2nd Am. Infr. Cont.) at 2.[1] In fact, while Fluidigm has twice amended its infringement contentions, Fluidigm has never sought to expand its contentions beyond the specifically accused commercial MIBIscope launched in November 2019. It is this very specificity that is required by Patent Local Rule 3-1(b):

> Separately for each asserted claim, ***each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality")*** of each opposing party of which the party is aware. ***This identification shall be as specific as possible.*** Each product, device, and apparatus shall be identified ***by name or model number, if known***. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

---

[1] Emphasis supplied and internal citations, brackets, and quotation marks omitted throughout unless otherwise noted. All exhibits are to the Decl. of Joshua D. Furman filed concurrently herewith.

Patent L.R. 3-1(b); *see Finjan, Inc. v. Symantec Corp.*, No. 14-CV-02998-HSG-JSC, 2017 WL 4025219, at *5 (N.D. Cal. Sept. 13, 2017) (holding that the local rules require "that each accused product is identified *as specifically as possible by name or model number* for each asserted claim, if known").

And yet, Fluidigm is now asserting, in both its showdown summary judgment briefing and its December 31 expert disclosure, that the scope of the accused products in this case includes not only the accused product named in its contentions but also other accused products (i.e., alpha and early access ("beta") instruments produced by IONpath). *See* Dkt. No. 162 at 1 n.1 (admitting that "IONpath has used and sold **three different MIBI versions** (alpha, beta, & commercial)," and purporting to move for summary judgment as to all three products); Ex. 4 (12/31/20 Fluidigm Disclosure), ¶ 5 ("The applicable structure, nature, use, methods, and operation, of the accused MIBI, MIBI system(s), and/or MIBI method(s) (*e.g.*, 'Alpha' version of the MIBIscope instrument (such as 'Agnes'), 'Beta' or 'Early Access' version of the MIBIscope instrument (such as 'Helen'), current and/or 'Commercial' version of the MIBIscope instrument, MIBItag reagents and conjugation kits, and IONpath Research Services) (individually and collectively, 'Accused Instrumentalities').").[2] While IONpath's opposition to Fluidigm's showdown summary judgment motion asked the Court to properly reject Fluidigm's arguments that exceeded the scope of its operative infringement contentions (*See, e.g.*, Dkt. No. 178 at 2-3), IONpath is now faced with the broader problem of Fluidigm disclosing its intention to offer expert testimony on infringement of unaccused products.

Through this motion, IONpath asks the Court to limit Fluidigm's forthcoming expert reports on infringement to only the product accused of infringement in Fluidigm's infringement contentions, and to strike any disclosure exceeding that scope. Fluidigm's efforts to expand the scope of its infringement contentions are improper under the Court's Patent Local Rules and without reasonable excuse. The Court should limit Fluidigm's expert testimony to the specifically accused

---

[2] **One day** after receipt of Fluidigm's expert topics disclosure, IONpath reached out to Fluidigm to request that it withdraw topics on unaccused products. Ex. 5 (1/1/21 Letter from Furman to Williamson). Fluidigm refused. Ex. 6 (1/4/21 Letter from Cotton to Furman).

instrument, the commercial MIBIscope.

## II. BACKGROUND

### A. The IONpath Instrument Generations: Alpha, Beta, Commercial

There are three "generations" of IONpath's instruments: Alpha, Beta (or "early access"), and Commercial. The "Alpha" instruments were the first instruments manufactured and sold by IONpath. Then come the "Beta" instruments, which IONpath sold to its initial development partners. And finally, the commercial MIBIscope, which were described in IONpath's November 5, 2019 announcement of its commercially available system. *See* Ex. 7 (IONPATH_0000532) ("IONpath Announces Commercial Launch of MIBIscope™—the First Multiplexed Ion Beam Imaging System").[3]

### B. All Three Versions of Fluidigm's Infringement Contentions Only Accuse the Commercial MIBIscope

Despite being twice-amended, Fluidigm's infringement contentions only specifically identify the commercial MIBIscope. The contentions first refer to a "MIBI technology system" which is comprised of an instrument and reagents:

> IONpath's **MIBI technology system** (the "MIBI System"), which is **comprised of the MIBIscope** and **the MIBItag reagents** (including IONpath's antibody conjugation kits and conjugated antibodies) or comprised of the MIBIscope and other labelling reagents such as Fluidigm's own Maxpar reagents, (where the

---

[3] Moreover, the three instruments are distinct not just in name, but also with respect to multiple internal elements including their ion source, data acquisition, and control systems. IONpath included extensive detail to Fluidigm on these differences at least as early as its May 5, 2020 document production. And Fluidigm made clear it was aware of these versions during the very first deposition it took of an IONpath witness:

> Q. In the course of your work at IONpath, have you operated one of the MIBI instruments?
>
> A. Yes.
>
> Q. And which version of the MIBI instrument have you operated?
>
> A. I have operated the alpha instrument and the beta early access instruments. I have had little interaction with the commercial MIBIscope to this date.

