

January 26, 2021

Kenneth Lee Marshall
Partner
Direct:  +1 415 675 3444
Fax:  +1 314 552 8135
klmarshall@bclplaw.com

BRYAN CAVE LEIGHTON PAISNER LLP
Three Embarcadero Center
7th Floor
San Francisco  CA 94111 4070
T: +1 415 675 3400
F: +1 415 675 3434
bclplaw.com

Honorable William Alsup
United States District Judge
Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:** *Fluidigm Corporation, et al. v. IONpath, Inc.*, **Case No. 3:19-cv-05639-WHA**
  **LETTER FOR DISCOVERY RELIEF**

Dear Judge Alsup:

Pursuant to paragraph 34 of the Court's Supplemental Order regarding discovery relief, Plaintiffs Fluidigm Corporation and Fluidigm Canada, Inc. ("Fluidigm") respectfully request that the Court compel Defendant IONpath, Inc. ("IONpath") to provide a witness pursuant to Fed. R. Civ. P. 30(b)(6) to speak to a narrow portion of a single topic noticed by Fluidigm.  Despite raising its objection to IONpath's unilateral narrowing of Fluidigm's proposed topic prior to the deposition and despite IONpath serving a topic of similar scope on Fluidigm, IONpath's designated witness was not prepared to testify as to the full scope of the noticed topic.

In Plaintiffs' Amended First Notice of Deposition to IONpath, Inc. under Fed. R. Civ. P. 30(b)(6), Fluidigm identified the following topic for which it sought examination:

> 4. The marketing and advertising of IONpath's Products and Services, including IONpath's marketing and advertisements, IONpath's market strategies and targets, entities, products, and services (if any) in competition with IONpath, **and any trainings, instructions, user manuals, and/or guidance provided by IONpath to potential or actual customers**.

Ex. 1 (Fluidigm's Amended 30(b)(6) Deposition Notice) at 6 (emphasis added).

Fluidigm's request aligns closely with a similar topic identified by IONpath in its 30(b)(6) deposition notice:

> [Topic 3:] The marketing, advertising, and sales of the Practicing Products, including but not limited to competitive analyses carried out between the Practicing Products and any other products, marketing to or communications with customers or potential customers regarding the functionality, features, benefits, or comparative performance of Practicing Products versus any other products, and **sales training materials, talking points, or other materials provided to, or used by, Fluidigm employees or others selling Fluidigm products to market or sell the Practicing Products**.

Ex. 2 (IONpath's Notice of 30(b)(6) Deposition) at 7 (emphasis added).

Honorable William Alsup
January 26, 2021
Page 2



Despite the similar scope, IONpath objected to Fluidigm's topic and stated that "IONpath will designate one or more witnesses who will be reasonably prepared to provide non-privileged testimony regarding the marketing and advertisements of (1) the accused commercial MIBIscope, (2) the accused MIBItags, and (3) the accused IONpath Research Services, as specifically identified in Fluidigm's Second Amended Infringement Contentions (August 31, 2020) at a high level, along with marketing strategies generally for the same aforementioned products and services." Ex. 3 (IONpath's January 11, 2021 Objections and Responses) at 7.

Fluidigm objected to this unilateral narrowing of the topic (*see* Ex. 4 (January 17, 2021, email from Nick Williamson)), and the parties met-and-conferred telephonically on the issue. At the meet-and-confer, Fluidigm specifically identified that IONpath's counter-proposal improperly narrowed the topic by excluding, for example, "strategies, manuals, trainings to potential or actual customers." Ex. 5 (January 18, 2021 Meet and Confer Transcript) at 37. IONpath's response was to assert the topic was improper (*id*. At 37-39), despite just recently having completed its deposition of Fluidigm's 30(b)(6) witness as to IONpath Topic 3, which specifically requests "sales training materials, talking points, or other materials provided to, or used by, Fluidigm employees or others selling Fluidigm products to market or sell the Practicing Products." Fluidigm attempted to resolve the dispute by reserving its rights and tabling the issue until after the deposition to see if the "high level" preparation IONpath offered would address the full scope of the topic. *Id.* at 39.

At the January 26, 2021, deposition of Harris Fienberg, whom IONpath had designated as its corporate representative as to Topic 4, it quickly became clear that Dr. Fienberg was neither prepared nor knowledgeable about specific portions of the Topic, including "any trainings, instructions, user manuals, and/or guidance provided by IONpath to potential or actual customers." Indeed, counsel for IONpath objected to questions about such material as outside the scope of the deposition. But such information is materially relevant to at least Fluidigm's claims of induced infringement.

Given the incipient close of discovery (this upcoming Friday, January 29), absent the Court's intervention Fluidigm will be unable to obtain corporate testimony on this issue despite its relevance, properly noticing the topic, and providing its own corporate designee on a companion topic. Such a result would prejudice Fluidigm. Fluidigm therefore requests the Court require IONpath to designate a witness to testify as to "marketing and advertising of IONpath's Products and Services," specifically "any trainings, instructions, user manuals, and/or guidance provided by IONpath to potential or actual customers."

Very truly yours,

/s/ Kenneth Lee Marshall
*Counsel for Plaintiff Fluidigm*
KLM:Flu