WILMER CUTLER PICKERING
  HALE AND DORR LLP
SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

OMAR A. KHAN (*pro hac vice*)
Omar.Khan@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Telephone: (212) 230-8800
Facsimile: (212) 230 8888

JOSEPH TAYLOR GOOCH (SBN 294282)
Taylor.Gooch@wilmerhale.com
JOSHUA D. FURMAN (SBN 312641)
Josh.Furman@wilmerhale.com
One Front Street, Suite 3500
San Francisco, California 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

Attorneys for Defendant
*IONpath, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FLUIDIGM CORPORATION, a Delaware corporation; and FLUIDIGM CANADA INC., a foreign corporation,<br><br>Plaintiffs,<br><br>v.<br><br>IONPATH, INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:19-cv-05639-WHA<br><br>**DEFENDANT IONPATH'S MOTION TO SHORTEN TIME REGARDING IONPATH'S MISCELLANEOUS ADMINISTRATIVE MOTION FOR EXPEDITED RELIEF RELATED TO SUMMARY JUDGMENT ORDER AND FEBRUARY 12 NON-BURDEN OF PROOF REPORT DEADLINE** |

Pursuant to Civil Local Rules 7-1(a)(2) and 6-1, Defendant IONpath, Inc. ("IONpath") respectfully submits this Motion To Shorten Time ("Motion") Regarding IONpath's Miscellaneous Administrative Motion For Expedited Relief Related To Summary Judgment Order And Non-Burden Of Proof Report Deadline ("Underlying Motion"). This Motion is supported by the Declaration of Joshua D. Furman, attached hereto. IONpath respectfully requests the Court enter the following accelerated briefing schedule for the Underlying Motion and its respective hearing:

|  | **Unamended Schedule** | **Proposed Schedule** |
| --- | --- | --- |
| **IONpath Motion** | Filed January 31, 2021 | Filed January 31, 2021 |
| **Fluidigm Opposition** | February 4, 2021 | February 1, 2021 |
| **Hearing** |  | February 2, 2021 at 11am (or at the Court's convenience) |

As is detailed in IONpath's Underlying Motion, and in IONpath's Response to Plaintiff's Letter for Discovery Relief (Dkt. No. 216), IONpath is moving the Court (1) to strike or otherwise compel withdrawal of Fluidigm Corp.'s and Fluidigm Canada, Inc.'s ("Fluidigm") expert reports of Drs. Hieftje and Rimm, and the relevant patent-specific portions of the expert report of Mr. Pampinella, all of which Fluidigm admits relate only to patent claims it cannot pursue following the showdown summary judgment ruling; and (2) for relief from the February 12 non-burden of proof report deadline in the Court's April 16, 2020 Case Management Order ("Case Management Order") (Dkt. No. 72), or, alternatively, an expedited briefing schedule and hearing on IONpath's contemplated motion to strike portions of the expert report of Mr. Pampinella so that those threshold issues can be resolved before IONpath has to serve non-burden of proof reports. The relief requested therein relates **_only to the February 12 deadline for non-burden of proof expert reports_**, which precedes the February 18 status conference set to address next steps following the MSJ Order.

Good cause exists to shorten time on the Underlying Motion.

*First*, the relief sought by IONpath is narrowly tailored, and can appropriately be heard on an expedited schedule. To be clear, IONpath does not seek the Court's assistance in resolving the pending scope of the case in view of the summary judgment Order. Dkt. No. 210. The parties

1  expect to meet and confer on those issues and to present the Court with a joint statement on
2  February 11, as directed by the summary judgment Order. *Id.* at 15.  Rather, IONpath seeks only
3  the limited relief of a Court order to strike or otherwise compel withdrawal of Fluidigm's expert
4  reports that relate to infringement claims, such that IONpath will not be forced to serve non-
5  burden of proof reports on February 12.  And as detailed in the Underlying Motion, while
6  Fluidigm insists that IONpath does not need to serve non-burden of proof reports expert reports,
7  IONpath cannot proceed based on Fluidigm's assurances alone without the Court's approval.

8      ***Second***, under an unamended schedule, IONpath's Underlying Motion would not be
9  resolved until February 5 at the earliest (assuming the Court would have time to rule the day after
10 Fluidigm's opposition is due).  As the Underlying Motion seeks to amend deadlines that fall the
11 on February 12 regarding responsive expert reports, the current schedule will cause Defendant
12 IONpath to engage in the unduly burdensome and expensive preparation of expert reports
13 regarding the infringement claims that Fluidigm agrees it cannot pursue as a result of the Court's
14 entry of summary judgment of non-infringement on the showdown claims (Dkt. No. 210).

15     ***Third***, IONpath's proposed hearing date (February 2) is requested to coincide with a time
16 that is already on the Court's calendar for this matter (for a discovery dispute that has since been
17 withdrawn (Dkt. No. 207)).  IONpath expects that the limited relief requested will only take a very
18 small amount of the Court's time during this telephonic hearing, but at the same time the relief
19 cannot exist by agreement among the parties without the Court's order.

20     IONpath respectfully requests that the hearing for the Underlying Motion be set for
21 February 2, 2021 at 11 am (or at the Court's convenience), and that the Court adopt the proposed
22 shortened briefing schedule to allow for consideration of the motion at that time.

23 Dated: January 31, 2021

By:  */s/ Joshua D. Furman*
SONAL N. MEHTA
OMAR A. KHAN
JOSEPH TAYLOR GOOCH
JOSHUA D. FURMAN
WILMER CUTLER PICKERING
HALE AND DORR LLP

*Attorneys for Defendant IONpath, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2021, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

Dated: January 31, 2021　　　　　　　　　　By:　*/s/ Joshua D. Furman*
　　　　　　　　　　　　　　　　　　　　　　　　Joshua D. Furman