Ex. 8 (8/28/20 Ptacek Dep.) at 31:8-16.

IONpath products used as a part of the MIBI System are, collectively, the "Accused Products"), infringes the following claims:

Ex. 1 (2/6/20 Fluidigm Infr. Cont.) at 2; Ex. 2 (2/24/20 Fluidigm Am. Infr. Cont.) at 2; Ex. 3 (8/31/20 Fluidigm 2nd Am. Infr. Cont.) at 2. The contentions go on to specifically identify one—and only one—accused instrument, the commercial MIBIscope:

> ***Specifically***, the Accused Products include the MIBIscope instrument ***as commercially launched on IONpath's website*** at least as early as November 5, 2019. *See* https://www.ionpath.com/news/.

Ex. 1 (2/6/20 Fluidigm Infr. Cont.) at 3; Ex. 2 (2/24/20 Fluidigm Am. Infr. Cont.) at 3; Ex. 3 (8/31/20 Fluidigm 2nd Am. Infr. Cont.) at 2.[4] Notably, **no mention is made of the alpha or beta models** anywhere in Fluidigm's Infringement Contentions. The contentions then go on to identify 39 specific IONpath conjugation kits and 29 specific conjugated antibodies. *Id.* at 3-7 ("The Accused Products also include MIBItags such as the Conjugation Kits and Conjugated Antibodies offered for sale on IONpath's website. *See* https://www.ionpath.com/antibody-conjugation-kit/ and https://www.ionpath.com/conjugatedantibodies/.") It is this combination of the commercial MIBIscope with the conjugation kits and/or conjugated antibodies that form the universe of accused products.

Fluidigm amended its infringement contentions twice. On February 24, 2020, Fluidigm amended its contentions following IONpath's identification of a failure to (*inter alia*) provide charts on a limitation-by-limitation basis. Dkt. No. 50. In granting leave to amend, the Court noted "further leave will not be lightly granted." Dkt. No. 53. On August 31, 2020, Fluidigm again amended its contentions, this time as a result of the Court ruling that Dr. Hieftje's report exceeded the scope of Fluidigm's contentions. Ex. 3 (8/31/20 Fluidigm 2nd Am. Infr. Cont.); Dkt. No. 128. The Court also found that Fluidigm did not act diligently in moving to amend its contentions, though allowed amendment in view of extraneous circumstances regarding expert availability. *Id.* at 19. In neither of the aforementioned amendments did Fluidigm seek to amend its identification of accused

---

[4] Aside from the instruments, Fluidigm's contentions also accuse certain IONpath "Conjugation Kits and Conjugated Antibodies," for which Fluidigm provided a detailed listing of catalog numbers. Ex. 1 (2/6/20 Fluidigm Infr. Cont.) at 3-7; Ex. 2 (2/24/20 Fluidigm Am. Infr. Cont.) at 3-7; Ex. 3 (8/31/20 Fluidigm 2nd Am. Infr. Cont.) at 3-6.

products. *Compare* Ex. 1 (2/6/20 Fluidigm Infr. Cont.) at 3 *with* Ex. 2 (2/24/20 Fluidigm Am. Infr. Cont.) at 3 *and* Ex. 3 (8/31/20 Fluidigm 2nd Am. Infr. Cont.) at 2.

### C. Fluidigm's Written Discovery Consistently Confirmed That Fluidigm's Infringement Contentions Cover Only The Commercial MIBIscope

Fluidigm's interrogatories and requests for admission make clear that the only accused instrument is the Commercial MIBIscope.

Fluidigm served its first set of Interrogatories on June 30, 2020. These interrogatories defined the term "MIBIscope" as "the instrument ***commercially*** available from IONpath" as available on a specific website:

> 3. IONpath's "MIBIscope" refers to the instrument commercially available from IONpath that is described at https://www.ionpath.com/mibiscope/.

Ex. 9 (Fluidigm 1st Set of Interrog.) at 3. The interrogatories further defined "accused products" as "those identified in Fluidigm's Amended Disclosure of Asserted Claims and Infringement Contentions":

> 6. The "Accused Products" are those identified in Fluidigm's Amended Disclosure of Asserted Claims and Infringement Contentions.

*Id.* at 4.

Notably, Interrogatory No. 2 of this set sought IONpath's non-infringement contentions for the "Accused Products." Ex. 9 (Fluidigm 1st Set of Interrog.) at 6. In response, IONpath provided responses that were limited to the commercial MIBIscope. *See, e.g.*, Ex. 10 (IONpath Resp. to Fluidigm 1st Set of Interrog.) at 12 ("For example, the commercial version of the IONpath MIBIscope instrument, which IONpath understands to be the accused instrumentality . . . ."); *see also id.* at 57 ("Fluidigm and Dr. Hieftje have failed to identify any act of direct infringement under 35 U.S.C. 271 by the commercial version of the IONpath MIBIscope instrument, ***which IONpath understands to be the accused instrumentality***"). IONpath also expressly relied upon Fluidigm's identification of accused products in responding to Fluidigm's Interrogatories Nos. 3, 4, 7, and 11

regarding sales of particular instruments. Ex. 11 (8/14/20 IONpath Suppl Resp. to Fluidigm 1st Set of Interrog.) To date, Fluidigm has not objected to IONpath's understanding of Fluidigm's stated scope of the accused products in this interrogatory. Nor did Fluidigm take any steps following the aforementioned August 3, 2020 or August 14, 2020 interrogatory responses to amend or clarify its contentions, including when it served its second amended Infringement Contentions on August 31, 2020.

Fluidigm's First Set of Requests for Admission, served June 30, 2020, include an identical definition for "MIBIscope" to that reproduced above from Fluidigm's Interrogatories. Ex. 12 (6/30/20 Fluidigm 1st Set of RFAs) at 3. *See also* Ex. 13 (10/23/20 Fluidigm 2nd Set of RFAs) at 2; Ex. 14 (11/2/20 Fluidigm 3rd Set of RFAs) at 2. Namely, it identifies only the commercial MIBIscope. IONpath's responses expressly relied upon this definition, as illustrated in RFA 88:

> **REQUEST FOR ADMISSION NO. 88**
> Admit that the MIBIscope generates an ion beam using a plasma.
> **RESPONSE TO REQUEST FOR ADMISSION NO. 88**
> Subject to and without waiving the forgoing general and specific objections, IONpath admits that it has sold one or more commercial MIBIscope instruments that are capable of generating an ion beam used for IONpath's Secondary Imaging Mass Spectroscopy-based instrument using a plasma.

Ex. 15 (8/3/20 IONpath Resp. to Fluidigm 1st Set of RFAs) at 38. Again, Fluidigm has not objected to IONpath's understanding of Fluidigm's stated scope of the accused products in this interrogatory.

These responses stand in contrast to Fluidigm's most recent written discovery requests in which Fluidigm now (many months into discovery, as the showdown process is wrapping up and overall fact discovery is about to close) attempts to expand the scope of discovery in the case to cover other products not accused in its infringement contentions. In its Fourth Set of Requests for Admission served December 28, 2020, Fluidigm redefines the term "MIBIscope" to cover what it apparently now wishes it had accused of infringement but never did:

> "MIBIscope" means any systems, methods, services, instruments, platforms, and/or products, made, used, offered for sale, sold, licensed, and/or operated by and/or on behalf of IONpath, that use or employ secondary ion mass

spectrometry (SIMS) including, but not limited to, all alpha (e.g. "Agnes" and "Apollo"), beta, and/or other versions (including early access versions) of IONpath's MIBI and/or MIBIscope including, but not limited to, all partial and final builds and/or products of any and all such systems, methods, services, instruments, platforms, and/or products.

Ex. 16 (12/28/20 Fluidigm 4th Set of RFAs) at 2. This redefinition is a transparent attempt to improperly expand the scope of the accused products, without going through the protocols established by the local patent rules.[5]

### D. Fluidigm's Improper Attempts to Expand The Accused Products As Part of the Showdown Briefing

For the first time, Fluidigm's November 25, 2020 opening summary judgment briefing accused all three versions of the IONpath MIBIscope on the basis that there are supposedly "no differences material to the question of infringement." (Dkt. No. 162 at 1 n.1).[6] IONpath objected in its opposition that Fluidigm's motion for summary judgment cannot exceed the scope of Fluidigm's infringement contentions. (Dkt. No. 178 at 2-3). In reply, Fluidigm cherry-picked from its own contentions in an attempt to argue that both "MIBI technology" and the "as commercially launched" version were accused. But Fluidigm's argument conveniently omitted the word "***specifically***" as used in their own contentions—a word which in context indicates that no other instruments were "specifically" accused:

---

[5] Likewise, in Fluidigm's Requests for Production served November 11, 2020, Fluidigm requested IONpath provide exemplary data sets from each of the alpha, beta, and commercial versions of their instrument. Ex. 17 (Fluidigm 2nd Set of RFPs) at 2. This again admits the distinctions among the three versions, while attempting to expand the scope of discovery to products not accused.

[6] Fluidigm's expert Dr. Hieftje had provided an infringement expert report that did not address any distinction (or lack thereof) between the various IONpath instruments and instead only referred to the "MIBIscope" generically. Ex. 18 (Am. Expert Report of Gary Hieftje), ¶ 31. And further, Dr. Hieftje testified that he had done zero investigation relating to the differences between the alpha, beta, and commercial instruments. Ex. 19 (11/11/20 Hiefte Dep.) at 63:4-11 ("[Q]. [D]id you do anything to investigate whether there were changes that would be material to your opinions in this matter between different versions or generations of the IONpath technology? A. No, I didn't."). *See also id*. at 54-63, 441-451.

| | |
|---|---|
| Fluidigm's Infringement Contentions (2/6/20); Amended Infringement Contentions (2/24/20); Second Amended Infringement Contentions (8/31/20) | Specifically, the Accused Products include the MIBIscope instrument as commercially launched on IONpath's website at least as early as November 5, 2019. See https://www.ionpath.com/news/. The Accused Products also include MIBItags such as the |
| Fluidigm's MSJ Reply (Dkt. No. 183 at 1) | IONpath's lead argument about different MIBI versions is not only untrue, it is also irrelevant. First, IONpath's argument that Fluidigm "accused only IONpath's commercial MIBIscope of infringement" is simply wrong. ECF 178 at 3. The relevant portions of Fluidigm's Infringement Contentions reflect that it expressly accused: (1) IONpath's "MIBI technology system…comprised of the MIBIscope and the MIBItag reagents"; (2) IONpath's methods/services "wherein the MIBIscope is used"; (3) MIBI "as commercially launched … at least as early as November 5, 2019"; and (4) MIBItags. Ex. R2 (2nd Am. Infr. Cont.) at 2,6.[1] This case covers all of IONpath's infringing MIBI systems and method. Second, there are no material differences between IONpath's three infringing versions. IONpath has failed to point to any, and both experts in this case testified that their opinions are the same regardless of the version. |

## III.  ARGUMENT

Fluidigm chose to accuse only IONpath's commercial instrument in its Patent L.R. 3-1(b) disclosures and has time and time again so defined the scope of the accused instrumentalities in this case. IONpath asks that the Court limit Fluidigm's expert testimony to the scope of its disclosures, the commercial MIBIscope.

### A.  Fluidigm's Expert Testimony Exceeds the Scope Of Its Contentions

The identification "*shall be as specific as possible*" and "*by name or model number, if known*." Patent L.R. 3-1(b). This district applies its Patent L.R. 3-1(b) strictly. *Netflix, Inc. v. Rovi Corp.*, No. 11-cv-06591-PJH (DMR), 2015 WL 5752432, at *2 (N.D. Cal. Apr. 6, 2015) (the local rule "does not tolerate broad categorical identifications or the use of mere representative examples"). Fluidigm's identifications fall into two categories: (1) the specific and rules-compliant identification of the commercial MIBIscope, and (2) a generalized catch-all identification of "MIBI technology." Only the former meets the requirements of the rules, and thus it has set the scope of this litigation.

In *Finjan v. Proofpoint*, plaintiff identified several specific products for several (but not all) patents-in-suit. *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 612907, at *2 (N.D. Cal. Feb. 16, 2016). Plaintiff then offered up expert testimony on those accused products for

all patents-in-suit, arguing—as Fluidigm has here—that the products were the "exact same." *Id.* The court disagreed, finding that it was a "new product" that could not be accused "at this late stage in the proceeding." *Id.* Likewise, the Court in *ASUS Computer Int'l v. Round Rock Research, LLC*, heard a motion to strike expert reports while summary judgment motions were pending. No. 12-CV-02099 JST (NC), 2014 WL 1463609, at *6 (N.D. Cal. Apr. 11, 2014). Among other things, ASUS moved to strike references in expert reports that it argued were not included in Round Rock's 3-1(b) identification of accused products. The court rejected categorical identifications of products as insufficiently specific (e.g., "products 'that include DDR3 SDRAM memory' or otherwise practice the JEDEC standard"). *Id.* The court also held that a patentee cannot identify a different accused product by name and then claim that other unnamed products are also accused because they are "substantially similar" to the named accused product. *Id*. This is even true where the products have "the same components or are otherwise similar to products identified in the infringement contentions." *Id*. "The Local Rules require[ patentee] to do the work of identifying those products." *Id*. Here, the only instrument that Fluidigm identified in ***any*** of its infringement disclosures was the commercial MIBIscope and as such it is only the commercial MIBIscope that is accused and charted in this matter. Fluidigm did not chart any of the other instruments, which each contain different ion sources, different data acquisition methods, and different control systems. In fact, on one of the central elements of Fluidigm's infringement case (the data Fluidigm relies upon to establish infringement in its showdown motion) the alpha and beta instruments output ***different*** data than the commercial MIBIscope. Dkt. No. 161-4 at 18-19.

Fluidigm's attempt to rely on its inclusion of the phrase "MIBI technology system" to sweep in all versions of the IONpath instrument is also unpersuasive.

***First***, "MIBI technology system," as described above in Section II.B, is defined in the contentions as "comprised of the MIBIscope and the MIBItag reagents (including IONpath's antibody conjugation kits and conjugated antibodies) or comprised of the MIBIscope and other labelling reagents such as Fluidigm's own Maxpar reagents." Ex. 1 (2/6/20 Fluidigm Infr. Cont.) at 2; Ex. 2 (2/24/20 Fluidigm Am. Infr. Cont.) at 2; Ex. 3 (8/31/20 Fluidigm 2nd Am. Infr. Cont.) at 2. The contentions then go on to specifically define the MIBIscope as the Commercial MIBIscope (by

name and by reference to a press release) and to specifically identify 39 IONpath conjugation kits and 29 specific conjugated antibodies each of which identified by catalog number. Ex. 1 (2/6/20 Fluidigm Infr. Cont.) at 3-7; Ex. 2 (2/24/20 Fluidigm Am. Infr. Cont.) at 3-7; Ex. 3 (8/31/20 Fluidigm 2nd Am. Infr. Cont.) at 3-6. In other words, the accused system is the specific combination of the Commercial MIBIscope and these conjugated antibodies/conjugation kits. There can be no real argument that the phrase "MIBI technology system" was meant to capture some other unaccused combinations.

**Second**, if Fluidigm had intended the term to capture all IONpath instruments as it now claims, Fluidigm's infringement contentions should be stricken because they violate the Court's Patent Local Rules. In *ASUS Computer Int'l v. Round Rock Research, LLC*, the court was confronted with the question as to whether identifying a series of products is sufficient under disclosure. 2014 WL 1463609, at *6. The court held that it wasn't as "identification of a 'series' of products was not sufficient under the Local Rules to identify the products within a series, as the infringement contentions did not identify each accused product as specifically as possible." *Id.*, at *7. As such, if the description of "MIBI technology system" were in fact meant to be read broadly as Fluidigm now claims, it fails to meet this district's local patent rule's requirement to identify, to the greatest extent possible, the specific instruments accused of infringement. *Id.*, at *6.[7]

**Third**, Fluidigm's argument that the infringement contentions do not limit the accused devices to the commercial MIBIscope because they used the unbounded word "include" is unpersuasive. Ex. 6 (1/4/21 Letter from Cotton to Furman) at 2. For one, Fluidigm's argument again ignores its own use of the word "specifically" to delineate which instrument is accused. But even beyond that, courts in this district have been clear that, "while representative charts are sometimes permissible, representative products may only be charted when supported by adequate analysis showing that the accused products share the same critical characteristics." *Geovector Corp. v. Samsung Elecs. Co. Ltd.*, No. 16-cv-02463-WHO, 2017 WL 76950, at *5 (N.D. Cal. Jan. 9, 2017).

---

[7] Moreover, Fluidigm appears to now argue that Fluidigm's complaint informed IONpath of the scope of accused products. Ex. 6 (1/4/21 Letter from Cotton to Furman) at 2. "In this district, the Patent Local Rule 3-1 infringement and invalidity contentions set the metes and bounds of the suit." *Bot M8 LLC v. Sony Corp. of Am.*, 465 F. Supp. 3d 1013, 1028 (N.D. Cal. 2020).

1  Here lies the problem with Fluidigm's argument. Fluidigm's contentions do not even attempt to claim that they are charting representative products, let alone provide *any* evidence that IONpath's instruments share the same critical characteristics.

### B. Fluidigm's Late Disclosure Risks Undue Prejudice to IONpath

Courts have routinely held that a showing of prejudice is *not* required to strike an expert report disclosing new theories in a patent case. *See LookSmart Grp., Inc. v. Microsoft Corp.*, No. 17-CV-04709-JST, 2019 WL 7753444, at *3 (N.D. Cal. Oct. 17, 2019) (collecting cases, including *Adobe Sys. Inc. v. Wowza Media Sys.*, No. 11-cv-02243-JST, 2014 WL 709865, at *15 n.7 (N.D. Cal. Feb. 23, 2014) ("prejudice is inherent in the assertion of a new theory after discovery has closed, and [] to impose such a burden would create an incentive for late disclosure.")). Even if a showing of prejudice were required, permitting Fluidigm to assert additional accused devices at this stage would be unduly prejudicial to IONpath.

As just one example, the change in scope will require additional expert analysis—both technical and economic. The various generations of IONpath instruments are distinct both with respect to their structure and function and with respect to their potential customers and sales. IONpath has focused its expert analysis on the accused products and should Fluidigm now shift the sands of litigation and expand the scope, IONpath will be forced to go back and revisit its analysis through this new lens and notably without specific infringement contentions for each accused product. Moreover, fact discovery closes January 29, 2021 and opening expert reports are due the same day. Opposition expert reports are due just fourteen days later (on February 12, 2021) and reply rebuttal reports are due on February 19, 2021. Thus, the timeline for IONpath to revise its expert analysis is narrow, and the opportunity to include additional analysis in the fourteen-day window for opposition reports is even more so. The addition of new products at this late stage would unduly prejudice IONpath.

### IV. IONPATH SHOULD BE AWARDED FEES FOR THIS MOTION

IONpath expressly stated on multiple occasions prior to the filing of the showdown motions and Fluidigm's expert disclosure that only the commercial MIBIscope was accused. Notably, and perhaps most tellingly, after Fluidigm first expanded its list of accused instruments as part of its

11

showdown motion, IONpath's opposition explained why such products were not accused and provided relevant authority as to the local rule's requirements for specificity. Dkt. No. 178 at 3. Fluidigm's response was to elide the key language from its infringement contentions to (misleadingly) suggest that it had not specifically accused only the commercial MIBIscope. Fluidigm did not address any of IONpath's cited authority in its reply. IONpath then reiterated this authority and the problems with Fluidigm's late-attempt to expand the case to cover unaccused products in a detailed letter that it sent just 24 hours after receiving Fluidigm's disclosure of expert testimony topics. Ex. 5 (1/1/21 Letter from Furman to Williamson). Fluidigm responded and refused to withdraw its topics. Ex. 6 (1/4/21 Letter from Cotton to Furman). As a result, IONpath was forced to file the instant motion to force Fluidigm to do something that any reasonable litigant would know they must do: limit their infringement case to products actually accused of infringement. IONpath respectfully requests that the Court award its costs and fees. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002).

## V. CONCLUSION

The Court's Patent Local Rules make clear that accused products must be identified in a patent owners' infringement contentions. Fluidigm chose to identify and accuse only the commercial MIBIscope and must be held to that decision.

Dated: January 5, 2021

WILMER CUTLER PICKERING, HALE AND DORR LLP

By: */s/ Taylor Gooch*
SONAL N. MEHTA
OMAR A. KHAN
JOSEPH TAYLOR GOOCH
JOSHUA D. FURMAN

*Attorneys for Defendant IONpath, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2021, a true and correct copy of the above and foregoing Document has been served by electronic mail upon all counsel of record.

Dated: January 5, 2021                                      By:   */s/ Taylor Gooch*
                                                                          Joseph Taylor Gooch